Annette W. Jarvis (Utah State Bar No. 01649)
Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Jeffrey M. Armington (Utah State Bar No. 14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
　　　hunt.peggy@dorsey.com
　　　thomson.michael@dorsey.com
　　　armington.jeff@dorsey.com

*Proposed Attorneys for Debtor Naartjie Custom Kids, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>NAARTJIE CUSTOM KIDS, INC.,<br><br>　　　Debtor. | Case No. _____<br><br>Chapter 11<br><br>Judge _____ |

## EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR TO CONTINUE USE OF ITS EXISTING BANK ACCOUNTS AND EXISTING BUSINESS FORMS

Naartjie Custom Kids, Inc. ("Naartjie" or "Debtor"), the debtor in possession in the above captioned bankruptcy case, respectfully moves this Court for an emergency order authorizing the Debtor to continue using its existing bank accounts and existing business forms (the "Motion"). This Motion is supported by the *Notice of Hearing on First Day Motions* (the "Omnibus Notice"), and the *Declaration of Jeff Nerland in Support of Chapter 11 Petition and First Day*

*Motions* (the "Omnibus Declaration"), filed concurrently herewith and incorporated by reference.

In further support of the Motion, the Debtor states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a),

345, 363, 1107, and 1108.[1]

## BACKGROUND

3.      On the date hereof (the "Petition Date"), the Debtor commenced this bankruptcy

case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.

4.      No trustee, examiner, or official committee of unsecured creditors has been

appointed in this case.  The Debtor is operating its business as a debtor-in-possession pursuant to

sections 1107 and 1108 of the Bankruptcy Code.

5.      A detailed discussion of the Debtor's history, description of its businesses, its

assets and liabilities, and the events that led to its need for bankruptcy relief are set forth in the

Omnibus Declaration.[2]

6.      Founded in Cape Town, South Africa in 1989, Naartjie is a children's clothing

brand that embraces bright, colorful, kid-friendly clothes.  Naartjie designs, manufactures and

sells children's clothing, accessories and footwear for ages newborn through 10 years old.

---

[1]     Unless otherwise specified herein, all statutory references are to Title 11 of the United States Code (the "Bankruptcy Code").

[2]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Omnibus Declaration.

7.      Naartjie opened its first store in the United States in March 2001, currently owns and operates eighty-two retail stores in the United States and South Africa, and has a rapidly expanding e-commerce business serving customers in over thirty countries worldwide.  Today, Naartjie's corporate headquarters are located in Salt Lake City, Utah, with merchandising headquartered in Burlingame, California, and the Naartjie Design Studios and South African retail operations in Cape Town, South Africa.  Naartjie's net sales for the fiscal year ended on February 1, 2014 were $54.4 million.

8.      Naartjie currently employs approximately 595 individuals (collectively, the "Employees") in its stores, distribution center, merchandising center, and corporate headquarters, including approximately 101 full-time and 494 part-time employees.

## RELIEF REQUESTED

9.      The Operating Guidelines for Chapter 11 Cases established by the Office of the United States Trustee (the "Guidelines") generally require a chapter 11 debtor to, among other things: (i) close all existing bank accounts; (ii) open new debtor in possession bank accounts; (iii) establish one debtor in possession account for the payment of taxes, including payroll taxes; (iv) maintain a separate debtor in possession account for cash collateral; and (v) obtain checks bearing the designation "debtor in possession," the case number, and the type of account.  In order to minimize disruption to the Debtor's operations during the pendency of this case, this Motion requests entry of an Order authorizing the Debtor to continue use of its existing bank accounts, rather than open new debtor in possession accounts, including a new segregated account for the payment of taxes.

3

10.     In addition, and in order to minimize expense to the estate, this Motion requests entry of an Order authorizing the Debtor to continue to use its correspondence and business forms substantially in the form existing immediately before the Petition Date, without reference to its status as debtor in possession.  The Debtor proposes that, in the event it needs to purchase new business forms during the pendency of this Chapter 11 case, such forms will then reference the Debtor's status as debtor in possession.

A.  **The Debtor's Cash Management System**

11.     On the Petition Date, the Debtor maintained bank accounts with Wells Fargo Bank, N.A. ("Wells Fargo"), U.S. Bank National Association ("U.S. Bank"), Bank of America ("BOA"), BB&T, MB Financial Bank, J.P. Morgan Chase Bank ("Chase") and Zions Bank.  A list of the Debtor's various bank accounts in the United States and Canada, as well as the last four digits of the account numbers, is attached hereto as **Exhibit A** (collectively, the "Bank Accounts").  All of the Bank Accounts are maintained at financially stable banking institutions with FDIC insurance.

12.     The Debtor maintains detailed and accurate records of all disbursements and transfers flowing between the Bank Accounts, including all checks that are written on its accounts.  The Debtor's banks allow the Debtor to easily monitor its Bank Accounts' balances and activities, generate reports, hold and release checks, stop payments, transfer funds and send wires.

13.     In the course of its operations, the Debtor maintains a cash management system (the "Cash Management System") to receive and disburse funds.  A schematic of the Debtor's Cash Management System is attached hereto as **Exhibit B** and described below.

**United States Cash Management System**

14.     In the ordinary course of business, receipts from the Debtor's stores come in primarily through either cash or credit card transactions.  The Debtor utilizes depository accounts for each of its stores to deposit cash from such stores.  Those store depository accounts are located at a variety of financial institutions, including U.S. Bank, BOA, BB&T, MB Financial, and Chase.

15.     On a nightly basis, the funds in the depository accounts for BB&T, MB Financial and Chase are swept directly into the Debtor's depository account located at Wells Fargo, with an account ending in 3204 (the "Concentration Account").

16.     Also on a nightly basis, the funds in the depository account of U.S. Bank are swept into a main U.S. Bank sweep account, and from there, the funds are swept on a nightly basis into the Wells Fargo Concentration Account.  Similarly, the funds in the BOA depository account are swept on a nightly basis into a BOA sweep account, and from there, the funds are swept on a nightly basis into the Wells Fargo Concentration Account.

17.     Additionally, after processing by the appropriate credit card companies, credit card payments by customers at the Debtor's various stores are also deposited directly into the Concentration Account.

18.     Thereafter, on a daily basis, the Debtor's funds in the Concentration Account are swept into the Debtor's main account at Wells Fargo, with an account number ending in 8413 (the "Main Account").  From this Main Account, the Debtor: (a) makes payments to vendors via check or wire transfer; (b) pays sales taxes to the appropriate taxing authorities pursuant to electronic funds transfers; (c) transfers funds to another Wells Fargo account ending in 4423 to

5

meet the Debtor's payroll obligations; and (d) transfers funds to another Wells Fargo account ending in 8421 to write manual checks for things such as paying employees without bank accounts or paying terminated employees their last paychecks.

19.     The Debtor also maintains a reserve account at Wells Fargo (the "Wells Fargo Reserve Account"), which acts as a backstop to the Main Account and is funded with approximately $60,000 in restricted cash, as well as an additional $14,000 to serve as collateral for the Debtor's Canadian Main Account (defined below).

### Canadian Cash Management System

20.     In Canada, the Debtor maintains a Wells Fargo operating account, with an account number ending in 8413 (the "Canadian Main Account"). This account is funded from receipts of Canadian transactions with the Debtor, which are mostly online retail transactions. From this Canadian Main Account, the Debtor makes payments to its Canadian vendors that want to be paid in Canadian money.

21.     The Debtor also has another Canadian account, with an account number ending in 8400. This account is funded from the Canadian Main Account, and the purpose of this account is to pay Canadian vendors who want to be paid in United States money.

22.     As set forth above, the Wells Fargo Reserve Account maintains $14,000 that serves as collateral for the Canadian Main Account.

### B.   The Debtor's Business Forms

23.     In the ordinary course of business, the Debtor uses several varieties of business forms. To minimize expense to the estate and to avoid any confusion with user/customers, employees, and third parties, the Debtor respectfully requests that the Court authorize the

6

Debtor to continue to use all business forms, including without limitation, checks, letterhead, customer forms, purchase orders, contracts, and invoices (collectively, the "Business Forms"), as such forms were used by the Debtor immediately prior to the Petition Date, without reference to the Debtor's status as debtor in possession.

## BASIS FOR RELIEF REQUESTED

### A. The Debtor's Continued Use of its Bank Accounts and Business Forms is in the Best Interests of the Debtor and its Estate

24.     Generally, bankruptcy courts treat a request for authority to continue utilizing bank accounts as a relatively "simple matter."[3] Courts have noted the "huge administrative burden" and economic inefficiency of requiring the debtor to maintain all accounts separately.[4]

25.     Section 363(c)(l) of the Bankruptcy Code authorizes a debtor to "use property of the estate in the ordinary course of business without notice or a hearing."[5] The purpose of section 363(c)(l) is to provide a debtor in possession with the flexibility to engage in ordinary course transactions required to operate its business without unnecessary oversight by creditors or the court.[6] As stated by the United States Court of Appeals for the Tenth Circuit: "A debtor in

---

[3]  *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); *see also In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985) (affirming district court decision denying creditor's motion for leave to appeal bankruptcy court's cash management order, holding that authorizing the debtors to utilize their pre-petition bank accounts and "routine cash management system" was "entirely consistent" with applicable provisions of the Bankruptcy Code.); *In re Voyager Express, Inc.*, 2009 Bankr. LEXIS 4598 (Bankr. D. Colo. 2009) (authorizing debtor to continue to use existing bank account in connection with a debtor in possession financing motion).

[4]  *Columbia Gas*, 997 F.2d 1039, 1061(3d. Cir. 1993); *see also In re Southmark Corp.*, 49 F.3d 1111, 1114 (5th Cir. 1995) (maintaining existing bank accounts and cash management system allows a debtor "to administer more efficiently and effectively its financial operations and assets").

[5]  11 U.S.C. § 363(c)(l).

[6]  *See, e.g.*, *In re Roth Am., Inc.,* 975 F.2d 949, 952 (3d Cir. 1992) ("Section 363 is designed to strike [a] balance, allowing a business to continue its daily operations without excessive court or creditor oversight and protecting

7

possession under Chapter 11 is generally authorized to continue operating its business."[7]

Further, continuing "routine transactions" between bank accounts under a debtor's cash

management system are covered under § 363(c).[8]

26.     In addition, to the extent the Debtor's continued use of its existing Bank Accounts

is outside of the "ordinary course of business," the Court may approve such continued use as

within the reasonable business judgment of the Debtor.  Bankruptcy Code §§ 1107 and 1108

authorize a debtor in possession to operate its business as a trustee in a chapter 11 case,[9] and

courts afford broad deference to the reasonable business judgment of a debtor in possession.[10]

27.     Moreover, the Court may exercise its equitable powers to grant the re1ief

requested herein. Section 105(a) empowers the Court to "issue any order, process, or judgment

that is necessary to carry out the provisions of this title."[11]  It is within the Court's equitable

power under § 105(a) to approve the continued use of the Bank Accounts and current Business

Forms.

28.     The Debtor submits that in its business judgment, allowing the Debtor to continue

to use its Bank Accounts during this bankruptcy case is appropriate given: (a) the Debtor's need

to preserve the value of its business; and (b) the time, cost, and disruption associated with closing

the current Bank Accounts and opening new bank accounts.

---

secured creditors and others from dissipation of the estate's assets.") (internal quotation omitted); *In re Nellson Nutraceutical Inc.*, 369 B.R. 787, 796 (Bankr. D. Del. 2007).

[7]   *Amdura Nat'l Distrib Co. v. Amdura Corp. (In re Amdura Corp.),* 75 F.3d 1447, 1453 (10th Cir. 1996) (*questioned on other grounds*).

[8]   *Id.*

[9]   *See Delgado Oil Co. v. Torres*, 785 F.2d 857, 860 (10th Cir. 1986).

[10]   *Bennett v. Williams*, 892 F.2d. 822, 824 (9th Cir. 1989).

[11]   11 U.S.C. § 105(a).

29.     Additionally, the Debtor's Bank Accounts allow the Debtor to monitor and control all of its cash receipts and disbursements efficiently.  During the pendency of its bankruptcy case, the Debtor intends to fund operations from existing cash and post-petition payments, all of which will run through the Bank Accounts.  If the Debtor is required to close all existing Bank Accounts immediately, the Debtor would need to expend resources and time to establish the requisite number of new bank accounts in an expedient manner to fulfill its business requirements.  This disruption to the ordinary financial affairs of the Debtor would be prejudicial to the Debtor's estate and its creditors.

30.     Under the circumstances of this case, the Debtor respectfully submits that closing its existing Bank Accounts and opening new ones would result in needless costs in both time and money, with no discernible benefit to the Debtor's estate.

31.     Similarly, the Debtor respectfully submits that preparing, ordering and purchasing new Business Forms will be an unnecessary cost and burden to the Debtor with no discernible benefit to the estate.  Thus, the Debtor requests authority to continue to use its current Business Forms without reference to the Debtor's status as debtor in possession.  Such relief will allow the Debtor to avoid the costs and delays of ordering and preparing new business forms.  Upon depletion of the current stock of Business Forms, the Debtor will obtain new checks and forms that indicate the debtor in possession status.

## B.  The Bank Accounts Comply With 11 U.S.C. § 345

32.     Section 345 governs a debtor's deposits and investments during a chapter 11 case.  Section 345(a) provides that a debtor is authorized to deposit money "as will yield the

maximum reasonable net return on such money, taking into account the safety of such deposit or investment."

33.      Section 345(b) provides: "Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States" a bond or deposit of securities is required from the institution where funds are deposited.[12]

34.      The Debtor's Bank Accounts are established at Wells Fargo, U.S. Bank, BOA, BB&T, MB Financial Bank, Zions Bank, and Chase, all of which are federally insured banking institutions.[13]   Further, all amounts are fully insured as within the Federal Deposit Insurance Corporation's deposit insurance coverage limits.[14]   Accordingly, the Debtor believes that its Bank Accounts are in compliance with Section 345.

35.      For the foregoing reasons, the Debtor requests that this Court: (i) waive the requirements under the Guidelines that the Debtor close its existing Bank Accounts, open new bank accounts, establish a bank account for taxes, and establish a bank account for cash collateral; and (ii) authorize the Debtor to continue to use its existing Bank Accounts and Business Forms in the ordinary course of business.   Absent such authority, significant and unnecessary disruption to the Debtor's business will occur.

36.      The Debtor represents that if the relief requested in this Motion is granted, it will not pay any debts incurred before the Petition Date other than as authorized by this Court.

---

[12]    11 U.S.C. §§ 345(a)-(b).

[13]    *See* FDIC website and searchable database at: http://www2.fdic.gov/IDASP/main.asp.

[14]    *See* FDIC "Deposit Insurance Summary" at: http://www.fdic.gov/deposit/deposits/dis/.

37.     If the Court grants the relief requested herein, the Debtor intends to maintain and continue to use its existing Bank Accounts in the names and with the account numbers existing immediately prior to this Bankruptcy Case.  The Debtor would retain the right to: (i) close one or more of the Bank Accounts and open new debtor in possession bank accounts; (ii) deposit funds in, and withdraw funds from the Bank Accounts through all usual means, including, without limitation, checks, drafts, wires, credit card payments, transfers and other debits; (iii) treat the Bank Accounts for all purposes as debtor in possession accounts; and (iv) pay for bank services in the ordinary course of business.

38.     To ensure that its Bank Accounts continue without disruption in the event the Court grants the relief requested herein, the Debtor requests that the Court authorize and direct all banks with which the Debtor maintains the Bank Accounts to continue to maintain, service, and administer such Bank Accounts, including, without limitation, receiving, processing, honoring and paying any and all checks and transfers drawn on the Bank Accounts.

39.     The Debtor further requests that its banks be authorized to: (a) rely upon the representations of the Debtor with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored; (b) honor the Debtor's directions with respect to the opening and closing of any Bank Account; and (c) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions.

**SATISFACTION OF BANKRUPTCY RULE 6003**

40.     Bankruptcy Rule 6003 empowers this Court to grant relief regarding a motion to use, sell or lease property of the estate if the relief is necessary to avoid immediate and

11

irreparable harm.[15]   Immediate and irreparable harm exists where the absence of relief would

impair the Debtor's ability to reorganize or threaten its future as a going concern.[16]

41.     As described above, the Debtor's Bank Accounts are integral to its continued

business operations.  For example, the Bank Accounts allow the Debtor to: (a) monitor and

control all of its receipts and disbursements efficiently; (b) pay vendors; (c) pay its employees;

and (d) otherwise fund and operate its business on a daily basis.  If the Debtor is required to close

all existing Bank Accounts immediately, the Debtor would need to expend resources and time to

establish the requisite number of new bank, which delay and disruption would be prejudicial to

the Debtor's operations and its relationship with creditors, vendors and employees.  Accordingly,

the Debtor respectfully submits that the facts and equities of this Motion satisfy the requirements

of Bankruptcy Rule 6003.

42.     Additionally, to successfully implement the foregoing, the Debtor seeks a waiver

of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay under

Bankruptcy Rule 6004(h) to the extent such Bankruptcy Rules are applicable.

## CONCLUSION

WHEREFORE, pursuant to 11 U.S.C. §§ 105(a), 345, 363, 1107, and 1108, the Debtor

respectfully requests the entry of an Order authorizing the Debtor to continue to use its existing

Bank Accounts and its existing Business Forms.  The Debtor also requests such other relief as is

just and proper.

---

[15]   See Fed. R. Bankr. P. 6003.

[16]   *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

DATED this 12th day of September, 2014.

**DORSEY & WHITNEY LLP**

*/s/ Annette W. Jarvis*
Annette W. Jarvis
Peggy Hunt
Michael F. Thomson
Jeffrey M. Armington
*Proposed Attorneys for Debtor Naartjie*
*Custom Kids, Inc.*

# EXHIBIT A

| Bank | Last 4 Digits of Account Number | Description of Account |
|---|---|---|
| Bank of America | 0003 | Depository Account |
| Bank of America | 2757 | Business Sweep Account |
| Zion's Bank | 8293 | Inactive Checking Account |
| U.S. Bank | 0782 | Depository Account |
| U.S. Bank | 6939 | U.S. Bank Sweep Account |
| BB&T | 5415 | Depository Account |
| Wells Fargo | 3204 | Concentration Account |
| Wells Fargo | 8413 | Main Account |
| Wells Fargo | 8421 | Account for Writing Checks |
| Wells Fargo | 4423 | Payroll Account |
| Wells Fargo | 6119 | Money Market Reserve Account |
| Wells Fargo | 8400 | Canadian Account for payment in USD |
| Wells Fargo | 8164 | Canadian Concentration Account |
| Wells Fargo | 3173 | Main Canadian Operating Account |
| JP Morgan Chase Bank | 7511 | Depository Account |
| MB Financial Bank | 2216 | Depository Account |