Annette W. Jarvis (Utah State Bar No. 01649)
Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Jeffrey M. Armington (Utah State Bar No. 14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
          hunt.peggy@dorsey.com
          thomson.michael@dorsey.co
          armington.jeff@dorsey.com

*Proposed Attorneys for Debtor Naartjie Custom Kids, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>NAARTJIE CUSTOM KIDS, INC.,<br><br>Debtor. | Case No. _____<br><br>Chapter 11<br><br>Judge _____ |

**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS (I) PROHIBITING
UTILITY COMPANIES FROM DISCONTINUING, ALTERING, OR REFUSING
SERVICE TO THE DEBTOR ON ACCOUNT OF PRE-PETITION INVOICES,
(II) APPROVING THE DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE
OF FUTURE PAYMENT, (III) ESTABLISHING PROCEDURES FOR RESOLVING
REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE, AND
(IV) SCHEDULING A FINAL HEARING**

Naartjie Custom Kids, Inc. ("Naartjie" or "Debtor"), the debtor in possession in the above

captioned bankruptcy case, by and through its proposed counsel, submits this motion  (the

"Motion") for entry of an emergency order substantially in the form submitted herewith (the

"Order") pursuant to sections 105(a) and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), (i) prohibiting utility companies from discontinuing, altering, or refusing service to the Debtor on account of pre-petition invoices, (ii) approving the Debtor's proposed form of adequate assurance of future payment, (iii) establishing procedures for resolving requests for additional adequate assurance, and (iv) scheduling a final hearing. This Motion is supported by the *Notice of Hearing on First Day Motions* (the "Omnibus Notice"), and the *Declaration of Jeff Nerland in Support of Chapter 11 Petition and First Day Motions* (the "Omnibus Declaration"), filed concurrently herewith and incorporated by reference. In further support of the Motion, the Debtor states as follows:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory bases for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code.

## BACKGROUND

3.       On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah (the "Court").

4.       No trustee, examiner, or official committee of unsecured creditors has been appointed in this case.  The Debtor is operating its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      Founded in Cape Town, South Africa in 1989, Naartjie is a children's clothing brand that embraces bright, colorful, kid-friendly clothes.  Naartjie designs, manufactures and sells children's clothing, accessories and footwear for ages newborn through 10 years old.

6.      Naartjie opened its first store in the United States in March 2001, currently owns and operates eighty-two retail stores in the United States and South Africa, and has a rapidly expanding e-commerce business serving customers in over thirty countries worldwide.  Today, Naartjie's corporate headquarters are located in Salt Lake City, Utah, with merchandising headquartered in Burlingame, California and the Naartjie Design Studios and South African retail operations in Cape Town, South Africa.  Naartjie's net sales for the fiscal year ended on February 1, 2014 were $54.4 million.

7.      The events leading up to the Petition Date and additional facts and circumstances supporting the relief requested herein are set forth in the Omnibus Declaration.

## RELIEF REQUESTED

8.      By this Motion, the Debtor seeks entry of an Order (i) prohibiting the Utility Companies (as defined below) from discontinuing, altering, or refusing service to the Debtor on account of pre-petition invoices; (ii) approving the Debtor's proposed form of adequate assurance of post-petition payment within the meaning of section 366 of the Bankruptcy Code and determining that the Utility Companies have been provided with adequate assurance; (iii) establishing procedures for resolving requests for additional or different adequate assurance of payment; and (iv) scheduling a final hearing to consider entry of the Final Order (the "Final Hearing").

9.      In connection with the operation of its business, the Debtor incurs utility expenses in the ordinary course of business for, among other things, water, electricity, gas, internet, telephone, and similar utility products and services (collectively, the "Utility Services") from various utility companies (the "Utility Companies") covering a number of utility accounts. A non-exhaustive list of the Utility Companies is attached hereto as **Exhibit A**.[1]

10.     Uninterrupted utility services are essential to the Debtor's ongoing operations and, therefore, to the success of the Debtor's chapter 11 efforts. Any interruption of Utility Services, even for a brief period of time, would negatively affect the Debtor's operations, customer relationships, and revenues and profits, seriously jeopardizing the Debtor's reorganization efforts, and ultimately value and creditor recoveries. It is therefore critical that Utility Services continue uninterrupted during this Chapter 11 Case.

11.     Pre-petition, on average, the Debtor spent approximately $721,000 annually for various Utility Services, with an average monthly cost of approximately $60,000.

12.     The Debtor intends to pay post-petition obligations owed to the Utility Companies in a timely manner. To provide additional assurance of payment for future Utility Services to the Utility Companies, the Debtor proposes to deposit, within ten (10) business days following entry of the Order granting this Motion, a utility deposit (the "Adequate Assurance Deposit") equal to the estimated aggregate cost for two weeks of Utility Service plus an additional $10,000,

---

[1]     Although the Debtor believes that the Utility Companies listed in Exhibit A include all of its utility providers as of the Petition Date, it is possible that Certain Utility Companies may have been inadvertently omitted from this list. Accordingly, the Debtor reserves the right, pursuant to the terms and conditions of this Motion and without further order of the Court, to supplement or amend Exhibit A to add any Utility Companies that were inadvertently omitted and to request that the relief requested herein apply to all such entities. Additionally, the listing of an entity on Exhibit A as a Utility Company is not an admission by the Debtor that such an entity is a "utility" within the meaning of section 366(a) of the Bankruptcy Code. The Debtor reserves the right to argue that any of the entities now or hereafter listed in Exhibit A are not "utilities" within the meaning of section 366(a) of the Bankruptcy Code.

calculated based upon the Debtor's average utility costs from January 2013 through December 2013. Based on this methodology, the total amount of the Adequate Assurance Deposit will be $40,000.00. The chart attached hereto as **Exhibit A** reflects, among other things, the identity of each currently known Utility Company, their address and the type of utility. The Adequate Assurance Deposit will be placed into a single, segregated, newly-created, interest-bearing account (the "Adequate Assurance Deposit Account"). The Adequate Assurance Deposit shall be held in the Adequate Assurance Deposit Account for the benefit of the Utility Companies during the pendency of this Chapter 11 Case.[2]

13.     The Debtor proposes to establish the Adequate Assurance Deposit Account, in accordance with the terms and conditions of the Debtor's proposed post-petition credit facility and the proposed form of order granting this Motion attached hereto, in the amount of $40,000, which amount is equal to the charges incurred by the Debtor for approximately two weeks of Utility Services from all of the Utility Companies plus an additional $10,000. The Adequate Assurance Deposit Account will be established by segregating the funds into a separate account at Wells Fargo Bank, N.A. ("Wells Fargo"), to be administered in accordance with the Order. The Adequate Assurance Deposit Account would serve as a cash security deposit to provide adequate assurance of payment for Utility Services provided to the Debtor post-petition.

14.     In the event the Debtor fails to timely pay for post-petition Utility Services when due in accordance with normal pre-petition invoice terms, a Utility Company would be permitted to submit a payment request (the "Payment Request"), substantially in the form attached hereto

---

[2]     The Debtor further asserts that any Adequate Assurance Deposit required by, and deposited into, the Adequate Assurance Deposit Account on behalf of any Utility Company pursuant to the procedures described herein be returned to the Debtor upon further order of this Court or confirmation of a plan, if not applied or returned to the Debtor earlier.

as Exhibit B, to Wells Fargo in the amount of the due but unpaid charges for post-petition services, rounded to the nearest $100.00.   The Payment Request requires that the Utility Company: (i) certify that the Debtor defaulted (a "Default") in the payment for post-petition utility services and that the post-petition amounts due on the account of such utility services are outstanding and unpaid; (ii) certify that the amount requested is not and does not relate to a request for additional adequate assurance of payment; (iii) provide Wells Fargo with wire transfer or other payment instructions, as more fully set forth in Exhibit B; and (iv) simultaneously send a copy of the Payment Request to the Debtor and its counsel (which Payment Request shall require that the Utility Company certify that there was a Default) and provide the Debtor with a five (5) day period to cure any default before processing a Payment Request.

15.    Provided that a Payment Request complies with the above conditions, any payments made from the Adequate Assurance Deposit Account shall be made by Wells Fargo in the order that the Payment Requests were actually received by Wells Fargo.

16.    The segregated nature of the Adequate Assurance Deposit Account provides concrete assurance of the Debtor's payment and of its future obligations to the Utility Companies.   Such assurance alone satisfies the requirements of Section 366 of the Bankruptcy Code for adequate assurance payments.   Through the date that the Order is entered approving this Motion, the Adequate Assurance Deposit Account shall be maintained with a minimum balance equal to the estimated aggregate cost for two weeks of utility service plus $10,000, as calculated above.

17.     Given the nature of the Debtor's business, uninterrupted utility services are essential to the Debtor's ongoing operations, and, therefore, to the success of the Debtor's Chapter 11 efforts.  Indeed, any disruption to the Debtor's service locations by virtue of the cessation of Utility Services by the Utility Companies could bring the Debtor's operations to a grinding halt.  Should one or more of the Utility Companies refuse or discontinue service even for a brief period, the Debtor's operations would be severely disrupted.  Such an interruption would severely damage customer relationships, revenues and profits, and would adversely affect the Debtor's chapter 11 efforts, to the detriment of its estate, creditors, and employees.  It is therefore critical that Utility Services provided to the Debtor continue uninterrupted.

<u>**PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT**</u>

18.     The Debtor also seeks to establish reasonable procedures by which Utility Companies may request additional adequate assurance of payment in the event that a Utility Company believes that the Adequate Assurance Deposit does not provide them with satisfactory adequate assurance (the "<u>Procedures</u>").  The Debtor proposes that the Court approve and adopt the following Procedures:

     a.  Absent any further order of this Court and except as otherwise provided herein, the Utility Companies may not alter, refuse, or discontinue service to, or discriminate against, the Debtor on account of the commencement of this Chapter 11 Case or on account of any unpaid pre-petition charges, or request payment of an additional deposit or receipt of other security in connection with any unpaid pre-petition charges.

7

b.   The Debtor will serve the Motion and the Order, if granted by the Court, via first-class mail, within two (2) business days after the date that the Order is entered by the Court, on each of the Utility Companies identified on Exhibit A attached hereto.  In the event that any Utility Company was omitted from Exhibit A, the Debtor shall have the right to supplement Exhibit A and shall promptly serve the Order upon such omitted Utility Company upon learning of such Utility Company (each such Utility Company is referred to herein as a "Subsequently Identified Utility Company").

c.   Any Utility Company that is not satisfied with the proposed Adequate Assurance Deposit and seeks additional assurance of payment must serve a request for additional assurance of future payment (an "Additional Payment Request") no later than (i) the date that is five (5) calendar days before the date of the Final Hearing, or (ii) in the case of Subsequently Identified Utility Companies, the date that is fourteen (14) days after the date such Utility Company receives notice (in either case, such date is referred to as the "Additional Payment Request Deadline") by serving a request upon (i) the Debtor; and (ii) proposed Counsel to the Debtor, Dorsey & Whitney LLP, 136 South Main Street, Suite 1000, Salt Lake City, Utah, 84101, Attention: Annette Jarvis, Esq.

d.   Any Additional Payment Request must: (i) be in writing, (ii) set forth the location for which Utility Services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtor,

8

(iv) describe in sufficient detail the reason(s) why the proposed treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment, and (v) include a proposal for what would constitute adequate assurance from the Debtor, along with an explanation of why such proposal is reasonable.

e.  If a Utility Company makes a timely Additional Payment Request that the Debtor believes is reasonable, the Debtor shall be authorized, in its sole discretion, to comply with such request without further order of the Court, and may, in connection with such Additional Payment Request, provide such Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the court.

f.  If the Debtor believes that a Utility Company's Additional Payment Request is not reasonable, (i) the Debtor will request that the Court hear such Additional Payment Request at the Final Hearing or, (ii) if the party making the Additional Payment Request is a Subsequently Identified Utility Company whose Additional Payment Request Deadline falls after the date of the Final Hearing, the Debtor will request a hearing before the Court at the next omnibus hearing date scheduled in this Chapter 11 Case (a "Determination Hearing") to determine (x) if additional assurance to such Utility Company is necessary and, if so, (y) the nature and amount of the adequate assurance to such Utility Company.

g.  Pending resolution of a Utility Company's Additional Payment Request at the Final Hearing or a Determination Hearing, as the case may be, such Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtor.

h.  If a Utility Company fails to send an Additional Payment Request by the applicable Additional Payment Request Deadline, such Utility Company shall have waived its right to make an Additional Payment Request and shall be deemed to have received adequate assurance of payment in accordance with section 366(c)(1)(A)(vi) of the Bankruptcy Code by virtue of the Adequate Assurance Deposit.

i.  A Utility Company shall be deemed to have received adequate assurance of payment unless and until a future order of this Court is entered requiring further adequate assurance of payment.

19.     The Debtor requests that a final hearing on this Motion be held within twenty-five (25) days of the Petition Date to ensure that, if a Utility Company argues it can unilaterally refuse service to the Debtor on the 31st day after the Petition Date, the Debtor will have the opportunity, to the extent necessary, to request that the Court make such modifications to the Procedures in time to avoid any potential termination of Utility Services.

**BASIS FOR RELIEF REQUESTED**

20.     This Court has the authority to grant the relief requested herein pursuant to sections 105(a) and 366(a) of the Bankruptcy Code.

21.     Section 366 of the Bankruptcy Code is designed to protect the Debtor from utility service cutoffs, while also providing utility companies with adequate assurance that the Debtor will be able to pay for post-petition services.[3]

22.     Specifically, section 366(a) of the Bankruptcy Code prohibits utilities from altering, refusing, or discontinuing service to a debtor for the first thirty (30) days of a bankruptcy case (the "Utilities Stay Period") solely because of the commencement of the Chapter 11 Case or because of unpaid pre-petition amounts.  Upon expiration of the Utilities Stay Period, however, section 366(b) of the Bankruptcy Code provides that a utility company may (but need not) terminate services if a debtor has not provided such utility with adequate assurance of payment for post-petition services in a form "satisfactory" to the utility within twenty (20) days of the Petition Date.

23.     Section 366(c)(1)(A) of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides that the phrase "adequate assurance of payment' means (i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee.

24.     The Court may, pursuant to section 105(a) of the Bankruptcy Code, "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  The purpose of section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction."[4]  The Debtor

---

[3]     *See* H.R. Rep. No. 95-595, at 350 (1978) *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6306.

[4]     *2 Collier on Bankruptcy* ¶ 105.01, at 105-06 (15th ed. Rev. 2004).

submits that the Court should use its section 105(a) powers in this Chapter 11 Case because the relief requested herein is necessary to enable the Debtor to continue its normal business operations and to preserve the Debtor's business during the Chapter 11 Case.

25.     The relief requested herein is necessary because the Debtor could face an unnecessary cash drain if the Utility Companies condition the provision of post-petition services to the Debtor upon the payment of exorbitantly burdensome and/or unreasonable deposits, or other forms of adequate assurance.

26.     Although section 366(c)(1)(A) of the Bankruptcy Code, as amended by BAPCPA, now specifies the form of assurance that will be deemed adequate, it leaves the issue of the amount of adequate assurance that must be provided squarely within this Court's discretion.

27.     Leaving the determination of the amount of adequate assurance that a debtor must provide in the discretion of the Court conforms with the pre-BAPCPA case law, pursuant to which courts generally looked to the facts and circumstances of each case to ensure that utility companies were not made subject to an unreasonable risk of nonpayment for post-petition services.[5]  Courts construing section 366(b) of the Bankruptcy Code have long recognized that adequate assurance of payment does not constitute an absolute guaranty of a debtor's ability to pay.[6]

---

[5]     *See, e.g., In re Keydata Corp.*, 12 B.R. 156, 158 (1st Cir. BAP 1981).

[6]     *See, e.g., In re Caldor, Inc.- NY*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("[section] 366(b) requires [a] Bankruptcy Court to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment.  The statute does not require an 'absolute guaranty of payment.'"), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor Inc.- N.Y.*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that "other security" should be interpreted narrowly,...a bankruptcy court's authority to 'modify' the level of the 'deposit or other security' provided for under section 366(b), includes the power to require 'no deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment'") (citation omitted); *In re Penn Jersey Corp.*, 72 B.R. 981, 982 (Bankr. E.D. Pa. 1987) (stating that section 366(b) of the Bankruptcy Code

28.     Further, courts have recognized that, in determining what constitutes "adequate" assurance, a bankruptcy court must "focus upon the need of the utility for assurance, and…require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources."[7]

29.     As set forth above, if the Utility Companies are permitted to terminate utility services on or after the 30th day following the Petition Date, a substantial disruption to the Debtor's operations will occur, and the Debtor's business will be irreparably harmed.  If faced with imminent termination of utility services, the Debtor would then be forced to pay whatever amounts are demanded by the Utility Companies to avoid the cessation of essential utility services and detrimental impact on its business.

30.     The Debtor submits that the Procedures set forth herein provide an orderly process for providing adequate assurance of payment to the Utility Companies, without risking irreparable harm to the Debtor's estate.

31.     Because the fundamental nature of section 366 has not been changed by BAPCPA – namely, the Court continues to have the discretion to modify any request for adequate assurance of payment and the assurance of payment still need only be adequate in light of the facts and circumstances of a given case – the Procedures outlined herein to provide adequate assurance are similar to those approved by court prior to BAPCAP.   However, in accordance with section 366(c)(3)(A) of the Bankruptcy Code, the Debtor will provide additional assurance

---

"contemplates that a utility receive only such assurance of payment as is sufficient to protect its interests given the facts of the Debtor's financial circumstances…").

[7]     *Virginia Elec. & Power Co. v. Caldor, Inc.-NY*, 117 F.3d 646, 650 (2d. Cir. 1997) (quoting *Penn Jersey*, 72 B.R. at 985).

of payment to a Utility Company according to the Procedures set forth above, if said Utility

Company makes a timely Additional Payment Request and if said Additional Payment Request

is either considered reasonable by the Debtor, or is deemed necessary by the Court after

consideration at the Final Hearing or a Determination Hearing, as the case may be.

32.     Without the Procedures set forth herein, the Debtor could be forced to address

numerous requests by various and sundry Utility Companies in a haphazard manner at a critical

juncture – precisely at the point where the Debtor is trying to navigate through this Chapter 11

Case.  Without the relief requested herein, the Debtor could be forced to capitulate to almost any

demands made by the Utility Companies, or face the possible discontinuation of utility services

to its stores and a potential shutdown of its business.  The orderly process contemplated by the

Procedures set forth herein will avert such a potentially disastrous outcome, enabling the Debtor

to make a smooth transition into and out of chapter 11, while ensuring a fair process for

providing adequate assurance to the Utility Companies to the extent required by law.[8]

33.     Accordingly, based on the foregoing facts and authorities, the Debtor believes that

granting the relief requested herein will not prejudice the rights of the Utility Companies under

section 366 of the Bankruptcy Code.

**<u>RESERVATION OF RIGHTS</u>**

34.     Nothing contained herein is intended or shall be construed as (i) an admission by

the Debtor as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any

party-in-interest's right to dispute any claims, (iii) an approval or assumption of any agreement

---

[8]   *See Long Island Lighting Co. v. Great Atlantic & Pacific Tea Co., Inc. (In re The Great Atlantic & Pacific Tea Co., Inc.)*, 2011 WL 5546954 at *6 (S.D.N.Y. Nov. 14, 2011) (affirming bankruptcy court's decision to permit debtor to set aside cash deposit in the equivalent amount of two-weeks' worth of utility services).

with a Utility Company under section 365 of the Bankruptcy Code, or (iv) an admission by the Debtor that any entity referenced as a Utility Company is a "utility" within the meaning of section 366(a) of the Bankruptcy Code.  Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to dispute such a claim at a later date.

**<u>CONCLUSION</u>**

WHEREFORE, pursuant to 11 U.S.C. §§ 105(a) and 366, the Debtor respectfully requests the entry of an Order (i) prohibiting utility companies from discontinuing, altering, or refusing service to the Debtor on account of pre-petition invoices, (ii) approving the Debtor's proposed form of adequate assurance of future payment, (iii) establishing procedures for resolving requests for additional adequate assurance and (iv) scheduling a final hearing.  The Debtor also requests such other relief as is just and proper.

DATED this 12th day of September, 2014.

**DORSEY & WHITNEY LLP**

*/s/ Annette W. Jarvis*
Annette W. Jarvis
Peggy Hunt
Michael F. Thomson
Jeffrey M. Armington
*Proposed Attorneys for Debtor Naartjie*
*Custom Kids, Inc.*

# **EXHIBIT A**

| Utility Company | Address | Address 2 | City | State | Postal Code | Type of Service |
|---|---|---|---|---|---|---|
| ALL STATES SERVICES | PO BOX 94258 | | LAS VEGAS | NV | 89193 | WASTE |
| AMEREN | PO BOX 66529 | | ST. LOUIS | MO | 63166-6529 | ELECTRIC |
| APS | PO BOX 2906 | | PHOENIX | AZ | 85062-2906 | ELECTRIC |
| AT&T U-VERSE | P.O. BOX 5014 | | CAROL STREAM | IL | 60197-5014 | INTERNET |
| BGE ELECTRICTRIC | P.O. BOX 13070 | | PHILADELPHIA | PA | 19101-3070 | ELECTRIC |
| BLUEBONNET ELECTRICTRIC COOP | P O BOX 240 | | GIDDINGS | TX | 78942-0240 | ELECTRIC |
| B-P TRUCKING | PO BOX 386 | | ASHLAND | MA | 1721 | WASTE |
| CENTURYLINK | PO BOX 52187 | | PHOENIX | AZ | 85072-2187 | INTERNET |
| CITY OF GREENBORO | PO BOX 26118 | | GREENSBORO | NC | 27402-6118 | WATER |
| CITY OF PALO ALTO UTILITIES | PO BOX 7026 | | SAN FRANCISCO | CA | 94120-7026 | ELECTRIC & GAS |
| CITY OF RANCHO CUCAMONGA | MUNICIPAL UTILITY | PO BOX 4499 | RANCHO CUCAMONGA | CA | 91729-4499 | ELECTRIC |
| CITY OF ROSEVILLE | PO BOX 45807 | | SAN FRANCISCO | CA | 94145-0807 | ELECTRIC |
| COMED | PO BOX 6111 | | CAROL STREAM | IL | 00197-0111 | ELECTRIC |
| CPS ENERGY | PO BOX 2678 | | SAN ANTONIO | TX | 78289-0001 | ELECTRIC |
| DUKE ENERGY | P.O. BOX 70516 | | CHARLOTTE | NC | 28272-0516 | ELECTRIC |
| GEORGIA POWER | 96 ANNEX | | ATLANTA | GA | 30396- | ELECTRIC |

| Utility Company | Address | Address 2 | City | State | Postal Code | Type of Service |
|---|---|---|---|---|---|---|
| | | | | | 00001 | |
| IEM | 24516 NETWORK PLACE | | CHICAGO | IL | 60673-1245 | WASTE |
| INETZ MEDIA GROUP | 1055 EAST 3900 SOUTH | | SALT LAKE CITY | UT | 84124 | WEB HOSTING |
| INFINITE ENERGY | PO BOX 105247 | | ATLANTA | GA | 30348-5247 | GAS |
| KETER ENVIRONMENTAL SERVICES, INC. | PO BOX 417468 | | BOSTON | MA | 02241-7468 | WASTE |
| LG & E | PO BOX 9001960 | | LOUISVILLE | KY | 40290-1960 | ELECTRIC |
| LOS ANGELES DEPT OF WATER & POWER | PO BOX 30808 | | LOS ANGELES | CA | 90030-0808 | ELECTRIC |
| LYNWOOD UTILITIES | CITY OF LYNNWOOD | PO BOX 5008 | LYNNWOOD | WA | 98046-5008 | WATER |
| MOUNTAIN ALARM | DEPT. 212 | PO BOX 30015 | SALT LAKE CITY | UT | 84130 | SECURITY |
| NATIONAL GRID | PO BOX 9037 | | HICKSVILLE | NY | 11802-9037 | GAS |
| NSTAR | PO BOX 660369 | | DALLAS | TX | 75266-0369 | ELECTRIC |
| NW NATURAL | PO BOX 6017 | | PORTLAND | OR | 97228-6017 | GAS |
| OG&E | PO BOX 24990 | | OKLAHOMA CITY | OK | 73124-0990 | ELECTRIC |
| OKLAHOMA NATURAL GAS CO | PO BOX 219296 | | KANSAS CITY | MO | 64121-9296 | GAS |
| OLYMPIC III MALL | P.O.BOX 55287 | | HOUSTON | TX | 77255- | WASTE |

| Utility Company | Address | Address 2 | City | State | Postal Code | Type of Service |
|---|---|---|---|---|---|---|
| SERVICES | | | | | 5287 | |
| PEPCO | PO BOX 13608 | | PHILADELPHIA | PA | 19101 | ELECTRIC |
| PG&E | BOX 997300 | | SACRAMENTO | CA | 95899-7300 | ELECTRIC |
| PIEDMONT NATURAL GAS | P O BOX 660920 | | DALLAS | TX | 75266-0920 | GAS |
| PORTLAND GENERAL | PO BOX 4438 | | PORTLAND | OR | 97208-4438 | ELECTRIC |
| PSE&G CO. | PO BOX 14444 | | NEW BRUNSWICK | NJ | 08906-4444 | ELECTRIC |
| PSEG LONG ISLAND | LONG ISLAND POWER AUTHORITY (LIPA) | PO BOX 9039 | HICKSVILLE | NY | 11802-9039 | ELECTRIC |
| PUGET SOUND ENERGY | PO BOX 91269 | | BELLEVUE | WA | 98009-9269 | ELECTRIC |
| PHSI PURE WATER FINANCE, INC. | PO BOX 404582 | | ATLANTA | GA | 30384-4582 | WATER |
| QUEST RESOURCE MGNT GROUP | MSC 30081 | PO BOX 415000 | NASHVILLE | TN | 37241-5000 | WASTE |
| QUESTAR GAS | P.O. BOX 45841 | | SALT LAKE CITY | UT | 84139-0001 | GAS |
| RELIANT ENERGY | PO BOX 650475 | | DALLAS | TX | 75265-0475 | ELECTRIC |
| ROCKY MOUNTAIN POWER | PO BOX 26000 | | PORTLAND | OR | 97256-0001 | ELECTRIC |
| SAN DIEGO GAS & ELECTRICTRIC | SDGE | P.O. BOX 25111 | SANTA ANA | CA | 92799-5111 | ELECTRIC |
| SANTEE COOPER | PO BOX 188 | | MONCKS CORNER | SC | 29461 | ELECTRIC |
| SEVIER COUNTY | PO BOX 4870 | | SEVIERVILLE | TN | 37864 | ELECTRIC |

| Utility Company | Address | Address 2 | City | State | Postal Code | Type of Service |
|---|---|---|---|---|---|---|
| ELECTRICTRIC SYSTEM | | | | | | |
| SEVIER COUNTY UTILITY DISTRICT | DEPARTMENT 1340 | PO BOX 2153 | BIRMINGHAM | AL | 35287-1340 | GAS |
| SNOHOMISH COUNTY PUD | PO BOX 1100 | | EVERETT | WA | 98206-1100 | ELECTRIC |
| SOUTHERN CALIFORNIA EDISON | P.O. BOX 300 | | ROSEMEAD | CA | 91772-0001 | ELECTRIC |
| SPRINT INTERNET 5 UTC #07 & MV#09 | PO BOX 6419 | | CAROL STREAM | IL | 60197-6419 | INTERNET |
| SPRINT - INTERNET ANTHEM | PO BOX 79357 | | CITY OF INDUSTRY | CA | 91716-9357 | |
| SUSTAINABLE SOLUTIONS GROUP INC. | DEPT 40299 | PO BOX 740209 | ATLANTA | GA | 30374-0209 | WASTE |
| SUPERIOR WATER & AIR | 3536 S. 1950 W. | | SALT LAKE CITY | UT | 84119 | WATER |
| SUSTAINABLE SOLUTIONS GROUP INC. | DEPT 40299 | PO BOX 740209 | ATLANTA | GA | 30374-0209 | WASTE |
| TXU ENERGY | PO BOX 650638 | ACCT # 100012027677 | DALLAS | TX | 75265-0638 | ELECTRIC |
| YES ENERGY | 7751 BELFORT PARKWAY, SUITE 300 | | JACKSONVILLE | FL | 32256 | ELECTRIC |
| YES ENERGY | 7751 BELFORT PARKWAY, SUITE 300 | | JACKSONVILLE | FL | 32256 | WATER |

# **EXHIBIT B**

## ADEQUATE ASSURANCE DEPOSIT ACCOUNT PAYMENT REQUEST

Wells Fargo Bank, N.A.

_____

_____

      Re:    Naartjie Custom Kids, Inc. ("**Naartjie**") Adequate Assurance Deposit (the "**Adequate Assurance Deposit**")

The undersigned (the "**Beneficiary**") hereby certifies to Naartjie that:

  a.  The Beneficiary is making a request for payment in lawful currency of the United States of America from the Adequate Assurance Deposit in the amount of $_____.

  b.  The Beneficiary certifies that the Debtor defaulted (a "**Default**") in the payment of post-petition utility services that were payable in accordance with normal pre-petition invoice terms and amounts on account of such post-petition utility services are due, outstanding, and unpaid.

  c.  The Beneficiary hereby certifies that it is owed $_____ for post-petition utility services provided to Naartjie.

  d.  The Beneficiary hereby certifies that the amount requested is not and does not relate to an Additional Payment Request.

  e.  The Beneficiary certifies that it (a) provided the Debtor with written notice of a Default which written notice is attached hereto, (b) provided the Debtor with five (5) days to cure any such Default, (c) and that the Debtor has failed to cure such Default.

  f.  The Beneficiary is entitled to payment of funds reserved through the Adequate Assurance Deposit pursuant to the *Order (I) Prohibiting Utility Companies from Discontinuing, Altering or Refusing Service on Account of Pre-petition Invoices, (II) Deeming Utility Companies to have Adequate Assurance of Future Payment, and (III) Establishing Procedures for Resolving Requests for Additional Assurance*, entered by the United States Bankruptcy Court for the District of Utah in the Chapter 11 Case of Naartjie Custom Kids, Inc. Case No. 14-_____ on _____ __, 2014.

Please transfer the proceeds of the payment to the following account of the Beneficiary at the financial institution indicated below:

_____

_____

_____

IN WITNESS WHEREOF, the undersigned has duly executed and delivered this Payment Request as of the ___ day of _____, 2014.

[UTILITY]
By: _____

_____
Print Name & Title

cc:
Naartjie Custom Kids, Inc.

_____

_____

and

Dorsey & Whitney, LLP
136 South Main Street, Suite 1000
Salt Lake City, Utah 84101
Attn:  Annette Jarvis, Esq.