*Prepared and submitted by:*

Annette W. Jarvis (Utah State Bar No. 01649)
Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Jeffrey M. Armington (Utah State Bar No. 14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email:  jarvis.annette@dorsey.com
          hunt.peggy@dorsey.com
          thomson.michael@dorsey.com
          armington.jeff@dorsey.com

*Proposed Attorneys for Naartjie Custom Kids, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re:<br><br>NAARTJIE CUSTOM KIDS, INC.,<br><br>Debtor. | Bankr. Case No. 14-29666<br><br>Chapter 7<br><br>The Honorable William T. Thurman |
|---|---|

**ORDER GRANTING *EX PARTE* MOTION FOR ORDER SHORTENING TIME FOR
NOTICE, OBJECTION AND HEARING IN CONSIDERATION OF FIRST DAY
MOTIONS**

Upon consideration of the *Ex Parte* Motion for Order Shortening Time for Notice and Hearing in Consideration of First Day Motions (the "Motion"), and for good cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth below.

2. A hearing on the following First Day Motions will be held on Monday, September 15, 2014 at 2:00 p.m.;

 a. Debtor's Motion Pursuant to 11 U.S.C. §§ 105, 363, and 503 and Fed. R. Bankr. R. 6003 and 6004 for Interim and Final Orders Authorizing (I) the Debtor to Honor Prepetition Obligations to and Continue Prepetition Practice with a Certain Critical Vendor and Certain Shippers; (II) Authorizing all Applicable Banks and Other Financial Institutions to Honor and Process Related Checks and Transfers; and (III) Scheduling a Final Hearing to Consider Entry of a Final Order (the "Critical Vendors Motion"). [Docket No. 3]

 b. Emergency Motion for Order Authorizing Debtor to Continue Use of its Existing Bank Accounts and Existing Business Forms (the "Cash Management Motion"). [Docket No. 4]

 c. Emergency Motion for Interim and Final Orders (I) Authorizing but not Directing Payment of Pre-Petition Wages, Salaries, and Related Obligations and Taxes; (II) Directing All Banks to Honor Checks and Transfers for Payment of Pre-Petition Employee Obligations; and (III) Scheduling a Final Hearing to Consider Entry of a Final Order (the "Wages and Employee Obligations Motion"). [Docket No. 5]

 d. Motion for Entry of Interim and Final Orders: (I) Authorizing, but not Directing, Debtor to (A) Maintain Existing Insurance Programs and (B) Pay all Obligations in Respect Thereof; (II) Directing Financial Institutions to Honor and Process All Related Checks and Electronic Payment Requests; and (III) Scheduling a Final Hearing to Consider Entry of a Final Order (the "Insurance Motion"). [Docket No. 6]

 e. Motion for Entry of Interim and Final Orders (I) Authorizing, but not Directing, the Debtor to Honor Certain Prepetition Customer

Obligations and to Continue Prepetition Customer Programs and Practices in the Ordinary Course of Business; (II) Authorizing Payment of Credit Card Processing Fees; and (III) Scheduling a Final Hearing to Consider Entry of a Final Order (the "Customer Programs Motion"). [Docket No. 7]

f.      Debtor's Motion for Interim and Final Orders (I) Prohibiting Utility Companies from Discontinuing, Altering, or Refusing Service to the Debtor on Account of Pre-Petition Invoices, (II) Approving the Debtor's Proposed Form of Adequate Assurance of Future Payment, (III) Establishing Procedures for Resolving Requests for Additional Adequate Assurance, and (IV) Scheduling a Final Hearing (the "Utilities Motion"). [Docket No. 8]

g.      Debtor's Motion for Entry of Interim and Final Orders: (I) Authorizing, but not Directing, the Debtor to Pay Certain Pre-Petition Sales, Use, Customs, Income, Property, and Other Miscellaneous Taxes and Fees; (II) Granting Related Relief; and (III) Scheduling a Final Hearing to Consider Entry of a Final Order (the "Taxes Motion"). [Docket No. 9]

h.      Debtor's Motion for Interim and Final Orders (I) Authorizing Debtor in Possession to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364; (II) Granting Liens, Security Interests, and Superpriority Claims; (III) Authorizing Use of Cash Collateral; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief (the "DIP Motion").

i.      Application of the Debtor for Entry of an Order Authorizing the Retention and Employment of Dorsey & Whitney LLP as Counsel for the Debtor (the "Dorsey Employment Application" and collectively with the foregoing motions and applications, the "First Day Motions").

3.      Notice of the First Day Motions shall be given to all parties, either electronically or via overnight delivery, a copy of this Order and all First Day Motions set forth above, to the extent not already served, upon all affected parties, including the United States Trustee, by the end of the day on which this order is entered.

3

4. Objections and/or responses to the First Day Motions, if any, may be filed with the Court any time prior to the hearing on the First Day Motions. The Court will also entertain any oral objections and/or responses to the First Day Motions at the time of the hearing.

(End of Document)