*Prepared and submitted by:*
Annette W. Jarvis (Utah State Bar No. 01649)
Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Jeffrey M. Armington (Utah State Bar No. 14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
        hunt.peggy@dorsey.com
        thomson.michael@dorsey.com
        armington.jeff@dorsey.com

*Proposed Attorneys for Naartjie Custom Kids, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re:                          | Case No. _____ |
|---------------------------------|-------------------------------|
| NAARTJIE CUSTOM KIDS, INC.,     | Chapter 11                    |
| Debtor.                         | Judge _____    |

**INTERIM ORDER AUTHORIZING DEBTOR TO CONTINUE USE OF ITS EXISTING BANK ACCOUNTS AND EXISTING BUSINESS FORMS**

The relief set forth on the following pages two (2) through five (5) is hereby **ORDERED**.

1

Upon consideration of the Motion[1] of the above-captioned Debtor for entry of an interim order authorizing the Debtor to maintain its existing bank accounts and cash management system, and to continue to use its existing business forms and records; and the Court finding that it has jurisdiction over the matters as more fully described in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth below.

2. The Debtor is authorized, in its sole discretion, to maintain and continue its existing pre-petition Cash Management System and Bank Accounts.

3. The banks and financial institutions at which the Bank Accounts are maintained, including without limitation such accounts identified in the Motion, are authorized and directed to continue to maintain, service, and administer such Bank Accounts, including, without limitation, receiving, processing, honoring and paying any and all checks and transfers drawn on the Bank Accounts after the Petition Date; provided, however, that to the extent any such check, draft, or wire transfer is on account of a prepetition claim, such financial institutions shall only be authorized to receive, process, and honor such check, draft, or wire transfer to the extent permitted by an Order of this Court.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

4. All credit card merchant processors providing services to the Debtor are authorized and directed to perform their services as such have normally and customarily been performed prior to the Petition Date, including but not limited to transferring all credit cards receipts to the Concentration Account.

5. All banks with which the Debtor maintains deposit accounts are authorized to sweep on a daily basis all funds from the Debtor's accounts to the Concentration Account in the same manner that has been customarily done prior to the Petition Date.

6. The Debtor is authorized to open any additional post-petition accounts with a bank or financial institution, and to close any existing Bank Accounts, as the Debtor may deem necessary and appropriate, and the banks and financial institutions are authorized to honor the Debtor's requests to open or close, as the case may be, such accounts; provided, however, that Notice of the opening or closing of any post-petition account with a bank or financial institution be provided to the Court and the U.S. Trustee within 7 days thereof.

7. The Debtor is authorized to make post-petition disbursements from the Bank Accounts other than by check, to the extent consistent with the Debtor's existing cash management practices.

8. The Debtor is authorized to continue to use its pre-petition Business Forms, without reference to the Debtor's status as a debtor in possession; provided, however, that following the depletion of the Debtor's Business Form stock, the Debtor will obtain new Business Forms reflecting its status as a debtor in possession.

9. The Court finds and determines that the requirements set forth in Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm to the Debtor.

10. To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are hereby waived.

11. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry, and the Debtor is authorized to take any actions necessary to effectuate the relief granted pursuant to this Order.

12. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Interim Order.

13. The Motion shall be scheduled for a final hearing to consider the relief requested in the Motion on a final basis on _____, 2014 at _____ (Mountain Time) before the Honorable _____, United States Bankruptcy Judge, Courtroom _____ at the United States Bankruptcy Court for the District of Utah, 350 South Main Street, Salt Lake City, Utah 84101.

14. Objections by any party-in-interest to the relief sought in the Motion shall be in writing, shall set forth with particularity the grounds for such objections or other statement of position, shall be filed with the clerk of the Court, and served upon: (i) Dorsey & Whitney LLP, 136 South Main Street, Suite 1000, Salt Lake City, Utah 84101 (attn: Annette Jarvis), proposed counsel to the Debtor; (ii) the U.S. Trustee; and (iii) counsel to any Committee, so that such

4

objections are filed with the Court and received by said parties on or before _____, 2014 at \_\_\_\_\_ (Mountain Time).

15. Within five (5) days from the entry of this Interim Order, the Debtor shall serve, by United States mail, first-class postage prepaid, a copy of the this Interim Order upon (i) the U.S. Trustee; (ii) the parties included on the Debtor's list of the twenty (20) largest unsecured creditors of the Debtor at their last known addresses; (iii) any party that has filed prior to such date a request for notices with the Court; (iv) counsel for any statutory Committee appointed in the Chapter 11 Case; and (v) the banks set forth on <u>Exhibit A</u> to the Motion.

16. This Interim Order shall constitute findings of fact and conclusions of law and shall take effect immediately, notwithstanding anything to the contrary proscribed by applicable law.

_____End of Order_____