*Prepared and submitted by:*

Annette W. Jarvis (Utah State Bar No. 01649)
Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Jeffrey M. Armington (Utah State Bar No. 14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
        hunt.peggy@dorsey.com
        thomson.michael@dorsey.com
        armington.jeff@dorsey.com

*Proposed Attorneys for Naartjie Custom Kids, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Case No. _____ |
| NAARTJIE CUSTOM KIDS, INC., | Chapter 11 |
| Debtor. | Judge _____ |

## INTERIM ORDER (I) AUTHORIZING BUT NOT DIRECTING PAYMENT OF PRE-PETITION WAGES, SALARIES, AND RELATED OBLIGATIONS AND TAXES AND (II) DIRECTING ALL BANKS TO HONOR CHECKS AND TRANSFERS FOR PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS

Upon consideration of the Motion[1] of the above-captioned Debtor for entry of an interim order (i) authorizing but not directing the Debtor to pay, in its discretion and subject to available funding, pre-petition wages, salaries, and related obligations and taxes, and (ii) directing all banks to honor checks, wire transfers, drafts, ACH debits, and other transfers drawn on the Debtor's bank accounts for payment of pre-petition employee obligations; and the Court finding that it has jurisdiction over the matters as more fully described in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth below.

2.      The Debtor is hereby authorized, in its sole discretion, to pay the Employee Wage Claims subject to the statutory cap of $12,745 per Employee under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

3.      The Debtor is hereby authorized, but not directed, to pay and remit to the appropriate parties all Payroll Taxes associated with all Employee Obligations and to continue to pay and honor such obligations as required in the ordinary course of business post-petition.

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4.      The Debtor is hereby authorized, but not directed, to honor all liabilities to its Employees with respect to Manager Bonuses that arose prior to the Petition Date and to continue its pre-petition policies with respect thereto in the ordinary course of business post-petition.

5.      The Debtor is hereby authorized, but not directed, to honor all liabilities to its Employees with respect to Reimbursement Obligations that arose prior to the Petition Date and to continue its pre-petition policies with respect thereto in the ordinary course of business post-petition.

6.      The Debtor is hereby authorized, but not directed, to pay all amounts due and owing as of the Petition Date with respect to the Health and Welfare Benefits and to continue such benefits in the ordinary course of business post-petition.

7.      The Debtor is hereby authorized, but not directed, to honor all liabilities to its Employees with respect to PTO that arose prior to the Petition Date and to continue its pre-petition policies with respect thereto in the ordinary course of business post-petition.

8.      The Debtor is hereby authorized, but not directed, to continue the Workers' Compensation Programs and to pay all pre-petition liabilities associated with such program in the ordinary course of business and continue such benefits in the ordinary course of business post-petition.

9.      The Debtor is hereby authorized, but not directed, to pay costs and expenses incidental to payment of the Employee Obligations, including all administrative and processing costs related thereto.

10.      Each of the banks or financial institutions at which the Debtor maintains its accounts relating to payment of payroll and other Employee Obligations approved herein is

authorized and directed to receive, process, honor, and pay checks presented for payment and all funds transfer requests made by the Debtor related thereto to the extent that sufficient funds are on deposit in such accounts. Such banks and financial institutions are authorized to rely on the representations of the Debtor as to which checks or transfers are issued or authorized to be paid pursuant to this Order without any further inquiry and without liability for following the Debtor's instructions, and are prohibited from placing holds on, or attempting to reverse, automatic transfers to Employee accounts for Employee Obligations.

11.     The Debtor is authorized to issue post-petition checks and to effect post-petition fund transfer requests to replace any checks or transfers in respect of Employee Obligations that are dishonored or rejected post-petition.

12.     Nothing in the Motion or this Order, or any actions taken pursuant to this Order, shall be deemed (i) an assumption or adoption by the Debtor of any agreements or policies providing for pre-petition compensation or benefits to the Debtor's Employees; (ii) to impair the Debtor's rights to contest the amount or validity of any Employee Obligations on any grounds; (iii) a promise or requirement to pay any claim; or (iv) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

13.     Notwithstanding anything in the Motion or this Order to the contrary, any authority granted to the Debtor herein to make any payment shall be subject to any orders authorizing the Debtor to use cash collateral or access post-petition financing.

14.     Within two (2) business days from the date hereof, the Debtor shall provide notice and a copy of this signed Interim Order and the Motion by first-class mail to: (i) the parties having been given notice of the Interim Hearing; (ii) any party which has filed prior to such date

4

a request for notices with this Court; and (iii) counsel to any statutory committee appointed in this Chapter 11 Case.

15.     A hearing to consider entry of a Final Order approving this Motion shall be held on _____, 2014 at __:00 _.m. (MT) (the "Final Hearing").

16.     Objections to the Motion and the Final Order (each, an "Objection") must be filed with the Court and served by the party in interest so as to be received by (i) the Court and (ii) counsel to the Debtor, Dorsey & Whitney, LLP, 136 South Main Street, Suite 1000, Salt Lake City, Utah 84101, Attention:  Annette Jarvis, no later than _____, 2014 at 4:00 p.m. (MT) (the "Objection Deadline").  Only those Objections filed on or before the Objection Deadline will be considered at the Final Hearing.  In the event that no Objections are filed by the Objection Deadline, the Court may grant the relief requested in the Final Order without further notice or hearing.

17.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

18.     The Court finds and determines that the requirements set forth in Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

19.     To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are hereby waived and this Interim Order shall be immediately effective and enforceable upon its entry.

20.     The Debtor is authorized to take all actions necessary to implement the relief granted in this Interim Order.

21.    This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Interim Order.