*Prepared and submitted by:*

Annette W. Jarvis (Utah State Bar No. 01649)
Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Jeffrey M. Armington (Utah State Bar No. 14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
         hunt.peggy@dorsey.com
         thomson.michael@dorsey.com
         armington.jeff@dorsey.com

*Proposed Attorneys for Debtor Naartjie Custom Kids, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Case No. _____ |
|---|---|
| NAARTJIE CUSTOM KIDS, INC., | Chapter 11 |
| Debtor. | Judge _____ |

**INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTOR TO HONOR CERTAIN PREPETITION CUSTOMER OBLIGATIONS AND TO CONTINUE PREPETITION CUSTOMER PROGRAMS AND PRACTICES IN THE ORDINARY COURSE OF BUSINESS; (II) AUTHORIZING PAYMENT OF CREDIT CARD PROCESSING FEES; AND (III) SCHEDULING A FINAL HEARING TO CONSIDER ENTRY OF A FINAL ORDER**

Upon consideration of the Motion[1] of the above captioned Debtor for entry of an interim order (i) authorizing, but not directing, the Debtor to honor certain prepetition obligations to customers and to continue their prepetition customer programs and practices in the ordinary course of business; (ii) authorizing payment of certain credit card processing fees; and (iii) scheduling a final hearing to consider entry of a final order; and the Court finding that it has jurisdiction over the matters as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth below.

2. The Debtor is authorized, but not directed, in its sole discretion, to honor and perform their obligations under the Customer Programs, as described in the Motion, including obligations arising under related third party arrangements, without regard to whether the Debtor's obligations under any such Customer Programs arose before or after the Petition Date.

3. The Debtor is authorized, but not directed, to revise, extend, renew, supplement or change the Customer Programs, including related third party arrangements, in its sole discretion,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

to the extent necessary and consistent with the practices and procedures in effect prior to the Petition Date.

4. The Debtor is authorized, but not directed, to pay all credit card processing fees, administrative fees, and other obligations arising in respect of the Customer Programs, in its sole discretion, including those obligations that were due and payable or related to the period prior to the commencement of the Chapter 11 Case.

5. Notwithstanding the relief granted herein, nothing in the Motion or this Order, nor the Debtor's payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtor's rights to dispute any claim; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

6. Notwithstanding anything in the Motion or this Order to the contrary, any authority granted to the Debtor herein to make any payment shall be subject to any orders authorizing the Debtor to use cash collateral or access post-petition financing.

7. Within two (2) business days from the date hereof, the Debtor shall provide notice and a copy of this signed Interim Order and the Motion by first-class mail to: (i) the parties having been given notice of the Interim Hearing; (ii) any party which has filed prior to such date a request for notices with this Court; and (iii) counsel to any statutory committee appointed in this Chapter 11 Case.

8.      A hearing to consider entry of a Final Order approving this Motion shall be held on _____, 2014 at \_\_:00 \_.m. (MT) (the "<u>Final Hearing</u>").

9.      Objections to the Motion and the Final Order (each, an "<u>Objection</u>") must be filed with the Court and served by the party in interest so as to be received by (i) the Court and (ii) counsel to the Debtor, Dorsey & Whitney, LLP, 136 South Main Street, Suite 1000, Salt Lake City, Utah 84101, Attention: Annette Jarvis, no later than _____, 2014 at 4:00 p.m. (MT) (the "<u>Objection Deadline</u>"). Only those Objections filed on or before the Objection Deadline will be considered at the Final Hearing. In the event that no Objections are filed by the Objection Deadline, the Court may grant the relief requested in the Final Order without further notice or hearing.

10.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11.      The Court finds and determines that the requirements set forth in Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

12.      To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are hereby waived and this Interim Order shall be immediately effective and enforceable upon its entry.

13.      The Debtor is authorized to take all actions necessary to implement the relief granted in this Interim Order.

14.      This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Interim Order.

(End of Document)