**The below described is SIGNED.**




**Dated: September 17, 2014**



**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

---

*Prepared and submitted by:*

Annette W. Jarvis (Utah State Bar No. 01649)
Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Jeffrey M. Armington (Utah State Bar No. 14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
hunt.peggy@dorsey.com
thomson.michael@dorsey.com
armington.jeff@dorsey.com

*Proposed Attorneys for Debtor Naartjie Custom Kids, Inc.*

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>NAARTJIE CUSTOM KIDS, INC.,<br><br>Debtor. | Case No. 14-29666<br><br>Chapter 11<br><br>Chief Judge William T. Thurman |

**INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES FROM DISCONTINUING, ALTERING OR REFUSING SERVICE TO THE DEBTOR ON ACCOUNT OF PRE-PETITION INVOICES, (II) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE ASSURANCE OF FUTURE PAYMENT, (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE AND (IV) SCHEDULING A FINAL HEARING**

---

Upon consideration of the Motion[1] of the above captioned Debtor for entry of an interim order (i) prohibiting the Utility Companies from discontinuing, altering or refusing service to the Debtor on account of pre-petition invoices, (ii) deeming the Utility Companies to have adequate assurance of future performance upon the establishment and payment of an Adequate Assurance Deposit, and (iii) establishing procedures for resolving requests for additional adequate assurance of payment as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth below.

2. Until such time as the Final Order is entered by the Court, all Utility Companies are prohibited from discontinuing, altering or refusing service to the Debtor on account of any unpaid pre-petition charges, or discriminating against the Debtor, or requiring payment of a deposit or receipt of any other security for continued service as a result of the Debtor's bankruptcy filing or any outstanding pre-petition invoices other than as set forth in the Motion.

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3. Within ten (10) business days after the date of entry of this Interim Order, the Debtor shall make an Adequate Assurance Deposit in the aggregate amount of $40,000 into a segregated, newly-created, interest-bearing Adequate Assurance Deposit Account.

4. Within two (2) business days from the date hereof, the Debtor shall provide notice and a copy of this signed Interim Order and the Motion by first-class mail to the Utility Companies; provided further that for Utility Companies that may have been omitted from Exhibit A to the Motion, the Debtor shall promptly provide notice of this Interim Order upon learning of such Utility Company.

5. A hearing to consider entry of a Final Order approving this Motion shall be held on October 1, 2014 at 10:00 a.m. (Mountain) (the "Final Hearing").

6. To the extent that a Utility Company has an objection to the proposed procedures to be implemented pursuant to the Motion, objections to the Motion and the Final Order (each, an "Objection") must be filed with the Court and served by the Utility Companies so as to be received by (i) the Court and (ii) counsel to the Debtor, Dorsey & Whitney, LLP, 136 South Main Street, Suite 1000, Salt Lake City, Utah 84101, Attention: Annette Jarvis, no later than September 29, 2014 at 4:00 p.m. (Mountain) (the "Objection Deadline"). Only those Objections filed on or before the Objection Deadline will be considered at the Final Hearing. In the event that no Objections are filed by the Objection Deadline, the Court may grant the relief requested in the Final Order without further notice or hearing.

7. The Procedures for determining requests for additional assurance of payment as described in the Motion are approved on an interim basis as follows:

a. Absent any further order of this Court and except as otherwise provided herein, the Utility Companies may not alter, refuse or

discontinue service to, or discriminate against, the Debtor on account of the commencement of this Chapter 11 Case or on account of any unpaid pre-petition charges, or request payment of an additional deposit or receipt of other security in connection with any unpaid pre-petition charges.

b. Any Utility Company that is not satisfied with the proposed Adequate Assurance Deposit and seeks additional assurance of payment must serve an Additional Payment Request no later than (i) September 29, 2014, or (ii) in the case of Subsequently Identified Utility Companies, the date that is fourteen (14) days after the date such Utility Company receives notice of the Additional Payment Request Deadline, by serving a request upon: (i) the Debtor; and (ii) proposed counsel to the Debtor, Dorsey & Whitney, LLP, 136 South Main Street, Suite 1000, Salt Lake City, Utah 84101, Attention: Annette Jarvis.

c. Any Additional Payment Request must (i) be in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtor, (iv) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment, and (v) include a proposal for what would constitute adequate assurance from the Debtor, along with an explanation of why such proposal is reasonable.

d. If a Utility Company makes a timely Additional Payment Request that the Debtor believes is reasonable, the Debtor shall be authorized, in its sole discretion, to comply with such request without further order of the Court, and may, in connection with such Additional Payment Request, provide such Utility Company with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments, and other forms of security, without further order of the Court.

e. If the Debtor believes that a Utility Company's Additional Payment Request is not reasonable, (i) the Debtor will request that the Court hear such Additional Payment Request at the Final Hearing or, (ii) if the party making the Additional Payment Request is a Subsequently Identified Utility Company whose Additional Payment Request Deadline falls after the date of the Final Hearing, the Debtor will request a Determination Hearing to determine (x) if additional

assurance to such Utility Company is necessary and, if so, (y) the nature and amount of the adequate assurance to such Utility Company.

f. Pending resolution of a Utility Company's Additional Payment Request at a Determination Hearing, such Utility Company shall be prohibited from altering, refusing or discontinuing service to the Debtor.

g. If a Utility Company fails to send an Additional Payment Request by the applicable Additional Payment Request Deadline, such Utility Company shall have waived its right to make an Additional Payment Request and shall be deemed to have received adequate assurance of payment in accordance with section 366(c)(1)(A)(vi) of the Bankruptcy Code by virtue of the Adequate Assurance Deposit.

h. A Utility Company shall be deemed to have adequate assurance of payment unless and until a future order of this Court is entered requiring further adequate assurance of payment.

8. The Debtor is authorized, in its sole discretion, to amend the list of Utility Companies attached as Exhibit A to the Motion to add or delete any Utility Company.

9. If the Debtor amends the list of Utility Companies to add an Additional Utility Company not previously included on Exhibit A to the Motion, the Debtor may supplement the Adequate Assurance Deposit by an amount equal to two (2) weeks of services utilized by the Debtor, based on a yearly average, as adequate assurance of future performance to the Additional Utility Company.

10. Nothing in this Interim Order or the Motion shall be deemed to constitute the post-petition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code or a waiver of any claim of defense of the estate.

11. Nothing in this Interim Order shall be deemed to affect any burden of proof either the Debtor or any Utility Company may have at the Final Hearing or at a Determination Hearing.

12. Notwithstanding anything in the Motion or this Interim Order to the contrary, any authority granted to the Debtor herein to make any payment shall be subject to any orders authorizing the Debtor to use cash collateral or access post-petition financing.

13. Notice of the Motion, the Interim Order and the Objection Deadline as provided herein is good and sufficient notice of the Motion, the Interim Order and the Objection Deadline, and no further or alternative notice of the Motion, the Interim Order or the Objection Deadline need be given.

14. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15. The Court finds and determines that the requirements set forth in Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

16. To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are hereby waived and this Interim Order shall be immediately effective and enforceable upon its entry.

17. The Debtor is authorized to take all actions necessary to implement the relief granted in this Interim Order.

18. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Interim Order.

19. This Interim Order shall constitute findings of fact and conclusions of law and shall take effect immediately, notwithstanding anything to the contrary proscribed by applicable law.

(End of Document)