**The below described is SIGNED.**

**Dated: September 17, 2014**

/s/ J T Marker

**JOEL T. MARKER
U.S. Bankruptcy Judge**



---

*Prepared and submitted by:*
Annette W. Jarvis (Utah State Bar No. 01649)
Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Jeffrey M. Armington (Utah State Bar No. 14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
         hunt.peggy@dorsey.com
         thomson.michael@dorsey.com
         armington.jeff@dorsey.com

*Proposed Attorneys for Debtor Naartjie Custom Kids, Inc.*

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Case No. 14-29666 |
| NAARTJIE CUSTOM KIDS, INC., | Chapter 11 |
| Debtor. | Chief Judge William T. Thurman |

**INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING DEBTOR TO (A) MAINTAIN EXISTING INSURANCE PROGRAMS AND (B) PAY ALL OBLIGATIONS IN RESPECT THEREOF; (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS; AND (III) SCHEDULING A FINAL HEARING TO CONSIDER ENTRY OF A FINAL ORDER**

Upon consideration of the Motion[1] of the above captioned Debtor for entry of an interim order (i) authorizing, but not directing, the Debtor to (a) maintain its existing insurance programs on an uninterrupted basis in accordance with its historical practices, and (b) pay all premiums, deductibles, fees, and other obligations in respect thereof, whether relating to the prepetition or post-petition period; (ii) authorizing financial institutions to honor and process all checks and electronic payment requests related to the foregoing; (iii) scheduling a final hearing (the "Final Hearing") to consider entry of the Final Order; and (iv) granting such further relief as is requested in the Motion or as is otherwise necessary or appropriate; and the Court finding that it has jurisdiction over the matters as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the interim relief sought in the Motion is in the best interests of the Debtor, its estate and creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth below.

2. The Debtor is authorized, but not directed, in its sole discretion, to maintain, continue, and renew the Insurance Programs on an uninterrupted basis and in accordance with

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the same practices and procedures as were in effect prior to the commencement of the Chapter 11 Case.

3. The Debtor is authorized and empowered, but not directed, in its sole discretion, to pay any Insurance Obligations that are the direct obligations of the Debtor, whether they arose prior to the Petition Date, or become due and payable subsequent to the Petition Date.

4. The Debtor is authorized, but not directed, in its sole discretion, to revise, extend, supplement or change insurance coverage as needed, including entering into new insurance policies (e.g., through renewal of the Insurance Programs or purchase of new policies).

5. The banks and financial institutions on which checks were drawn or electronic payment requests were made in payment of the prepetition Insurance Obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment (to the extent of funds on deposit), and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order.

6. The Debtor is authorized, but not directed, in its sole discretion, to issue new post-petition checks, or effect new funds transfers, on account of the Insurance Obligations, and to replace any prepetition checks or electronic fund transfer requests issued that may be lost or dishonored or rejected as a result of the commencement of this Chapter 11 case.

7. The banks and financial institutions subject to this Interim Order shall have no liability in connection with honoring any prepetition checks or funds transfer requests contemplated by this Interim Order.

8. Nothing in this Interim Order or any action taken by the Debtor in furtherance of the implementation hereof shall be deemed an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and the Debtor's rights with respect to such matters are expressly reserved.

9. Notwithstanding the relief granted herein, nothing in the Motion or this Order, nor the Debtor's payment of claims pursuant to this Interim Order, if any, shall be construed as (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtor's rights to dispute any claim; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

10. Notwithstanding anything in the Motion or this Order to the contrary, any authority granted to the Debtor herein to make any payment shall be subject to any orders authorizing the Debtor to use cash collateral or access post-petition financing.

11. Within two (2) business days from the date hereof, the Debtor shall provide notice and a copy of this signed Interim Order and the Motion by first-class mail to: (i) the parties having been given notice of the Interim Hearing; (ii) any party which has filed prior to such date a request for notices with this Court; and (iii) counsel to any statutory committee appointed in this Chapter 11 Case.

12. A hearing to consider entry of a Final Order approving this Motion shall be held on October 1, 2014 at 10:00 a.m. (MT) (the "Final Hearing").

13. Objections to the Motion and the Final Order (each, an "Objection") must be filed with the Court and served by the party in interest so as to be received by (i) the Court and (ii) counsel to the Debtor, Dorsey & Whitney, LLP, 136 South Main Street, Suite 1000, Salt Lake City, Utah 84101, Attention: Annette Jarvis, no later than September 29, 2014 at 4:00 p.m. (MT) (the "Objection Deadline"). Only those Objections filed on or before the Objection Deadline will be considered at the Final Hearing. In the event that no Objections are filed by the Objection Deadline, the Court may grant the relief requested in the Final Order without further notice or hearing.

14. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15. The Court finds and determines that the requirements set forth in Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

16. To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are hereby waived and this Interim Order shall be immediately effective and enforceable upon its entry.

17. The Debtor is authorized to take all actions necessary to implement the relief granted in this Interim Order.

18. This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation and enforcement of this Interim Order.

19. This Interim Order shall constitute findings of fact and conclusions of law and shall take effect immediately, notwithstanding anything to the contrary proscribed by applicable law.

(End of Document)