IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| NAARTJIE CUSTOM KIDS, INC., | ) |
| | ) Case No. 14-29666 WTT |
| | ) |
| Debtor. | ) |

**APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO SEPTEMBER 26, 2014**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor in possession (the "Debtor") hereby move the Court for entry of an order under sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of the consulting firm of FTI Consulting, Inc., together with its wholly owned subsidiaries ("FTI"), as financial advisor to the Committee. In support of this application (the "Application"), the Committee respectfully states as follows:

### Jurisdiction and Venue

1.   The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 328(a) and 1103 of the Bankruptcy Code. This Application is a core proceeding pursuant to 28 U.S.C. 157.

### Background

2.   On September 12, 2014 (the "Petition Date"), the Debtor filed with this Court its voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its businesses and manage its properties and assets as a debtor in possession.

3. On September 22, 2014 the Office of the United States Trustee held a meeting to appoint the Committee pursuant to section 1102 of the Bankruptcy Code (the "Formation Meeting"). At the Formation Meeting, the Committee selected Pachulski Stang Ziehl & Jones LLP as its counsel, and on September 26, 2014, the Committee selected FTI Consulting, Inc. as its financial advisor. The Committee consists of the following six members:

(a) Simon Property Group, Inc.

(b) Target Ease International

(c) Soxnet, Inc.

(d) GGP Limited Partnership

(e) Inetz; and

(f) The Macerich Company

## Relief Requested

4. By this Application, the Committee seeks to employ and retain FTI pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code to perform financial advisory services for the Committee in this chapter 11 case, nunc pro tunc to September 26, 2014.

5. The Committee is familiar with the professional standing and reputation of FTI. The Committee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

6. The services of FTI are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtor and its professional advisors to maximize the value of their estates and to reorganize successfully. Further, FTI is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

## Scope of Services

7. FTI will provide such financial advisory services to the Committee and its legal advisor as they deem appropriate and feasible in order to advise the Committee in the course of this chapter 11 case, including but not limited to the following:

- Assistance in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance in the preparation of analyses required to assess any proposed Debtor-In-Possession ("DIP") financing or use of cash collateral;

- Assistance with the assessment and monitoring of the Debtor's short term cash flow, liquidity, and operating results;

- Assistance with the review of proposed key employee retention and other employee benefit programs (if applicable);

- Assistance with the review of the Debtor's analysis of core business assets and the potential disposition or liquidation of core and non-core assets;

- Assistance with the review of the Debtor's cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

- Assistance in the review and monitoring of the asset sale process, including, but not limited to an assessment of the adequacy of the marketing process, completeness of any buyer lists, review and quantifications of any bids;

- Assistance in the review of the claims reconciliation and estimation process;

- Assistance in the review of other financial information prepared by the Debtor, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with the Debtor, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and

professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in these chapter 11 proceedings;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

- Assistance in the prosecution of Committee responses/objections to the Debtor's motions, including attendance at depositions and provision of expert reports/testimony on case issues as required by the Committee; and

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

### FTI's Eligibility for Employment

8.      FTI has informed the Committee that, except as may be set forth in the Declaration of Conor Tully (the "Tully Declaration"), it does not hold or represent any interest adverse to the estate, and therefore believes it is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code. To the best of the Committee's knowledge and based upon the Tully Declaration, (a) FTI's connections with the Debtor, creditors, any other party in interest, or their respective attorneys are disclosed on Exhibit B to the Tully Declaration; and (b) the FTI professionals working on this matter are not relatives of the United States Trustee or of any known employee in the office thereof, or any United States Bankruptcy Judge of the District of Utah, Central Division. FTI has not provided, and will not provide any professional services to the Debtor, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to this chapter 11 case.

9.      FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court.

10.     FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with this case.

### Terms of Retention

11.     FTI is not owed any amounts with respect to pre-petition fees and expenses.

12.     The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the United States Trustee.

13.     FTI seeks to be compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI. Actual and necessary expenses would include any reasonable legal fees incurred by FTI related to FTI's retention and defense of fee applications in this case, subject to Court approval.

14.     FTI has agreed with the Committee to make the following adjustment to its compensation for services rendered in this matter. Subject to Court approval in accordance with sections 330(a) and 331 of the Bankruptcy Code, FTI's monthly statements for services rendered will not exceed the total hours reflected on such statement multiplied by a blended hourly rate of $650.00 (the "Blended Rate"), plus actual and necessary expenses. FTI will bill its customary hourly rates and will discount its request for compensation to the extent the average rate of the total hours reflected on a monthly statement exceeds the Blended Rate.

15.     The customary hourly rates, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to this case are as follows:

**United States**

|  | Per Hour (USD) |
|---|---|
| Senior Managing Directors | $800-925 |
| Directors/Sr. Directors/Managing Directors | 580-765 |
| Consultants/Senior Consultants | 300-550 |
| Administrative/Paraprofessionals/Associates | 125-250 |

16. FTI understands that interim and final fee awards are subject to approval by this Court.

### Indemnification

17. In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application, FTI requests that the following indemnification provisions be approved:

    a. subject to the provisions of subparagraphs (b) and (c) below, the Debtor is authorized to indemnify, and shall indemnify, FTI for any claims arising from, related to, or in connection with FTI's engagement under this Application, but not for any claim arising from, related to, or in connection with FTI's post-petition performance of any other services other than those in connection with the engagement, unless such post-petition services and indemnification therefore are approved by this Court; and

    b. the Debtor shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to FTI's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of this Application; and

    c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this chapter 11 case, FTI believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application in this Court, and the Debtor may not pay any such amounts to FTI before the entry of an order by

this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtor's obligation to indemnify FTI

The Committee believes that indemnification is customary and reasonable for financial advisors in chapter 11 proceedings. *See In re Joan & David Halpern, Inc.*, 248 B.R. 43 (Bankr. S.D.N.Y. 2000).

### No Prior Request

18. No prior Application for the relief requested herein has been made to this or any other Court.

### Notice

19. Notice of this Application has been given to (i) the Debtor and (ii) the United States Trustee. In light of the nature of the relief requested, the Committee submits that no further notice is required.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisors for the Committee for the purposes set forth above, nunc pro tunc to September 26, 2014, and grant such further relief as is just and proper.

Date: October 13, 2014

        THE OFFICIAL COMMITTEE OF UNSECURED
        CREDITORS OF NAARTJIE CUSTOM KIDS, INC.

        Simon Property Group, Inc.,
        solely in its capacity as Committee Chair and not in its
        individual capacity[1]

        _____
        Ron Tucker, Esq.
        Committee Chair

---

[1] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.