Jeffrey N. Pomerantz (CA Bar No. 143717)
Bradford J. Sandler (DE Bar No. 4142)
Teddy M. Kapur (CA Bar No. 242486)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd. 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
       bsandler@pszjlaw.com
       tkapur@pszjlaw.com

Proposed Attorneys for the Official Committee
Of Unsecured Creditors of Naartjie Custom Kids, Inc.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| In re:<br><br>NAARTJIE CUSTOM KIDS, INC.,<br><br>Debtor. | **Bankruptcy Case No 14-29666**<br>Chapter 11<br><br>Chief Judge William T. Thurman<br><br>[Filed Electronically] |
|---|---|

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORITY TO RETAIN AND EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS ITS COUNSEL *NUNC PRO TUNC* TO SEPTEMBER 23, 2014**

The Official Committee of Unsecured Creditors (the "Committee") of Naartjie Custom Kids, Inc. (the "Debtor") hereby submits its application (the "Application") for the entry of an order pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel to the Committee in connection with the Debtor's chapter 11 case, *nunc pro tunc* to September 23, 2014. In support of the Application, the Committee submits the declaration of Jeffrey N. Pomerantz (the "Pomerantz Declaration"), a partner of the Firm, filed concurrently herewith and incorporated herein by reference. In support of the Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue of this chapter 11 case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

4.  On September 12, 2014 (the "Petition Date"), the Debtor filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its properties and assets as a debtor in possession.

5.  On September 22, 2014, the Office of the United States Trustee (the "UST") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. *See* Docket No. 69, as amended by Docket No. 82. The Committee consists of the following six members: (i) Simon

Property Group, Inc.; (ii) Target East International; (iii) Soxnet, Inc.; (iv) GGP Limited Partnership; (v) Inetz; and (vi) The Macerich Company.

6. On September 23, 2014, the Committee held its initial meeting and, among other things, voted to retain the Firm as its counsel, subject to Court approval.

7. The Firm's retention is requested as of September 23, 2014, as that is the date the Committee first requested PSZJ to render legal services on behalf of the Committee, and the Firm has been actively advising the Committee since that date.

8. The Committee has selected the Firm as its counsel because of its extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. The Firm has approximately 65 attorneys with a practice concentrated on corporate reorganizations, bankruptcy, litigation and commercial matters. The Firm has extensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases, including more than fifty chapter 11 retail cases. The Firm has represented creditors' committees or debtors in retail cases, including, among others, Ashley Stewart Holdings, Inc., No Fear Retail Stores, Circuit City, Z Gallerie, Movie Gallery, Hollywood Video, Robbins Brothers, Flying J, Tweeter Home Entertainment, and Organized Living. In addition, the Firm has experience dealing with the Debtor's primary secured creditor, Salus Capital Partners. The Firm has represented creditors' committees in five recent cases in which Salus was the DIP lender. Accordingly, the Committee believes that the Firm is well-qualified to render the services described below.

## RELIEF REQUESTED

9. By this Application, the Committee respectfully requests that the Court enter an order pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014 authorizing the Committee to employ and retain the Firm as its bankruptcy counsel in this chapter 11 case.

10. The Committee seeks to retain the Firm *nunc pro tunc* to September 23, 2014 because the Firm began providing services to the Committee as of such date. The Committee believes that such *nunc pro tunc* retention is appropriate in these Cases because the Committee required effective representation prior to such time as a retention application could be submitted to the Court due to the exigencies of the Case, and the Firm has been providing services to the Committee since September 23, 2014.

11. PSZJ has stated its desire, willingness, and ability to act in this case as counsel for the Committee, to render the services necessary, and to be compensated as set forth below.

## SERVICES TO BE RENDERED

12. Subject to further Order of this Court, the Firm is expected to render, among other services, the following services to the Committee:

    a. Assisting, advising, and representing the Committee in its consultations with the Debtor regarding the administration of this case;

    b. Assisting, advising and representing the Committee with respect to the Committee's retention of professionals and advisors with respect to this case;

    c. Assisting, advising, and representing the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens and participating in and

reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

  d. Assisting, advising, and representing the Committee in its participation in the Debtor's liquidation efforts and the sale of the Debtor's remaining assets;

  e. Assisting, advising, and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

  f. Assisting, advising, and representing the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtor, the Debtor's operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this case or to the formulation of a plan;

  g. Assisting, advising, and representing the Committee in its participation in the negotiation, formulation, and drafting of a plan of liquidation or reorganization;

  h. Advising the Committee on the issues concerning the appointment of a trustee or examiner under section 1104 of the Bankruptcy Code;

  i. Assisting, advising, and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

  j. Assisting, advising, and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

  k. Providing such other services to the Committee as may be necessary in this case.

## NO ADVERSE INTEREST OF PROFESSIONALS

13.     The Committee believes that PSZJ does not hold or represent any interest that is adverse to the Committee and the Debtor's estate and does not hold or represent any interest adverse to and has no connection with the Committee, the Debtor, its creditors or any party-in-interest herein in the matters upon which PSZJ is to be retained, except as set forth in the Pomerantz Declaration. Therefore, to the best of the Committee's knowledge, PSZJ is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

14.     Other than as set forth in the Pomerantz Declaration, neither PSZJ nor any of its attorneys has any connection with any party-in-interest, or their attorneys or accountants in the case.

15.     Except as provided in the Pomerantz Declaration, to the best of the Committee's knowledge, neither PSZJ, nor any of its attorneys, holds or represents any interest adverse to the Committee or the Debtor's estate in the matters on which they are to be retained. The Committee submits that its proposed employment of PSZJ is in the best interests of the Committee and its members.

16.     To the best of the Committee's knowledge, and except as disclosed in the Pomerantz Declaration, PSZJ has had no other prior connection with the Debtor, its creditors or any other party-in-interest. Upon information and belief, PSZJ does not hold or represent any interest adverse to the Debtor's estate, the Committee, or the creditors the Committee represents in the matters upon which it has been and is to be engaged.

17.     The Firm represents many debtors and committees in other bankruptcy cases, and the debtors, the members of those committees, or those estates may be creditors of the Debtor.

However, the Firm will not represent any members of those debtors, committees or their members with respect to any claims that they may have collectively or individually against the Debtor.

18. Similarly, PSZJ may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtor that are unrelated to this case.

19. While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtor and other parties-in-interest, it is possible that connections with some parties-in-interest have not yet been identified. Should the Firm, through its continuing efforts, or as this case progresses, learn of any new connections of the nature described above, the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

## PROFESSIONAL COMPENSATION

20. The Committee desires to employ the Firm and compensate the firm with reasonable fees to be determined by the Court. No compensation will be paid to the Firm except upon compliance with the Bankruptcy Code, Bankruptcy Rules and/or any other applicable procedures and orders of this Court. The Firm has received no retainer in this case to represent the Committee. Neither the Committee nor any of its members (or their representatives) are or will be liable for any fees or costs incurred by the Firm in its representation of the Committee.

21. The Firm has agreed with the Committee to make the following adjustments to its compensation for services rendered and expenses incurred in this matter. PSZJ will not seek compensation for travel time to or from the Salt Lake City area, but the Firm will seek reimbursement of its expenses related to such travel.

22. In addition, subject to Court approval in accordance with sections 330(a) and 331 of the Bankruptcy Code, the Firm's monthly statements for services rendered will not exceed the total attorney hours reflected on such statement multiplied by a blended hourly rate of $650.00 (the "Blended Rate"), plus paraprofessional and research assistant fees and the Firm's actual and necessary expenses. All of the Firm's attorneys billing to the representation will bill at their standard hourly rates, and the Firm will discount its request for compensation to the extent the average rate of the total attorney hours reflected on a monthly statement exceeds the Blended Rate.

23. The principal attorneys and paralegals presently designated to represent the Committee and their current standard hourly rates are:

|   |   |   |   |
|---|---|---|---|
| a. | Jeffrey N. Pomerantz, Partner | $875.00 per hour |
| b. | Bradford J. Sandler, Partner | $775.00 per hour |
| c. | Teddy M. Kapur, Partner | $550.00 per hour |
| d. | Patricia Jeffries, Paralegal | $295.00 per hour |

24. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein. The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PSZJ's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in

mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients and within the guidelines and standing orders of the Court. PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

## CONCLUSION

WHEREFORE, based upon the foregoing, the duly appointed Committee respectfully requests that (a) it be authorized to employ the law firm of Pachulski Stang Ziehl & Jones LLP as its counsel to represent it in this Chapter 11 case *nunc pro tunc* to September 23, 2014; and (b) that the Court grant such other and further relief as this Court deems just and necessary.

DATED this 7th day of October, 2014.

        CHAIRMAN, OFFICIAL COMMITTEE OF
        UNSECURED CREDITORS


        By:_____
           Ron Tucker
           Simon Property Group, Inc.


Agreed to:        PACHULSKI STANG ZIEHL & JONES LLP

        By:  */s/ Jeffrey N. Pomerantz*
           Jeffrey N. Pomerantz

        *Proposed Attorneys for the Official Committee of Unsecured Creditors*

special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients and within the guidelines and standing orders of the Court. PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

## CONCLUSION

WHEREFORE, based upon the foregoing, the duly appointed Committee respectfully requests that (a) it be authorized to employ the law firm of Pachulski Stang Ziehl & Jones LLP as its counsel to represent it in this Chapter 11 case *nunc pro tunc* to September 23, 2014; and (b) that the Court grant such other and further relief as this Court deems just and necessary.

DATED this __ day of October, 2014.

                 CHAIRMAN, OFFICIAL COMMITTEE OF
                 UNSECURED CREDITORS

                 By: _____
                 Ron Tucker
                 Simon Property Group, Inc.

Agreed to:            PACHULSKI STANG ZIEHL & JONES LLP

                 _____
                 Jeffrey N. Pomerantz

DOCS_LA:281780.3 59681/002           9