Annette W. Jarvis (Utah State Bar No. 01649)
Peggy Hunt (Utah State Bar No. 06060)
Michael F. Thomson (Utah State Bar No. 09707)
Jeffrey M. Armington (Utah State Bar No. 14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com
       thomson.michael@dorsey.com
       armington.jeff@dorsey.com

*Attorneys for Debtor Naartjie Custom Kids, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: | Bankr. Case No. 14-29666 |
| NAARTJIE CUSTOM KIDS, INC., | Chapter 11 |
| Debtor. | The Honorable William T. Thurman |

**DEBTOR'S MOTION FOR AN ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS, AND (II) GRANTING RELATED RELIEF**

Pursuant to 11 U.S.C. §§ 105(a) and 331, as well as Fed. R. Bankr. P. 2016(a), Naartjie Custom Kids, Inc. ("Naartjie" or "Debtor"), the debtor in possession in the above-captioned bankruptcy case, by and through its counsel, submits this motion (the "Motion") for entry of an Order (i) authorizing and establishing procedures for the interim compensation and reimbursement of expenses of Retained Professionals (as defined below) and (ii) granting such

further relief as requested herein or as is otherwise necessary or appropriate. In support of the Motion, the Debtor states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND

2. On September 12, 2014, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in this case. The Official Committee of Unsecured Creditors was formed on September 22, 2014 (the "Committee"). The Debtor is operating its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4. The Debtor, as debtor in possession, has filed applications to retain (i) Dorsey & Whitney LLP as Debtor's attorney [Docket No. 25]; (ii) Stroock & Stroock & Lavan LLP as special counsel [Docket No. 98]; (iii) SierraConstellation Partners, LLC as restructuring advisors [Docket No. 141]; and (iv) Hilco IP Services LLC, d/b/a Hilco Streambank as marketing agent [Docket No. 206] (collectively, the "Debtor's Professionals"). The Committee has filed applications to retain (i) FTI Consulting, Inc. as financial advisor [Docket No. 163]; (ii) Pachulski Stang Ziehl & Jones LLP as attorney [Docket No. 166]; and (iii) Ray Quinney & Nebeker P.C. as attorney [Docket No. 174]; (collectively, the "Committee's Professionals"). The foregoing applications have all been approved by the Court. The Debtor may also retain

other professionals during the course of the Chapter 11 Case as the need arises. Additionally, the Committee may wish to retain additional professionals.

5. Pursuant to sections 105(a) and 331 of the Bankruptcy Code, the Debtor seeks entry of an order establishing an orderly, regular process for the allowance and payment of compensation and reimbursement for attorneys and other professionals whose retentions are approved by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code (the "<u>Retained Professionals</u>") and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, including the Debtor's Professionals and the Committee's Professionals.

6. The Debtor believes that establishing orderly procedures for payment of the Retained Professionals will streamline the administration of the Chapter 11 Case and otherwise promote efficiency for the Court, the Office of the United States Trustee for the District of Utah (the "<u>U.S. Trustee</u>"), and all parties in interest. Specifically, a streamlined process for serving interim fee applications and the notices thereof is in the best interest of the Debtor and the estate, because it will facilitate efficient review of the Retained Professionals' fees and expenses while saving the Debtor unnecessary copying and mailing expenses.

7. The Debtor proposes that the monthly payment of compensation and reimbursement of expenses of the Retained Professionals (the "<u>Compensation Procedures</u>") be structured as follows:

    a. On or before the fifteenth (15th) day of each month following the month for which compensation is sought, or as soon as practicable thereafter, each Retained Professional seeking compensation under the Order will serve a monthly fee

    statement (a "<u>Monthly Fee Statement</u>"), by electronic mail, hand or by first class mail on (i) the Debtor (ii) Debtor's Counsel (iii) the Office of the United States Trustee for the District of Utah, and (iv) the Committee's Counsel for distribution to the Committee (collectively, the "<u>Notice Parties</u>" and, each, a "<u>Notice Party</u>").

b. On or before the fifteenth (15th) day of each month following the month for which compensation is sought, or as soon as practicable thereafter, each Retained Professional seeking compensation and/or reimbursement shall file its Monthly Fee Statement with the Court.

c. For those Retained Professionals who bill based on time, each Monthly Fee Statement must contain a list of the individuals and their respective titles (*e.g.*, attorney, accountant or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, contemporaneously maintained time entries for each individual in increments of one-tenth (1/10) of an hour, and a reasonably detailed breakdown of the expenses incurred.

d. Each Notice Party will have ten (10) days after the receipt of the Monthly Fee Statement to review such statement and, in the event that the Notice Party has an objection to the compensation or reimbursement sought in a particular statement, the Notice Party shall, by no later than the tenth (10th) day following the receipt of the Monthly Fee Statement (the "<u>Objection Deadline</u>"), serve upon the Retained Professional whose statement is objected to and the other Notice Parties, a written

"Notice of Objection to Fee Statement" setting forth the nature of the objection and the specific amount of fees or expenses in dispute.

e. At the expiration of the Objection Deadline, the Debtor shall promptly pay (i) eighty percent (80%) of the undisputed fees and (ii) one hundred percent (100%) of the undisputed expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d).

f. If the Debtor receives an objection to a particular Monthly Fee Statement, it shall withhold payment of that portion of such statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

g. Similarly, if the parties to an objection are able to resolve their dispute following the service of a Notice of Objection to Fee Statement and, if the Retained Professional whose Monthly Fee Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an objection.

h. All objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be held by the Court, in accordance with paragraph (j).

i. The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in

5

accordance with the Bankruptcy Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

j. Approximately every one hundred twenty (120) days, but no more than every one hundred fifty (150) days, each of the Retained Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested.

k. No notice of hearing should be filed by Retained Professionals in connection therewith, as the Debtor will schedule a hearing at which all fee applications will be heard. At least thirty (30) days before the hearing, the Debtor's attorneys shall file a notice with the Court, served upon the U.S. Trustee, the Committee and all Retained Professionals, that sets forth the time, date, and location of the fee hearing, the date by which the fee applications must be filed, the period covered by such application, and the objection deadline. Any Retained Professional unable to file its own fee application with the Court shall deliver to the Debtor's attorneys a fully executed copy with original signatures, along with service copies, three (3) days before the filing deadline. The Debtor's attorneys shall file and serve such application.

l. Any Retained Professional who fails to file a monthly fee statement for a particular month or months may subsequently submit a consolidated monthly fee statement including any prior month or months.  All monthly fee statements shall comply with the Bankruptcy Code and the Bankruptcy Rules.

m. Any Retained Professional who fails to file a quarterly fee application seeking approval of compensation and expenses previously paid under the Order when such application is due shall (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

n. The pendency of a fee application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

o. Neither the payment, nor the failure to pay, in whole or in part, of monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professional.

p. Each member of any statutory committee appointed in this case may, in accordance with the foregoing procedures for monthly compensation and reimbursement of Retained Professionals, collect and submit statements of

7

expenses (excluding third-party attorney or other fees or expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and submit for reimbursement in accordance with the Interim Compensation Procedures. Approval of these Interim Compensation Procedures, however, will not authorize payment of such expenses to the extent that such authorization does not comply with the Bankruptcy Code and Bankruptcy Rules.

8. The Debtor proposes that each Retained Professional whose retention has been approved by the Court may seek, in its first Monthly Fee Statement, compensation for all work performed and reimbursement for all expenses incurred from September 12, 2014 through October 31, 2014. All Retained Professionals not retained as of the date of this Motion shall file their first Monthly Fee Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention, and otherwise in accordance with the procedures set forth in this Motion. The first quarterly fee application for the Retained Professionals shall seek compensation and reimbursement of expenses incurred through January 31, 2015.

9. The Debtor proposes that the amount of fees and disbursement sought by a Retained Professional shall be set out in U.S. Dollars; if the fees and disbursements are to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the application.

10. The Debtor further requests that the Court limit service of interim and final fee applications (collectively, the "<u>Applications</u>") to the Notice Parties, with notices of any hearings

on the Applications (the "Hearing Notice") to be served on all other parties that have filed a notice of appearance with the Court and requested notice of pleadings in the Chapter 11 Case. The Debtor additionally requests that the Court require all Retained Professionals to provide a copy of any Application (which copy may be provided electronically as a pdf document through email delivery) to any party other than the Notice Parties upon receipt of a written request from such party. Because the Applications are anticipated to be voluminous, the Debtor submits that serving the Applications and the Hearing Notices in this manner will permit the parties most active in the Chapter 11 Case to review and object to the Retained Professionals' fees efficiently and will save unnecessary duplications and mailing expenses.

## RELIEF REQUESTED

11. The Debtor respectfully requests entry of an Order (i) authorizing and establishing the proposed Compensation Procedures for the interim compensation and reimbursement of expenses of Retained Professionals and (ii) granting such further relief as requested herein or as is otherwise necessary or appropriate.

## BASIS FOR RELIEF

12. The authority for establishing procedures for interim compensation and reimbursement of expenses of professionals is found within section 331 of the Bankruptcy Code, which provides, in relevant part:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of

this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.[1]

13. Thus, pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every one hundred twenty (120) days, or more often in the bankruptcy court permits.[2] The underlying purpose of section 331 of the Bankruptcy Code is to provide financial relief to court-appointed professionals engaged in protracted bankruptcy proceedings and cases, so that these professionals do not have to endure unexpected delays before receiving compensation.[3] Indeed, "[c]ourts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently."[4]

14. Additionally, 11 U.S.C. § 105(a) authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

15. The Debtor believes that the proposed Compensation Procedures will enable it and other core parties in interest to closely monitor costs of administration, maintain level cash flow availability and implement efficient cash management procedures. Moreover, the Compensation Procedures will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought by the Retained Professionals.

---

[1] 11 U.S.C. § 331.

[2] *Id.*

[3] *See Leichty v. Neary (In re Strand)*, 375 F.3d 854, 858 (9th Cir. 2004); *In re Tri-State Ethanol Co., LLC*, 2007 WL 2033344 (Bankr. D.S.D. July 10, 2007).

[4] *In re Mariner Post-Acute Network*, 257 B.R. 723, 727 (Bankr. D. Del. 2000).

16. The Debtor respectfully submits that the efficient administration of the Chapter 11 Case will be significantly aided by establishing the proposed Compensation Procedures. Absent streamlined compensation procedures, the professional fee application and review process could be exceptionally burdensome to the Debtor, the Retained Professionals, the Court, and other parties. By contrast, under the proposed Compensation Procedures, the mechanism for payment of Retained Professionals' fees will be simplified. Accordingly, the relief requested is in the best interest of the Debtor, its estate and its creditors.

17. Courts in this district have approved similar relief to that requested herein,[5] and the Debtor has conferred with the U.S. Trustee prior to filing this Motion and confirmed that the U.S. Trustee is not opposed to the relief requested herein.

## CONCLUSION

WHEREFORE, pursuant to 11 U.S.C. §§ 105(a) and 331, the Debtor respectfully requests the entry of an Order (i) authorizing and establishing procedures for interim compensation and reimbursement of expenses of professionals and (ii) granting related relief.

DATED this 13th day of November, 2014.

**DORSEY & WHITNEY LLP**

 */s/ Annette W. Jarvis*
Annette W. Jarvis
Peggy Hunt
Michael F. Thomson
Jeffrey M. Armington
*Attorneys for Debtor Naartjie Custom Kids, Inc.*

---

[5] *In re Randall*, Case No. 10-37546 (JTM) (Bankr. Utah Dec. 20, 2010) [Docket No. 340]; *In re Waterford Funding, LLC*, Case No. 09-22584 (RKM) (Bankr. Utah March 20, 2009) [Docket No. 303].

11