Michael R. Johnson, Esq. (A7070)
David H. Leigh, Esq. (A9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mjohnson@rqn.com
Email: dleigh@rqn.com

Jeffrey N. Pomerantz (CA Bar No. 143717)
Bradford J. Sandler (DE Bar No. 4142)
Teddy M. Kapur (CA Bar No. 242486)
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd. 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
　　　　bsandler@pszjlaw.com
　　　　tkapur@pszjlaw.com
*Attorneys for the Official Committee*
*Of Unsecured Creditors of Naartjie Custom Kids, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>NAARTJIE CUSTOM KIDS, INC.,<br><br>　　　　　　　　　　　　　　Debtor. | **Bankruptcy Case No 14-29666**<br>Chapter 11<br><br>Chief Judge William T. Thurman<br><br>[Filed Electronically] |

*EX PARTE* **APPLICATION FOR AN ORDER SHORTENING TIME FOR NOTICE OF, AND THE HEARING ON, THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORITY TO RETAIN AND EMPLOY HOGAN LOVELLS (SOUTH AFRICA) AS ITS SPECIAL SOUTH AFRICAN COUNSEL**

Pursuant to 11 U.S.C. § 105, Federal Rule of Bankruptcy Procedure 9006 and Bankr. D. Ut. LBR 9006-1, the Official Committee of Unsecured Creditors (the "Committee") of Naartjie Custom Kids, Inc. (the "Debtor"), by and through counsel, respectfully moves this Court, *ex parte*, for an Order shortening the time for notice of, the time to object to, and the hearing on the Committee's *Application of the Official Committee of Unsecured Creditors for Authority to Retain and Employ Hogan Lovells (South Africa) as its Special South African Counsel* (the "Hogan Lovells Application"). [Doc. 256] The Hogan Lovells Application was filed with the Court on November 21, 2014.

In particular, the Committee respectfully requests in this *ex parte* motion that, conditioned upon service of the Notice of Motion and Hearing concerning the Hogan Lovells Application by ecf delivery on all electronic filing users in this case by no later than Monday, November 24, 2014, that the Court (a) shorten the time for filing and serving responses to the Hogan Lovells Application, such that responses must be filed and served upon counsel for the Committee by no later than Monday, December 1, 2014, at 5:00 p.m., (b) the Committee be allowed to file any replies by Tuesday, December 2, 2014, at 12:00 p.m., and (b) conduct a hearing on the Hogan Lovells Application and any responses or objections related thereto on Tuesday, December 2, 2014, at the hour of 1:00 p.m.

In support of this *ex parte* motion, the Committee respectfully states as follows:

**I.    JURISDICTION.**

This Court has jurisdiction to hear and decide this *ex parte* motion pursuant to 28 U.S.C. §§ 1334 and 157.  The relief requested herein is permissible under 11 U.S.C. § 105, Federal Rule of Bankruptcy Procedure 9006, and LBR 9006-1.

## II.    BACKGROUND/GROUNDS FOR SHORTENING TIME.

1.    In the Hogan Lovells Application, the Committee has asked the Court for authority to employ and retain the South Africa law firm of Hogan Lovells (South Africa) Incorporated (the "Hogan") as its special South Africa counsel to assist the Committee in connection with the Debtor's disposition of the South Africa business currently being operated by the Debtor's subsidiary, ZA One (Pty) Ltd. ("ZA One").

2.    The Debtor owns all of the stock of ZA One.  As the Court is aware, the Debtor has filed a motion (the "Sale Motion") asking the Court to authorize and approve the sale of certain assets of the Debtor to Truworths Limited.  Included in the sale are certain assets associated with ZA One and the Debtor's intellectual property and licenses.

3.    The Court has scheduled a hearing on the Sale Motion for November 25, 2014, at 2:00 p.m.

4.    If the Sale Motion is approved by the Court, then the Debtor, ZA One and Truworths Limited will thereafter attempt to close the sale.

5.    The Committee has asked the Court for authorization to employ and retain Hogan so that the Committee can review, evaluate and advise the Committee with respect to that particular transaction.  Specifically, as noted in the Hogan Lovells Application, the Committee desires that Hogan "advise the Committee on (a) the timing and process for the proposed acquisition of the assets of ZA One; (b) advise as to the most cost effective and time efficient process to remit proceeds of the sale to the Debtor; and (c) advise on any draft agreement of sale that may be prepared" in connection with the sale, as well as advising on regulatory requirements and processes under South Africa law.

6.    On Monday, November 24, 2014, Target Ease International ("Target") filed an objection to the Hogan Lovells Application.  [Doc. 269]  Target's objection, in the main, appears

to be that the Hogan Lovells Application should be denied because, in Target's view, the proposed transactions involving ZA One will not benefit the estate or generate funds for unsecured creditors.

7. In light of the proposed sale to Truworths Limited, and the need for the Committee to have competent representation by Hogan in the event that the sale is approved and the parties then proceed to consummate it, it is critical that the Committee and Hogan both know, as soon as reasonably possible, whether the Hogan Lovells Application will be approved. Indeed, barring an Order shortening time, the proposed Truworths Limited transaction might be closed before the Hogan Lovells Application could even be considered.

8. The Committee understands that the Court has the time necessary to consider the Hogan Lovells Application at the hearing already scheduled to take place in this case on December 2, 2014, at 1:00 p.m.

### III. RELIEF REQUESTED/GROUNDS FOR SHORTENING OF TIME.

9. Local 9006-1 provides that a "moving party shall provide at least 14 days' written notice of the deadline to file an objection or response to [a] motion."

10. Pursuant to Federal Rule of Bankruptcy Procedure 9006(c)(1) and LBR 9006-1, however, and except with respect to certain matters not relevant here, the Court may shorten the time for service and notice in a bankruptcy case "for cause shown." The Court may shorten time on such matters so long as parties in interest receive notice in sufficient time to take "meaningful action" in response to the impending deprivation of their rights. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 56 L. Ed. 2d 30, 98 S. Ct. 1554 (1978).

11. The Committee submits that substantial cause exists to shorten the time for notice of, the deadline for filing responses to, and the hearing on the Hogan Lovells Application in this case. Assuming the Court approves the Sale Motion, Hogan would then be asked by the Committee to perform substantial additional work for and on behalf of the Committee relating to

the proposed transaction and the sale of ZA One to Truworths Limited. Hogan should not have to perform those additional services with its status as an estate professional up in the air. Indeed, it is only fair that Hogan be informed at the earliest possible time whether or not the Committee's application to employ the firm has been approved.

12. Moreover, the Committee submits that giving parties in interest until Monday, December 1, 2014, at 5:00 p.m. to respond to the Hogan Lovells Application, which is a period of approximately ten days after the Hogan Lovells Application was filed and seven days from the date of this *ex parte motion,* is sufficient under the circumstances, particularly given the nature of the relief requested and the issues involved. Target has already filed its response to the Hogan Lovells Application, and the Committee proposes to discuss the application with the Office of the United States Trustee on Tuesday, November 25, 2014, prior to the hearing on the Sale Motion.

13. Based upon the foregoing, the Committee hereby respectfully requests the entry of an Order from this Court granting the Committee the following *ex parte* relief conditioned upon service of the Notice of Motion and Hearing concerning the Hogan Lovells Application by ecf service on all electronic filing users in this case by no later than Monday, November 24, 2014 upon the official mailing matrix in the Randall Case:

(a) Establishing Monday, December 1, 2014, at 5:00 p.m. (MST) as the deadline for parties in interest to file and serve any responses or objections to the Hogan Lovells Application, with any objections or responses to be filed with the Court and served upon counsel for the Committee;

(b) Establishing Tuesday, December 2, 2014, at 12:00 p.m. (MST) as the deadline for the Committee, if it elects, to file any replies to the Hogan Lovells Application; and

5

(c) Establishing <u>Tuesday, December 2, 2014, at 1:00 p.m. (MST)</u>, or as soon thereafter as the motion may be heard, as the date and time for hearing on the Hogan Lovells Application.

WHEREFORE, based upon the foregoing, the Committee respectfully requests that the Court find good cause for granting this *ex parte* motion, that it enter an order granting the relief requested above, and that it grant the Committee such other and further relief as it deems just and proper.

DATED this 24th day of November, 2014.

RAY QUINNEY & NEBEKER

*/s/ Michael R. Johnson*
Michael R. Johnson
*Local Counsel for the Official Committee of Unsecured Creditors*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of November, 2014, I electronically filed the foregoing *Ex Parte Application for an Order Shortening Time for Notice of, and the Hearing On, the Application of the Official Committee of Unsecured Creditors for Authority to Retain and Employ Hogan Lovells (South Africa) as its Special South African Counsel* with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the Office of the United States Trustee and all other electronic filing users in this case as follows:

- **Jeffrey M Armington**   armington.jeff@dorsey.com
- **Darwin H. Bingham**   dbingham@scalleyreading.net, cat@scalleyreading.net
- **Dustin P. Branch**   dustin.branch@kattenlaw.com, donna.carolo@kattenlaw.com;lora.anderson@kattenlaw.com
- **Mona Lyman Burton**   mburton@hollandhart.com, ckelly@hollandhart.com;intaketeam@hollandhart.com;slclitdocket@hollandhart.com
- **Kenneth L. Cannon**   kcannon@djplaw.com, khughes@djplaw.com
- **Andrew S. Conway**   Aconway@taubman.com
- **J. Gregory Hardman**   ghardman@snowjensen.com
- **Tyler M. Hawkins**   hawkinst@ballardspahr.com, saltlakedocketclerk@ballardspahr.com;brownld@ballardspahr.com
- **Annette W. Jarvis**   jarvis.annette@dorsey.com, smith.ron@dorsey.com;slc.lit@dorsey.com;brown.patricia@dorsey.com
- **Michael R. Johnson**   mjohnson@rqn.com, dburton@rqn.com;docket@rqn.com
- **Teddy M. Kapur**   tkapur@pszjlaw.com
- **Peter J. Kuhn tr**   Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- **Bria E LaSalle Mertens**   blmertens@stoel.com, docketclerk@stoel.com
- **Frank A. Merola**   fmerola@stroock.com, cgabriel@stroock.com;morozco@stroock.com;mmagzamen@stroock.com;ssiegel@stroock.com;dmohamed@stroock.com
- **John T. Morgan tr**   john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov

- **David L. Pollack**    pollack@ballardspahr.com
- **Jeffrey N. Pomerantz**    jpomerantz@pszjlaw.com
- **Robert S. Prince**    rprince@kmclaw.com, squilter@kmclaw.com
- **Brian M. Rothschild**    brothschild@parsonsbehle.com, ecf@parsonsbehle.com
- **Bradford J. Sandler**    bsandler@pszjlaw.com
- **Engels Tejeda**    ejtejeda@hollandhart.com, tjones@hollandhart.com,slclitdocket@hollandhart.com,intaketeam@hollandhart.com
- **Michael F. Thomson**    thomson.michael@dorsey.com, montoya.michelle@dorsey.com;koontz.jennifer@dorsey.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov
- **Gale K. x6Francis**    txbk13@utah.gov

/s/ Dianne Burton