Annette W. Jarvis (Utah State Bar No. 01649)
Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Jeffrey M. Armington (Utah State Bar No. 14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com
       thomson.michael@dorsey.com
       armington.jeff@dorsey.com

*Attorneys for Debtor Naartjie Custom Kids, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>NAARTJIE CUSTOM KIDS, INC.,<br><br>Debtor. | Bankr. Case No. 14-29666<br><br>Chapter 11<br><br>The Honorable William T. Thurman |

**JOINT REPLY IN SUPPORT OF DEBTOR'S MOTION FOR ORDER (A) AUTHORIZING DEBTOR TO EXERCISE ITS SHAREHOLDER RIGHTS IN ZA ONE TO ACCOMPLISH THE SALE OF ZA ONE'S ASSETS, (B) AUTHORIZING SALE OF DEBTOR'S ASSETS AND INTELLECTUAL PROPERTY TO TRUWORTHS LIMITED PURSUANT TO 11 U.S.C. § 363(B) AND (F), SUBJECT TO HIGHER AND BETTER OFFERS TO BE SOLICITED AT PUBLIC AUCTION, AND
(C) GRANTING RELATED RELIEF**

Naartjie Custom Kids, Inc. ("Naartjie" or "Debtor"), the debtor in possession in the above captioned bankruptcy case, and the Official Committee of Unsecured Creditors (the "Committee"), in the above captioned bankruptcy case hereby submit this joint reply (the "Reply") in support of the *Debtor's Motion for Order (a) Authorizing Debtor to Exercise its Shareholder Rights in ZA One to Accomplish the Sale of ZA One's Assets, (b) Authorizing Sale of*

*Debtor's Assets and Intellectual Property to Truworths Limited Pursuant to 11 U.S.C. § 363(b) and (f), Subject to Higher and Better Offers to be Solicited at Public Auction, and (c) Granting Related Relief* [Docket No. 265] (the "<u>Sale Motion</u>"),[1] and in opposition to the *Objection to Sale Motion* [Docket No. 274] (the "<u>Objection</u>") filed by Target Ease International ("<u>Target</u>"). For the reasons set forth below, the Court should grant the Sale Motion and overrule the Objection.[2]

## REPLY

Simply put, the Debtor is seeking authority to exercise its reasonable business judgment to enter into the Agreements to increase the size of the pie for the benefit of all of the Debtor's creditor constituents. The Debtor takes its fiduciary responsibility to maximize the value of its estate for the benefit of its creditors very seriously. All of the Debtor's actions throughout this case have been taken with that objective in mind. Moving rapidly but carefully, in an effort to minimize administrative expenses and preserve value for the Debtor's creditors, in the roughly two months since the Petition Date, the Debtor has entered into agreements to sell substantially all of its assets. Accordingly, the Debtor expeditiously sold its inventory in the United States to Great American, LLC through the Agency Agreement and now it seeks to sell the Assets to Truworths through the Agreements attached to the Sale Motion. As discussed in the Motion, and as the evidence presented at the hearing will demonstrate, the proposed transaction with Truworths is the best alternative to maximize value of the Debtor's intellectual property and interest in ZA One, its wholly owned subsidiary. Throughout the case the Debtor has consulted with the Official Committee of Creditors Holding General Unsecured Claims (the "Committee") which supports the relief requested in the Motion.

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Sale Motion.

[2] The Declaration of David Peress and the Declaration of Jeff Nerland will be submitted in support of this Reply in advance of the hearing on the Sale Motion.

2

The Objection: (a) improperly asks this Court to make a premature determination about Target's "Stay Motion" [Docket No. 272]; (b) improperly asserts that Target has an interest (which requires adequate protection) in the $305,000.00 that the Debtor must fund to ZA One as a condition to closing the ZA One Agreement and consequently, the closing of the US Asset Purchase Agreement;[3] and (c) objects to an assumption and assignment that is not before the Court. Accordingly, the Objection should be overruled in its entirety and the Sale Motion should be granted.

*First*, Target's assertion that "any order approving the sale should specifically preserve Target's rights in the Spring Goods, including its right to dispose of them in a commercially reasonable manner"[4] improperly asks this Court to rule on the "Stay Motion" that Target filed today. As Target is aware, the Debtor has rights in its trademarks and intellectual property that it will continue to hold until the closing of the Agreements. The Debtor reserves all rights to enforce any restrictions on the dispositions of its trademarked goods, but the Sale Motion, or any Order approving the Sale Motion is not the appropriate forum to litigate those disputes. To be clear, the Debtor is not seeking to sell the Spring Goods pursuant to the ZA One Agreement and the ZA One Agreement does not alter Target's rights with respect to the Spring Goods. Accordingly, Target's first objection to the Sale Motion should be overruled.

*Second*, for the reasons articulated in the Debtor's Reply in support of the supplemental ZA One funding motion [Docket No. 260], Target does not have an interest in the property that requires adequate protection in connection with the Debtor's use of $305,000 to fund ZA One as required by the ZA One Agreement. At most, Target has disputed reclamation and Section

---

[3]  *See* US Asset Purchase Agreement, Section 8.01(c).

[4]  Objection at p. 2.

503(b)(9) claims, rather than an interest in any property the Debtor is seeking to sell. The Debtor's funding of $305,000 to ZA One is a condition to closing the ZA One Agreement (and, consequently, the US Asset Purchase Agreement),[5] which together with the US Asset Purchase Agreement, will generate around $2.7 million in value for the Debtor's estate. Thereafter, if the parties cannot agree on how the sale proceeds will be distributed the Court can adjudicate such disputes. Target's status as a disputed administrative creditor does not give it veto power over the Debtor's efforts to sell its remaining assets, especially when such efforts are supported by the other major stakeholders in the case. Entry into the Agreements will simply increase the amount of assets available to all constituents and Target's comments about who the Agreements will benefit are not well founded. Accordingly, the Court should overrule Target's second objection to the Sale Motion.

*Finally*, Target objects to the assumption and assignment of the "Supply Agreement" dated June 25, 2004, and listed as a "Continuing Contract" on Schedule 1 of the ZA One Agreement.[6] The Debtor has not sought authority to assume and assign the Supply Agreement to Truworths, and this matter is not before the Court in the Sale Motion. To the extent the Supply Agreement governs Target's relationship with ZA One and Target wants to contest Truworths' rights and/or obligations under the agreement, that dispute is a matter for South African courts and is not appropriately before this Court. Accordingly, because the Sale Motion does not request authority to assume or assign the Supply Agreement, Target's third objection to the Sale Motion should be overruled.

---

[5]   *See* US Asset Purchase Agreement, Section 8.01(c).

[6]   Objection at p. 3.

## **CONCLUSION**

For the reasons described above, the Objection should be overruled in its entirety and the Sale Motion should be granted.

DATED this 24th day of November, 2014.

**DORSEY & WHITNEY LLP**

*/s/ Annette W. Jarvis*
Annette W. Jarvis
Peggy Hunt
Michael F. Thomson
Jeffrey M. Armington
*Attorneys for Debtor Naartjie Custom Kids, Inc.*

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Jeffrey N. Pomerantz*
Jeffrey N. Pomerantz
Bradford J. Sandler
Teddy M. Kapur
*Attorneys for the Official Committee of Unsecured Creditors of Naartjie Custom Kids, Inc.*

**RAY QUINNEY & NEBEKER P.C.**
Michael R. Johnson
David H. Leigh
*Local Counsel for the Official Committee of Unsecured Creditors of Naartjie Custom Kids, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on November 24, 2014, the **JOINT REPLY IN SUPPORT OF DEBTOR'S MOTION FOR ORDER (A) AUTHORIZING DEBTOR TO EXERCISE ITS SHAREHOLDER RIGHTS IN ZA ONE TO ACCOMPLISH THE SALE OF ZA ONE'S ASSETS, (B) AUTHORIZING SALE OF DEBTOR'S ASSETS AND INTELLECTUAL PROPERTY TO TRUWORTHS LIMITED PURSUANT TO 11 U.S.C. § 363(B) AND (F), SUBJECT TO HIGHER AND BETTER OFFERS TO BE SOLICITED AT PUBLIC AUCTION, AND (C) GRANTING RELATED RELIEF** (the "Reply") was filed electronically with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system.

I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and were served with the Motion and Notice through the CM/ECF system (collectively, the "ECF Parties"):

- Jeffrey M Armington armington.jeff@dorsey.com
- Darwin H. Bingham dbingham@scalleyreading.net, cat@scalleyreading.net
- Dustin P. Branch dustin.branch@kattenlaw.com, donna.carolo@kattenlaw.com;lora.anderson@kattenlaw.com
- Mona Lyman Burton mburton@hollandhart.com, ckelly@hollandhart.com;intaketeam@hollandhart.com;slclitdocket@hollandhart.com
- Kenneth L. Cannon kcannon@djplaw.com, khughes@djplaw.com
- Andrew S. Conway Aconway@taubman.com
- J. Gregory Hardman ghardman@snowjensen.com
- Tyler M. Hawkins hawkinst@ballardspahr.com, saltlakedocketclerk@ballardspahr.com;brownld@ballardspahr.com
- Annette W. Jarvis jarvis.annette@dorsey.com, smith.ron@dorsey.com;slc.lit@dorsey.com;brown.patricia@dorsey.com
- Michael R. Johnson mjohnson@rqn.com, dburton@rqn.com;docket@rqn.com
- Teddy M. Kapur tkapur@pszjlaw.com
- Peter J. Kuhn tr Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Bria E LaSalle Mertens blmertens@stoel.com, docketclerk@stoel.com
- Frank A. Merola fmerola@stroock.com, cgabriel@stroock.com;morozco@stroock.com;mmagzamen@stroock.com;ssiegel@stroock.com;dmohamed@stroock.com
- John T. Morgan tr john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- David L. Pollack pollack@ballardspahr.com
- Jeffrey N. Pomerantz jpomerantz@pszjlaw.com
- Robert S. Prince rprince@kmclaw.com, squilter@kmclaw.com
- Brian M. Rothschild brothschild@parsonsbehle.com, ecf@parsonsbehle.com
- Bradford J. Sandler bsandler@pszjlaw.com
- Engels Tejeda ejtejeda@hollandhart.com, tjones@hollandhart.com,slclitdocket@hollandhart.com,intaketeam@hollandhart.com

- Michael F. Thomson thomson.michael@dorsey.com, montoya.michelle@dorsey.com;koontz.jennifer@dorsey.com
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov
- Gale K. x6Francis txbk13@utah.gov

I further certify that on November 24, 2014, I caused the Reply to be served on the parties below by email:

thomas.walper@mto.com
jcovey@parrbrown.com
blloyd@parrbrown.com
ian.jacobsberg@hoganlovells.com
alex.eliott@hoganlovells.com
c.vanzuylen@bowman.co.za
m.makola@bowman.co.za
m.krynauw@bowman.co.za
m.schulman@bowman.co.za
k.peter@bowman.co.za
dperess@hilcoglobal.com
jnerland@sierraconstellation.com
riaanvh@psgcapital.com
DavidT@psgcapital.com
mmark@TRUWORTHS.CO.ZA
dpfaff@truworths.co.za
asavahl@truworths.co.za
Fatell@BlankRome.com


DATED this 24th day of November, 2014.

**DORSEY & WHITNEY LLP**

*/s/ Jeffrey M. Armington*
Annette W. Jarvis
Peggy Hunt
Michael F. Thomson
Jeffrey M. Armington
*Attorneys for Debtor Naartjie Custom Kids, Inc.*

7