Annette W. Jarvis (Utah State Bar No. 01649)
Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Jeffrey M. Armington (Utah State Bar No. 14050)
DORSEY & WHITNEY LLP
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
       hunt.peggy@dorsey.com
       thomson.michael@dorsey.com
       armington.jeff@dorsey.com

*Attorneys for Debtor Naartjie Custom Kids, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>NAARTJIE CUSTOM KIDS, INC.,<br><br>Debtor. | Bankr. Case No. 14-29666<br><br>Chapter 11<br><br>The Honorable William T. Thurman |

**DECLARATION OF JEFF NERLAND IN SUPPORT OF DEBTOR'S (I) MOTION FOR ORDER (A) AUTHORIZING DEBTOR TO EXERCISE ITS SHAREHOLDER RIGHTS IN ZA ONE TO ACCOMPLISH THE SALE OF ZA ONE'S ASSETS, (B) AUTHORIZING SALE OF DEBTOR'S ASSETS AND INTELLECTUAL PROPERTY TO TRUWORTHS LIMITED PURSUANT TO 11 U.S.C. § 363(B) AND (F), SUBJECT TO HIGHER AND BETTER OFFERS TO BE SOLICITED AT PUBLIC AUCTION, AND (C) GRANTING RELATED RELIEF;
AND
(II) SUPPLEMENTAL MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO MAKE CERTAIN INTERIM PAYMENTS TO ITS WHOLLY OWNED SUBSIDIARY, ZA ONE (PTY) LTD.**

I, Jeff Nerland, being of lawful age, declare, certify, and state as follows:

1. I am currently a Senior Director at SierraConstellation Partners ("SCP").  I am authorized by SCP to make this Declaration, and I have personal knowledge of the facts stated in

this Declaration. If called as a witness, I could and would testify competently to these facts, except where matters are stated on information and belief. As to those facts, I am informed and believe that they are true and correct.

2. I submit this Declaration in support of the *Debtor's Motion for Order (a) Authorizing Debtor to Exercise its Shareholder Rights in ZA One to Accomplish the Sale of ZA One's Assets, (b) Authorizing Sale of Debtor's Assets and Intellectual Property to Truworths Limited Pursuant to 11 U.S.C. § 363(b) and (f), Subject to Higher and Better Offers to be Solicited at Public Auction, and (c) Granting Related Relief* [Docket No. 265] (the "Sale Motion"), and the *Debtor's Supplemental Motion for an Order Authorizing the Debtor to Make Certain Interim Payments to its Wholly Owned Subsidiary, ZA One (PTY) Ltd. Pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 6004* [Docket No. 260] (the "Supplemental Payment Motion" and together with the Sale Motion, the "Motions"),[1] filed by Naartjie Custom Kids, Inc.'s ("Naartjie" or "Debtor").

3. On or about August 4, 2014, SCP began providing the Debtor with CRO and related restructuring services. Effective as of August 4, 2014, Mr. Luis G. Nogales, a Naartjie board member, approved the appointment of me as CRO. Since that time, I and other personnel of SCP have become familiar with the Debtor, its business operations, its financial conditions and other matters that may be relevant to the Chapter 11 case.

4. Through the Sale Motion, the Debtor is seeking approval of its directing the sale (the "Sale") through the exercise of the Debtor's authority as the sole shareholder of ZA One, of the assets and liabilities of ZA One (the "ZA One Assets"), and all of the Debtor's intellectual property assets including various trademarks, copyrights, domain names, customer lists, and

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motions.

2

related data (the "Intellectual Property Assets"), and the right to acquire the Debtor's e-commerce platform after January 15, 2015 (the "E-Commerce Business" and together with the ZA One Assets, and the Intellectual Property Assets, the "Assets"). The Sale is being conducted in accordance with the Bankruptcy Court's *Order Granting Debtor's Motion for Order (A) Authorizing Bidding Procedures and Auction, (B) Authorizing Debtor to Provide Bid Protections to Stalking Horse, (C) Scheduling Sale Hearing and Approving Notice Thereof, and (D) Granting Related Relief*, dated November 4, 2014 [Docket No. 228] (the "Bidding Procedures Order").

5. As the Debtor's CRO and on behalf of the Debtor, I worked closely with Hilco IP Services, LLC d/b/a Hilco Streambank ("Hilco") to negotiate and enter into an agreement to sell the Assets of the Debtor.

6. On October 31, 2014, the Debtor entered into a Letter of Intent (the "LOI") and "stalking horse" agreement with Truworths Limited (the "Stalking Horse"), who agreed to acquire substantially all of the Assets for $3,400,000, plus the assumption of certain pre and post-petition liabilities associated with the operations of ZA One. Under the LOI, the Stalking Horse agreed to complete its due diligence and enter into a definitive agreement to acquire the Assets prior to the Bidding Deadline (the ZA One Agreement and the US Asset Purchase Agreement are hereinafter collectively referred to as the "Stalking Horse Agreement").

7. After extensive negotiations between the Debtor and the Stalking Horse, the parties entered into the Stalking Horse Agreement which includes a purchase price of $2.7 million for the Assets.

8. In the business judgment of the Debtor, selling the Assets to the Stalking Horse pursuant to the Stalking Horse Agreement maximizes the value of the Debtor's estate for the benefit of the Debtor's creditor constituents.

9. The Stalking Horse Agreement also requires the Debtor to make a payment of $305,000 to ZA One by December 31, 2014. This payment accounts for certain employee costs, including ZA One's payroll obligations of approximately $190,000, which must be funded by November 27, 2014, as well as upcoming vendor obligations.

10. In the business judgment of the Debtor, if the Debtor does not make the proposed $305,000 payment to ZA One then ZA One will be unable to continue operations, and will be forced to liquidate, thus extinguishing any value in ZA One for the Debtor's creditors.

11. The $305,000 payment to ZA One is material to and a condition to closing the ZA One Agreement. Because the $305,000 payment to ZA One is a condition to closing the ZA One Agreement, it is also a condition to closing the US Asset Purchase Agreement. In the Debtor's business judgment, abandoning the Sale will result in the loss of material value to the estate.

12. I have kept the Official Committee of Unsecured Creditors (the "Committee") informed of and involved in the extensive negotiations relating to the proposed Sale of the Assets, including the payment to ZA One, and am informed that the Committee is fully supportive of the Sale and of the $305,000 funding of ZA One.

13. In my opinion, based on the extensive negotiations with the Stalking Horse, including receiving an increased deposit in the amount of $270,000, I believe that the Sale is likely to go forward and close. Additionally, after extensive marketing and negotiations, I believe that the Sale is the only alternative to the liquidation of ZA One, which I believe would ultimately net nothing to the estate and extinguish any value for the Debtor's creditors.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this 24th day of November, 2014.

_____
Jeff Norland