*Prepared and Submitted By:*
Annette W. Jarvis (Utah State Bar No. 01649)
Peggy Hunt (Utah State Bar No. 6060)
Michael F. Thomson (Utah State Bar No. 9707)
Jeffrey M. Armington (Utah State Bar No. 14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Tel:     (801) 933-7360
Fax:    (801) 933-7373
Email: jarvis.annette@dorsey.com
         hunt.peggy@dorsey.com
         thomson.michael@dorsey.com
         armington.jeff@dorsey.com

*Attorneys for Naartjie Custom Kids, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re: | Bankr. Case No. 14-29666 |
| NAARTJIE CUSTOM KIDS, INC., | Chapter 11 |
| Debtor. | The Honorable William T. Thurman |

**ORDER GRANTING DEBTOR'S MOTION FOR ORDER (A) AUTHORIZING
DEBTOR TO EXERCISE ITS SHAREHOLDER RIGHTS IN ZA ONE TO
ACCOMPLISH THE SALE OF ZA ONE'S ASSETS, (B) AUTHORIZING SALE OF
DEBTOR'S ASSETS AND INTELLECTUAL PROPERTY TO TRUWORTHS LIMITED
PURSUANT TO 11 U.S.C. § 363(B) AND (F), SUBJECT TO HIGHER AND BETTER
OFFERS TO BE SOLICITED AT PUBLIC AUCTION, AND
(C) GRANTING RELATED RELIEF**

The matter before the Court is the *Debtor's Motion for Order (a) Authorizing Debtor to Exercise its Shareholder Rights in ZA One to Accomplish the Sale of ZA One's Assets, (b) Authorizing Sale of Debtor's Assets and Intellectual Property to Truworths Limited Pursuant to Sections 363(b) and (f) of the Bankruptcy Code, Subject to Higher and Better Offers to be Solicited at the Auction, and (c) Granting Related Relief* (the "Sale Motion"), filed by Naartjie Custom Kids, Inc. ("Naartjie" or "Debtor");  the debtor in possession in the above captioned bankruptcy case.  In addition the Debtor filed an *Auction Notice and Notice of Sale Hearing* [Docket No. 228] (the "Auction and Sale Notice"), which provided notice of among other things, notice of the November 24, 2014 at 4:00 p.m. deadline for filing responses to the Sale Motion, and notice of a hearing on the Sale Motion on November 25 at 2:00 p.m. (the "Hearing"), and the *Notice of Selection of Stalking Horse Agreements* (the "Stalking Horse Selection Notice"), which provided notice of the Debtor's selection of Truworths Limited ("Truworths" or "Stalking Horse") as the Stalking Horse for the Assets sold through the ZA One Agreement and the US Asset Purchase Agreement (each as defined below), and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that this Court has jurisdiction over the matters raised by the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that consideration of the Sale Motion and the relief requested therein is a "core" proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Sale Motion and the Hearing having been given, and it appearing that no other notice need be given; and ZA One Proprietary Limited ("ZA One") and Truworths having agreed upon terms and conditions, as set forth in that certain Sale of Business Agreement, dated as of November 21, 2014, substantially in the form attached hereto as **Exhibit A** (the "ZA One

2

Agreement"); and the Debtor and Truworths having agreed upon terms and conditions, as set forth in that certain Asset Purchase Agreement, dated as of November 21, 2014, substantially in the form attached hereto as **Exhibit B** (the "US Asset Purchase Agreement" and together with the ZA One Agreement, the "Agreements"); and a hearing having been held on October 29, 2014 (the "Bidding Procedures Hearing"), whereupon the Court entered its *Order Granting Debtor's Motion for Order (A) Authorizing Bidding Procedures and Auction, (B) Authorizing Debtor to Provide Bid Protections to Stalking Horse, (C) Scheduling Sale Hearing and Approving Notice Thereof, and (D) Granting Related Relief* (the "Bidding Procedures Order") [Docket No. 228]; and the Hearing having been held on November 25, 2014, to consider the relief requested in the Sale Motion and approval of the Agreements and the transactions set forth therein (collectively, the "Transactions"); and appearances of all interested parties having been noted on the record at the Hearing; and upon all of the proceedings had before the Court (including, but not limited to, the testimony and other evidence proffered or adduced at the Bidding Procedures Hearing, and the Hearing); and the Court having found and determined that (i) the relief sought in the Sale Motion is in the best interests of the Debtor, its estate, its creditors, and all parties in interest, and (ii) that the legal and factual bases set forth in the Sale Motion establish good, sufficient and just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

(1)    The Sale Motion is **GRANTED** in its entirety and objections, if any, to the Sale Motion have been withdrawn, resolved or adjourned and, to the extent not withdrawn, resolved or adjourned, are hereby overruled;

(2) The Debtor is **AUTHORIZED** to exercise its shareholder rights to compel ZA One to sell ZA One's business as a going concern to Truworths as contemplated in the ZA One Agreement, and to sell the assets identified in the ZA One Agreement to Truworths;

(3) The sale of the Purchased Assets (as defined in the US Asset Purchase Agreement) to Truworths, free and clear of all liens, claims, interests, obligations and encumbrances (other than the Assumed Liabilities as defined in the US Asset Purchase Agreement) pursuant to 11 U.S.C. § 363(b) and (f), as explained in the Sale Motion and pursuant to the terms of the US Asset Purchase Agreement, is **APPROVED**;

(4) Truworths shall not incur any liability as a successor to the Debtor unless such liability is expressly assumed by the Truworths and, to the extent permitted by applicable law permanently enjoining each and every holder of any claim for such liabilities from commencing, continuing, or otherwise pursuing or enforcing any remedy, claim, cause of action or encumbrance against Truworths or the Purchased Assets related thereto;

(5) The US Purchase Price represents fair value for the Purchased Assets (each as defined in the US Asset Purchase Agreement);

(6) Truworths is a good faith purchaser of the Purchased Assets, and is in a similar line of business as the Debtor;

(7) Truworths will provide notice to all customers in the Debtor's database and to all United States customers on ZA One's database, in the initial contact with those customers following the Closing Date (as defined in the US Asset Purchase Agreement), that such customers' personally identifiable information is being transferred and will provide those customers with the opportunity to opt out of the transfer. Truworths will provide such notice by

4

email for those customers with known email addresses and such email notice will direct those customers to Truworths' privacy policy on Truworths' website, and by regular U.S. mail for those customers with mailing addresses that Truworths chooses to contact. Customers with mailing addresses that Truworths chooses to contact will be mailed an opt out notice along with a copy of Truworths' privacy policy. Truworths will delete the customers from the Debtor's database and all United States customers on ZA One's database with mailing addresses that Truworths does not choose to contact.

(8) Within 30 days after the Closing Date (as defined in the US Asset Purchase Agreement), Truworths shall file a certification with the Court indicating that it has provided the notice described above and opt out right to the customers it has decided to contact.

(9) Truworths may not disclose, sell or transfer customers' personally identifiable information to any third party for use other than to assist Truworths in its business.

(10) The Court shall retain jurisdiction for the purpose of enforcing the provisions of this Order including, without limitation, compelling delivery of the Purchased Assets to Truworths and protecting Truworths against any liens, claims, interests, obligations and encumbrances against the Debtor or the Purchased Assets (other than in connection with the Assumed Liabilities as defined in the US Asset Purchase Agreement);

(11) The Debtor is **AUTHORIZED** to execute, deliver, perform under, consummate and implement the US Asset Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the US Asset Purchase Agreement;

(12)    The Debtor is **AUTHORIZED** to assume and assign to Truworths all of Debtor's rights under (i) the web site hosting services contract with Inetz Media Group Inc. ("Inetz") and (ii) the Debtor's license and maintenance agreement with Inetz; and

(13)    The fourteen (14) day stay set forth in Federal Rule of Bankruptcy Procedure 6004(h) is **WAIVED**.

_____End of Order_____