Michael R. Johnson, Esq. (A7070)
David H. Leigh, Esq. (A9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  dleigh@rqn.com

Jeffrey N. Pomerantz (CA Bar No. 143717)
Bradford J. Sandler (DE Bar No. 4142)
Teddy M. Kapur (CA Bar No. 242486)
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd. 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email:  jpomerantz@pszjlaw.com
         bsandler@pszjlaw.com
         tkapur@pszjlaw.com

*Attorneys for the Official Committee of
Unsecured Creditors of Naartjie Custom Kids, Inc.*

Annette W. Jarvis (A1649)
Peggy Hunt (A6060)
Michael F. Thomson (A9707)
Jeffrey M. Armington (A14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone:  (801) 933-7360
Facsimile:  (801) 933-7373
Email:  jarvis.annette@dorsey.com
Email:  hunt.peggy@dorsey.com
Email:  thomson.michael@dorsey.com
Email:  armington.jeff@dorsey.com

*Attorneys for Debtor Naartjie Custom
Kids, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>NAARTJIE CUSTOM KIDS, INC.,<br><br>Debtor. | **Bankruptcy Case No 14-29666**<br>Chapter 11<br><br>Chief Judge William T. Thurman<br><br>[Filed Electronically] |

**JOINT MOTION OF THE DEBTOR AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019, FOR THE ENTRY OF AN ORDER APPROVING A SETTLEMENT WITH SYNCLAIRE BRANDS, INC.**

Pursuant to Federal Rules of Bankruptcy Procedure 9014 and 9019, Naartjie Custom Kids, Inc., the debtor-in-possession (the "Debtor") in the above-entitled case (the "Case"), along with the Official Committee of Unsecured Creditors (the "Committee") appointed in the Case, jointly submit this motion (the "Motion") seeking entry of an order authorizing the entry into and approving that certain settlement (the "Settlement") among the Debtor, the Committee and Synclaire Brands, Inc., a creditor in the Case ("Synclaire," and together with the Debtor and the Committee, the "Parties").

The stipulation memorializing the Settlement (the "Stipulation") is attached to the Motion as Exhibit A and is incorporated herein by reference.

In support of the Motion, the Debtor and Committee respectfully state as follows:

## INTRODUCTION

The Debtor, the Committee and Synclaire have been engaged in discussions regarding the unpaid amounts Synclaire owes to the Debtor under a license agreement, the early termination of the license agreement, and the amount of Synclaire's section 503(b)(9) administrative claim. After extensive negotiations, the Parties have agreed to the Stipulation that resolves these issues and facilitates the termination of the license agreement, which the Debtor agreed to use commercially reasonable efforts to terminate in connection with the sale of the Debtor's intellectual property assets to Truworths Limited. The Settlement also provides for mutual and general releases among the Parties. The Settlement has the support of the Debtor's largest creditors, and the Court should approve the Stipulation as being in the best interests of the Debtor's estate because the compromise achieves a 44% reduction in the amount of Synclaire's asserted administrative claim, and also avoids the time, expense and uncertainty of litigation.

## MEMORANDUM OF LAW

A. **JURISDICTION AND VENUE.**

1. The Court has jurisdiction respecting the Motion and the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157.

2. The Motion presents a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief sought in the Motion are 11 U.S.C. § 105(a), and Rules 9014 and 9019 of the Federal Rules of Bankruptcy Procedure.

B. **COMMENCEMENT OF THE CASE AND THE APPOINTMENT OF THE COMMITTEE.**

4. On September 12, 2014 (the "Petition Date"), the Debtor filed a voluntary petition with this Court under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and thereby commenced this Case. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its properties and assets as a debtor in possession.

5. On September 19, 2014, the Court entered its *Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines* [Docket No. 68], which established January 14, 2015, as the general claims bar date in this Case.

6. On September 22, 2014, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. [Docket No. 69, as amended by Docket No. 82] The Committee consists of the following six members: (i) Simon Property Group, Inc.; (ii) Target Ease International; (iii) Soxnet, Inc.; (iv) GGP Limited Partnership; (v) Inetz; and (vi) The Macerich Company.

C. **THE DEBTOR'S CLAIMS FOR PAYMENTS DUE UNDER THE LICENSE AGREEMENT.**

7. Synclaire and the Debtor entered into a certain U.S. Merchandise License Agreement, dated February 1, 2011 (as amended, the "License Agreement").

8. The expiration date for the License Agreement is December 31, 2015.

9. The License Agreement calls for Synclaire to pay the Debtor certain Guaranteed Minimum Payments in the amount of $50,000 for 2014 (the "2014 Guaranteed Minimum Payment") and $75,000 for 2015 (the "2015 Guaranteed Minimum Payment").

10. Synclaire has not paid any portion of the 2014 Guaranteed Minimum Payment or the 2015 Guaranteed Minimum Payment.

11. On February 20, 2015, the Debtor delivered to Synclaire a Notice of Termination of the License Agreement (the "Notice of Termination") on account of Synclaire's failure to pay the 2014 Guaranteed Minimum Payment. The Notice of Termination stated that Synclaire's failure to make the 2014 Guaranteed Minimum Payment constituted a material breach of the License Agreement, and the Debtor thereby terminated the License Agreement. The Notice of Termination further stated that if Synclaire did not pay the 2014 Guaranteed Minimum Payment within thirty days, then the License Agreement would automatically terminate and both the 2014 Guaranteed Minimum Payment and the 2015 Guaranteed Minimum Payment would become due ten days thereafter pursuant to the License Agreement.[1]

12. Synclaire disputes that it owes the Debtor the 2014 Guaranteed Minimum Payment or the 2015 Guaranteed Minimum Payment. The Debtor agreed to waive the Guaranteed Minimum Payments due for 2011, 2012 and 2013. Synclaire asserts that the Debtor also orally agreed to waive the 2014 Guaranteed Minimum Payment and that it would have done so for the 2015 Guaranteed Minimum Payment if Synclaire had requested the waiver before the

---

[1] The Debtor and the Committee have agreed to extend the time within which Synclaire must make the 2014 Guaranteed Minimum Payment for 45 days to allow time for Court approval of the Stipulation.

4

Petition Date. In addition, Synclaire asserts that performance under the License Agreement is impossible because the Debtor has ceased operations in the United States.

13. Litigation over these issues likely would involve a time-consuming and costly inquiry regarding the terms of the License Agreement, purported oral agreements to waive the Guaranteed Minimum Payments, and the intent of the Parties with respect to the remaining amounts due.

D.   **THE DEBTOR'S OBLIGATIONS UNDER THE ZA ONE TRANSACTION.**

14. On November 25, 2014, the Court entered its *Order Granting Debtor's Motion for Order (A) Authorizing Debtor to Exercise its Shareholder Rights in ZA One to Accomplish the Sale of Debtor's Assets; (b) Authorizing Sale of Debtor's Assets and Intellectual Property to Truworths Limited Pursuant to 11 U.S.C. Section 363(B) and (F), Subject to Higher and Better Offers to Be Solicited at Public Auction, and (C) Granting Related Relief* [Docket No. 290] (the "Sale Order").

15. Pursuant to the asset purchase agreement the Debtor entered into with Truworths Limited per the Sale Order (the "Intellectual Property APA"), the Debtor agreed to use commercially reasonable efforts to cause the cancellation or termination of the License Agreement. *See* Intellectual Property APA, Section 7.08, a copy of which is attached as Exhibit A to the *Notice of Selection of Stalking Horse Agreements* [Docket No. 259].

E.   **SYNCLAIRE'S CLAIM UNDER BANKRUPTCY CODE SECTION 503(b)(9).**

16. On January 14, 2015, Synclaire filed a proof of claim in the sum of $177,867.75 that was designated as an administrative claim under section 503(b)(9) of the Bankruptcy Code and as Claim No. 163 in the claims register maintained by the Court (the "Proof of Claim"). The Proof of Claim is on account of goods Synclaire delivered to the Debtor within twenty days of the Petition Date.

17.   The Committee and the Debtor have reviewed the Proof of Claim. Other than possibly being overstated by approximately ten percent, the Proof of Claim appears valid.

### F.   THE PROPOSED SETTLEMENT.

18.   After extensive negotiations, the Parties have reached the compromise memorialized in the Stipulation. The salient terms of the Stipulation include the following:[2]

    a.   The Proof of Claim shall be deemed an allowed Section 503(b) administration claim in the reduced total amount of $100,000, which shall be paid on a *parri passu* basis with all other Section 503(b) claims in the Case;

    b.   The License Agreement shall be deemed terminated as of the date of Bankruptcy Court approval of the Stipulation;

    c.   Synclaire shall have no obligation to pay the 2014 Guaranteed Minimum Payment or the 2015 Guaranteed Minimum Payment; and

    d.   Synclaire, on the one hand, and the Debtor and the Committee, on the other, shall waive any and all remaining claims against each other.

### G.   RELIEF REQUESTED.

19.   By this Motion, the Committee and Debtor respectfully ask the Court to enter an order approving the Settlement and ratifying the Debtor's and the Committee's execution of the Stipulation pursuant to Federal Rule of Bankruptcy Procedure 9019.

20.   The Settlement would accomplish three goals in the Case. First, it would resolve the dispute with respect to the unpaid Guaranteed Minimum Payments due under the License Agreement. Second, it would facilitate the termination of the License Agreement, which

---

[2] If there are any inconsistencies between the Stipulation and the summary provided herein, the Stipulation shall control.

the Debtor agreed to use commercially reasonable efforts to terminate under the Intellectual Property APA. Third, the Settlement would resolve Synclaire's Proof of Claim in the Case.

21. Typically, in considering whether to approve a settlement of claims brought by the bankruptcy estate, courts consider the four factors outlined in *In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (B.A.P. 10th Cir. 1997). Those factors are (a) the probability of success in the litigation, (b) the difficulties to be encountered in collection, (c) the complexities and expense of the litigation involved, and (d) the interests of creditors in proper deference to their reasonable views.

22. Considering these factors, the Court should approve the Settlement as it is in the best interests of the Debtor and its creditors and is supported by sound business judgment.

    a.    <u>Probability of Success / Complexity & Expenses of Litigation</u>. The Settlement resolves the dispute regarding the unpaid Guaranteed Minimum Payments due under the License Agreement, the amount of the Proof of Claim, and the termination of the License Agreement. The Debtor and Committee could attempt to set off $125,000 – the full amount of the 2014 Guaranteed Minimum Payment and the 2015 Guaranteed Minimum Payment – from the amount of the Proof of Claim, but resolving the dispute would involve an evidentiary inquiry regarding whether the payments were due for 2014 and 2015 and whether the Debtor would have waived the payments. The Debtor and Committee believe that the terms of the License Agreement are clear, but Synclaire could make a persuasive argument that it should be excused from paying the Guaranteed Minimum Payments due to a purported oral agreement between the parties, or based on past practices of the parties, or because the Debtor ceased operations in the United States. As a result, the outcome of the litigation is difficult to predict.

Furthermore, the expense of litigation would not be insignificant. Synclaire has alleged that the Debtor's managers may have orally agreed to waive the Guaranteed Minimum

7

Payments, and discovery and the ensuing contested hearings on this issue alone would be costly. Moreover, absent a settlement, the Debtor would expend resources reconciling the amount of the Proof of Claim with its records of the goods it received from Synclaire immediately prior to the Petition Date. The Debtor has consolidated its remaining operations, and it would be time-consuming for the Debtor and its financial advisor to locate the delivery records at this time.

        b.    <u>Difficulties with Collection</u>. This factor is neutral as the estate would not be seeking an affirmative recovery against Synclaire if litigation ensued. Instead, the estate would move for the Court to set off the amount of the unpaid Guaranteed Minimum Payments against the amount of the Proof of Claim.

        c.    <u>The Interests of Creditors</u>. The Settlement serves the interests of creditors because it secures a 44% reduction in the amount of the Proof of Claim and resolves offsetting claims between the Debtor and Synclaire in an efficient manner. Alternatively, litigation would tax estate resources and delay payments to creditors, and it is unlikely that the Debtor and Committee would achieve a greater net benefit for creditors than they have achieved through negotiation.

The Debtor and the Committee have discussed the terms of the Settlement with Target Ease International and the Secured Noteholders, and they support the proposed compromised resolution. The Debtor, Committee and other major creditors are mindful of the cost of litigation and the limited funds available for distribution, and based upon these factors, they have collectively decided that the Settlement is preferable to litigation.

    23.    Based upon the foregoing, the Settlement is a proper exercise of the Debtor's and the Committee's business judgment. Accordingly, the Debtor and the Committee request that the Court approve the Motion. *See, e.g., In re George Love Farming, LC,* 2008 Bankr. LEXIS 680, at *18-19 (Bankr. D. Utah March 6, 2008) (approving settlement under *Kopexa* factors); *Shaw v. Anderson (In re Anderson)*, 2006 Bankr. LEXIS 4420, at *23 (Bankr.

D. Utah August 14, 2006) (noting that the Court's obligation under Rule 9019 is to "'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness' in order to determine whether the settlement is 'fair and equitable' and in the best interests of the estate") (citations omitted).

WHEREFORE, based upon the foregoing, the Committee and Debtor respectfully ask the Court to (a) approve the Settlement, (b) authorize and approve the Stipulation, and (c) grant the Debtor and the Committee such other and further relief as the Court deems just and proper.

DATED this 30th day of March, 2015.

**DORSEY & WHITNEY LLP**

/s/ Jeffrey M. Armington
Annette W. Jarvis
Peggy Hunt
Michael F. Thomson
Jeffrey M. Armington
*Counsel for the Debtor Naartjie Custom Kids, Inc.*

**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd. 13th Floor
Los Angeles, CA 90067

--and--

**RAY QUINNEY & NEBEKER P.C.**

/s/ Michael R. Johnson
Michael R. Johnson
David H. Leigh
*Counsel for the Official Committee of Unsecured Creditors*

1323204

9

# Exhibit A

Michael R. Johnson, Esq. (A7070)
David H. Leigh, Esq. (A9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mjohnson@rqn.com
Email: dleigh@rqn.com

Jeffrey N. Pomerantz (CA Bar No. 143717)
Bradford J. Sandler (DE Bar No. 4142)
Teddy M. Kapur (CA Bar No. 242486)
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd. 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
       bsandler@pszjlaw.com
       tkapur@pszjlaw.com

*Attorneys for the Official Committee of
Unsecured Creditors of Naartjie Custom Kids, Inc.*

Annette W. Jarvis (A1649)
Peggy Hunt (A6060)
Michael F. Thomson (A9707)
Jeffrey M. Armington (A14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
Email: hunt.peggy@dorsey.com
Email: thomson.michael@dorsey.com
Email: armington.jeff@dorsey.com

*Attorneys for Debtor Naartjie Custom
Kids, Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| In re: | |
|---|---|
| NAARTJIE CUSTOM KIDS, INC., | **Bankruptcy Case No 14-29666**<br>Chapter 11<br><br>Chief Judge William T. Thurman<br><br>[Filed Electronically] |
| Debtor. | |

### STIPULATION AMONG OFFICIAL COMMITTEE OF UNSECURED CREDITORS, THE DEBTOR AND SYNCLAIRE BRANDS, INC. RESOLVING CLAIM NO. 163 AND TERMINATING THE U.S. MERCHANDISE LICENSE AGREEMENT

Naartjie Custom Kids, Inc., the debtor-in-possession (the "Debtor") in the above-entitled case (the "Case"), the Official Committee of Unsecured Creditors (the "Committee") appointed in the Case, and Synclaire Brands, Inc., a creditor in the Case ("Synclaire," and together with the Debtor and the Committee, the "Parties") hereby stipulate (the "Stipulation"), by and through their counsel, as follows:

DOCS_LA:287345.5 59681-002

## RECITALS

A. Synclaire and the Debtor entered into a certain U.S. Merchandise License Agreement, dated February 1, 2011 (as amended, the "License Agreement"). The expiration date for the License Agreement is December 31, 2015. The License Agreement calls for Synclaire to pay the Debtor certain Guaranteed Minimum Payments in the amount of $50,000 for 2014 (the "2014 Guaranteed Minimum Payment") and $75,000 for 2015 (the "2015 Guaranteed Minimum Payment"). Synclaire has not paid any portion of the 2014 Guaranteed Minimum Payment or the 2015 Guaranteed Minimum Payment.

B. On September 12, 2014 (the "Petition Date"), the Debtor filed a voluntary petition with this Court under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and thereby commenced this Case. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its properties and assets as a debtor in possession.

C. On September 22, 2014, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. [Docket No. 69, as amended by Docket No. 82]

D. On January 14, 2015, Synclaire filed a proof of claim in the sum of $177,867.75 that was designated as an administrative claim under section 503(b)(9) of the Bankruptcy Code and as Claim No. 163 in the claims register maintained by the Court (the "Proof of Claim").

E. The Parties have agreed that in full and final satisfaction of all amounts owed or claimed to be owed from the Debtor to Synclaire, including in full satisfaction of all amounts claimed to be due under the Proof of Claim, the Proof of Claim shall be deemed an allowed Section 503(b) administration claim in the reduced total amount of $100,000; the Parties have agreed to terminate the License Agreement; and the Debtor has agreed to waive Synclaire's obligation to pay the 2014 Guaranteed Minimum Payment and the 2015 Guaranteed Minimum Payment.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** in consideration of the mutual promises contained in this Stipulation, and for other good and valuable consideration, the receipt and

sufficiency of which are hereby acknowledged, and the Parties intending to be legally bound by this Stipulation, the Parties hereby agree as follows:

## AGREEMENT

1. The Proof of Claim shall be deemed an allowed Section 503(b) administration claim in the reduced total amount of $100,000, which shall be paid on a *parri passu* basis with all other Section 503(b) claims in the Case.

2. The License Agreement shall be deemed terminated upon the Bankruptcy Court's approval of this Stipulation.

3. Synclaire shall have no obligation to pay the 2014 Guaranteed Minimum Payment or the 2015 Guaranteed Minimum Payment.

4. The Parties and their employees, agents, and owners, each hereby waive, withdraw, release, remise, forgive, acquit, settle, compromise and forever discharge any and all claims, demands, debts, liabilities, contracts, obligations, accounts, torts, causes of action, or claims for relief of whatever kind or nature that they may have against the other and its employees, agents, and owners, based on any grounds (including, but not limited to tort and breach of contract), whether known or unknown, suspected or unsuspected, or liquidated or unliquidated (the "Release"), provided however, that the Release granted by the Committee is solely with respect to claims that the Committee has in its representative capacity for the Debtor's estate and not with respect to claims held by individual members of the Committee.

5. Synclaire warrants and represents that it is the sole owner of the Proof of Claim, and the Proof of Claim has not been assigned or transferred to any third party.

6. This Stipulation shall become effective upon (i) receipt by the Committee of a fully-executed copy of this Stipulation; and (ii) approval by the Bankruptcy Court of this Stipulation.

7. This Stipulation contains the entire understanding of the Parties hereto and supersede all prior understandings and agreements, whether written or oral, between the Parties.

8. Each party to this Stipulation warrants and represents that he, she or it has the power and authority to execute, deliver and perform its obligations under this Stipulation.

3

DOCS_LA:287345.5 59681-002

9. The provisions of this Stipulation shall inure to the benefit of the Parties, as well as their successors and assigns.

10. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

Dated: March __, 2015

KANE KESSLER, P.C.

By: /s/ Robert Kolodney
Robert Kolodney
*Counsel for Synclaire Brands, Inc.*

Dated: March 30, 2015

DORSEY & WHITNEY LLP

By: /s/
Annette W. Jarvis
Peggy Hunt
Michael F. Thomson
Jeffrey M. Armington
*Counsel for the Debtor Naartjie Custom Kids, Inc.*

Dated: March 30, 2015

PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd. 13th Floor
Los Angeles, CA 90067

--and--

RAY QUINNEY & NEBEKER P.C.

By: /s/
Michael R. Johnson
David H. Leigh
*Counsel for the Official Committee of Unsecured Creditors*

4

DOCS_LA:287345.5 59681-002