**This order is SIGNED.**





**Dated: April 30, 2015**

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

---

*Prepared and Submitted By:*
Annette W. Jarvis (Utah State Bar No. 01649)
Peggy Hunt (Utah State Bar No. 06060)
Michael F. Thomson (Utah State Bar No. 09707)
Jeffrey M. Armington (Utah State Bar No. 14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT  84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: jarvis.annette@dorsey.com
         hunt.peggy@dorsey.com
         thomson.michael@dorsey.com
         armington.jeff@dorsey.com

*Attorneys for Debtor Naartjie Custom Kids, Inc.*

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Case No. 14-29666 |
| NAARTJIE CUSTOM KIDS, INC., | Chapter 11 |
| Debtor. | Judge William T. Thurman |

---

**ORDER GRANTING DEBTOR'S MOTION TO USE PROPERTY OUT OF THE
ORDINARY COURSE OF BUSINESS PURSUANT TO 11 U.S.C. § 363(B)(1) AND FOR
THE ENTRY OF AN ORDER APPROVING DEBTOR'S ENTRY INTO LEASE
REJECTION AGREEMENT AND LICENSE AGREEMENTS PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

---

Upon the Motion[1] of the Debtor in the above-captioned Chapter 11 Case seeking, pursuant to sections 105(a), and 363(b)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 9014 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of this Court, for entry of an Order authorizing the entry into and approving that certain: (a) Lease Rejection Agreement by and between SVN Nobbs East Sahara, LLC, LM Wasatch, LLC, and BSFMT Wasatch, LLC on one hand (collectively, the "Landlord") and the Debtor on the other hand, a copy of which is attached hereto as **Exhibit A** (the "Rejection Agreement"); (b) License Agreement by and between the Landlord and the Debtor, a copy of which is attached hereto as **Exhibit B** (the "Landlord License"); and (c) License Agreement by and between the Debtor and Advanced Comfort Technologies, Inc., a copy of which is attached hereto as **Exhibit C** (the "New Tenant License"); and the Court having determined that the relief sought in the Motion is in the best interest of the Debtor, its estate and creditors, and other parties-in-interest; and the Court having jurisdiction to consider the Motion and the relief requested therein; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion and of the hearing on the Motion has been given as demonstrated by the *Notice of Hearing* [Docket No. 478] and the *Certificate of Service* for the Notice of Hearing [Docket No. 479], and that no other or further notice is necessary; and no objections to the Motion having been asserted; and upon the record herein, and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT**:

1.      The Motion is **GRANTED**;

---

[1]    Docket No. 474.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.      The Debtor's entry into the Rejection Agreement, attached hereto as **Exhibit A**, is **APPROVED**;

3.      The Debtor's entry into the Landlord License, attached hereto as **Exhibit B**, is **APPROVED**;

4.      The Debtor's entry into the New Tenant License, attached hereto as **Exhibit C**, is **APPROVED**;

5.      Pursuant to the Rejection Agreement, the Lease is **REJECTED** as of the date of the entry of this Order;

6.      Pursuant to the Rejection Agreement, the Landlord is **AUTHORIZED**, **ALLOWED**, and **DIRECTED** to pay $17,451.20 to the Debtor within three (3) business days of the entry of this Order;

7.      The requirements of Bankruptcy Rule 6004(h) are hereby waived and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and

8.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

_____End of Order_____

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing Order shall be served to the parties in the manner designated below:

**By Electronic Service**:   I certify that the parties of record in this case, as identified below, are registered CM/ECF users in this bankruptcy case.

- Jeffrey M Armington armington.jeff@dorsey.com
- Darwin H. Bingham dbingham@scalleyreading.net, cat@scalleyreading.net
- Dustin P. Branch dustin.branch@kattenlaw.com,
  donna.carolo@kattenlaw.com;lora.anderson@kattenlaw.com
- Mona Lyman Burton mburton@hollandhart.com,
  ckelly@hollandhart.com;intaketeam@hollandhart.com;slclitdocket@hollandhart.com
- Kenneth L. Cannon kcannon@djplaw.com, khughes@djplaw.com
- Andrew S. Conway Aconway@taubman.com
- J. Gregory Hardman ghardman@snowjensen.com
- Tyler M. Hawkins hawkinst@ballardspahr.com,
  saltlakedocketclerk@ballardspahr.com;brownld@ballardspahr.com
- Annette W. Jarvis jarvis.annette@dorsey.com,
  smith.ron@dorsey.com;slc.lit@dorsey.com;brown.patricia@dorsey.com
- Michael R. Johnson mjohnson@rqn.com, dburton@rqn.com;docket@rqn.com
- Teddy M. Kapur tkapur@pszjlaw.com
- Peter J. Kuhn tr Peter.J.Kuhn@usdoj.gov,
  James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Bria E LaSalle Mertens blmertens@stoel.com, docketclerk@stoel.com
- Frank A. Merola fmerola@stroock.com,
  cgabriel@stroock.com;morozco@stroock.com;mmagzamen@stroock.com;ssiegel@stroock.com;dmohamed@stroock.com
- John T. Morgan tr john.t.morgan@usdoj.gov,
  James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- David L. Pollack pollack@ballardspahr.com
- Jeffrey N. Pomerantz jpomerantz@pszjlaw.com
- Robert S. Prince rprince@kmclaw.com, squilter@kmclaw.com
- Brian M. Rothschild brothschild@parsonsbehle.com, ecf@parsonsbehle.com
- Bradford J. Sandler bsandler@pszjlaw.com
- Engels Tejeda ejtejeda@hollandhart.com,
  tjones@hollandhart.com,slclitdocket@hollandhart.com,intaketeam@hollandhart.com
- Michael F. Thomson thomson.michael@dorsey.com,
  montoya.michelle@dorsey.com;koontz.jennifer@dorsey.com
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov
- Gale K. x6Francis txbk13@utah.gov

**By U.S. Mail** – In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice:

Mark A. Schmidt, Esq.
The Law Offices of Mark A. Schmidt, P.C.
32531 N. Scottsdale Rd. Suite 105 PMB 112
Scottsdale, Arizona 85266

# **EXHIBIT A**

LEASE REJECTION AGREEMENT

THIS LEASE REJECTION AGREEMENT (this "**Agreement**") is made and entered into as of **April 24, 2015**, by and between SVN NOBBS EAST SAHARA, LLC, a Delaware limited liability company, LM WASATCH, LLC, a Utah limited liability company and BSFMT WASATCH, LLC, a Utah limited liability company, as tenants-in-common ("**Landlord**") and NAARTJIE CUSTOM KIDS, INC., a Delaware corporation ("**Tenant**" or "**Debtor**").

A.      Landlord and Tenant entered into a Lease Agreement dated April 14, 2011, as amended by that certain Correction Amendment dated August 2, 2012 (collectively, the "**Lease**"), for the Premises located at 3676 West California Avenue, Suite 100, Salt Lake City, UT 84104 being approximately 28,000 rentable square feet of space (the "**Premises**").  The security deposit currently held by Service Provider under the Lease is $0.00.

B.      Tenant filed a voluntary petition commencing a case under Title 11 of the United States Code ("**Bankruptcy Code**") in the United States Bankruptcy Court, District of Utah ("**Court**") on September 12, 2014 as Case No. 14-29666 ("**Case**").

C.      The Lease currently expires on **June 30, 2018**.  Landlord and Tenant desire that (i) Tenant reject the Lease pursuant to 11 U.S.C Section 365 and 554, which will terminate the Lease, (ii) upon Lease rejection, Tenant immediately tender possession of the Premises to Landlord, (iii) Landlord and Tenant enter into a license agreement whereby certain employees of Tenant may remain in the Office Area (as defined below) portion of the Premises until June 1, 2015, or until June 30, 2015 if Tenant notifies Landlord of Tenant's need to extend prior to June 1, 2015, and may remain in the Server Room (as defined below) portion of the Premises until August 31, 2015, and (iv) pending rejection and termination of the Lease, and approval by the Court of this Agreement, Tenant grants to Advanced Comfort Technologies, Inc., a Utah corporation ("**Advanced Comfort**") a temporary license to enter and use a portion of the Premises, all upon the terms and conditions set forth in this Agreement.

NOW THEREFORE, IN CONSIDERATION of the foregoing, the mutual covenants herein contained, and other good and valuable consideration, the amount and sufficiency of which are hereby acknowledged, the parties agree as follows:

1.      **Definitions and Recitals.**  The foregoing Recitals are hereby incorporated into this Agreement as if set forth in their entirety.  All capitalized terms used herein not otherwise defined in this Agreement shall have the meanings given them in the Lease.

2.      **Lease Rejection.**    Upon execution of this Agreement, Tenant shall immediately file with the Court and each required party a Rejection Notice to reject the Lease.  The effective date of the rejection shall be the date the Court enters an order approving this Agreement.  Upon rejection of the Lease, (a) the Lease shall be deemed terminated, other than any obligations under the Lease which expressly survive termination and (b) Tenant shall be automatically deemed to have delivered possession of the entire Premises under the Lease to Landlord without any further action on the part of Landlord or Tenant (provided that Tenant shall confirm the same in writing if requested).

3.      **Naartjie License.**    Upon execution of this Agreement, to become effective upon the Lease rejection and termination, Landlord shall deliver to Tenant a License Agreement ("**Naartjie License**") which shall provide as follows:

(a)      Naartjie shall be granted a license to use and occupy a portion of the Premises consisting of an existing computer server room (the "**Server Room**") and certain office area for up to four (4) employees (the "**Office Area**" and together with the Server Room, the "**License Area**"); the employees shall be located in a contiguous area, as further set forth in the License Agreement.

(b)      The term of the Naartjie License to use the Office Area shall commence upon the Lease rejection and termination and shall end on **June 1, 2015**, or on **June 30, 2015** if Tenant notifies Landlord of Tenant's need to extend prior to **June 1, 2015**.

(c)    The term of the Naartjie License to use the Server Room shall commence upon the Lease rejection and termination and shall end upon **August 31, 2015**

(d)    No rent shall be payable by Tenant under the Naartjie License during the License Term.

(e)    Upon expiration of the Naartjie License for the Office Area and Server Area respectively, Naartjie shall vacate the Office Area and Server Area respectively and remove all personal property therein.

**4.    Reimbursement of Rent.**    Upon Lease rejection and termination, Landlord shall reimburse to Tenant the Rent paid under the Lease for April 2015 in the amount of $17,451.20.

**5.    Waiver of Post Rejection Damages**.    Effective and conditioned upon the Lease Rejection and Termination, Landlord waives all rights to file a claim in the Case for damages arising from rejection of the Lease.

**6.    Advanced Comfort License**.    Upon execution of this Agreement, Tenant shall deliver to Advanced Comforts Technologies, Inc., a Utah corporation ("**Advanced Comfort**") a license ("**Advanced Comfort License**") which shall provide as follows:

(a)    Advanced Comfort shall be granted a license to use and occupy a portion of the Premises under the Lease (other than the Naartjie Office Area and Server Area) for office and warehouse purposes as further set forth in the Advanced Comfort License.

(b)    The term of the Advanced Comfort License shall commence on April 3, 2015 and shall end on the date that the Court enters a final Order either approving or denying the Debtor's entry into the Advanced Comfort License agreement.

(c)    No rent shall be payable under the Advanced Comfort License during the Advanced Comfort License term.

**7.    Court Approval**.    Naartjie shall immediately file a motion with the Court to seek approval of the Debtor's entry into this Agreement, the Advanced Comfort License agreement, and the Naartjie License agreement. To the extent that the Court denies the motion seeking approval of the Debtor's entry into those agreements, this Agreement, the Advanced Comfort License agreement, and the Naartjie License agreement, shall be null and void and of no further force and effect.

**8.    Releases**.    Upon obtaining Court approval of the Debtor's execution of this Agreement, to be effective as of the Lease rejection, and except for obligations of Landlord arising out of this Agreement, Tenant on behalf of itself, its principals, shareholders, officers, directors, managers, members, employees and agents (each, a "**Tenant Party**") and each of their respective heirs, legal representatives, successors and assigns, hereby releases, acquits and forever discharges Landlord and its employees and agents, jointly and individually, of and from any and all claims, demands, causes of action, obligations, damages and liabilities, whether known or unknown, which Tenant and/or any Tenant Party has or may hereafter obtain or accrue arising out of the Lease and/or any fact, matter, incident, claim, personal injury, property damage, event, circumstance, happening, occurrence and/or thing of any kind or nature whatsoever which arose or occurred at any time in connection with the Lease, the Premises and/or the Project. Further, upon obtaining Court approval of the Debtor's execution of this Agreement, to be effective as of the Lease rejection, and except for (i) the Surviving Obligations (as defined below) and (ii) obligations of Tenant arising out of this Agreement, Landlord on behalf of itself, its principals, shareholders, officers, directors, managers, members, employees and agents (each, a "**Landlord Party**") and each of their respective heirs, legal representatives, successors and assigns, hereby releases, acquits and forever discharges Tenant and its employees and agents, jointly and individually, of and from any and all claims, demands, causes of action, obligations, damages and liabilities, whether known or unknown, which Landlord and/or any Landlord Party has or may hereafter obtain or accrue arising out of the Lease and/or any fact, matter, incident, claim, personal injury, property damage, event, circumstance, happening, occurrence and/or thing of any kind or nature whatsoever which arose or occurred at any time in connection with the Lease, the Premises and/or the Project. "Surviving Obligations" are Tenant's indemnity and other obligations under the Lease which by their terms survive Lease termination.

9.      **No Brokers**.  No brokers have represented either party in connection with this Agreement.

10.      **Miscelaneous** .  This Agreement shall be governed by the laws of the State of Utah, without regard to conflicts of laws principles.  This Agreement, the Naartjie License and the Advanced Comfort License constitutes the entire agreement between the parties as the subject matter hereof, and supersedes any prior agreements, negotiations and communications, oral or written.  This Agreement may only be amended in writing signed by all parties hereto.   This Agreement may be executed in counterparts, each of which shall be an original document, and all of which together shall constitute a single instrument.  This Agreement shall be binding on and shall inure to the benefit of the parties, their successors and assigns.  In the event that any term, provision, sentence or other portion of this Agreement shall become or is held by any arbitrator or court of competent jurisdiction to be illegal, null or void, or against public policy, for any reason, then the remaining portions of this Agreement shall not be affected thereby and shall remain in force and effect to the full extent permissible by law.  A party shall be in default under this Agreement if it fails cure any default applicable to it hereunder within three (3) days of receipt of written notice from a non-defaulting party.   In the event of any breach by a party of this Agreement, the non-breaching party shall have all rights and remedies available at law or in equity, including specific performance.  In the event any legal action is required to enforce this Agreement, the prevailing party in such action shall be entitled to an award of its reasonable legal fees and costs.

[Signatures on Following Page]

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first above written.

**LANDLORD:**

SVN NOBBS EAST SAHARA, LLC, a Delaware limited liability company, BSMFT WASATCH, LLC, a Utah limited liability company and LM WASATCH, LLC, a Utah limited liability company

By:     SCY Equities, LLC, a California limited liability company, the Owner Representative

By: _____
Name:  Burton Young
Title:  Manager

Date: April ___, 2015

**TENANT:**

NAARTJE CUSTOM KIDS, INC., a Delaware corporation

By: _____
Name: _Jeff Nerland_____
Title: _CRO_____

Date: April 24, 2015

Final Wasatch – Naartje Lease Termination Agreement
4/24/2015.doc

4

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first above written.

**LANDLORD**:

SVN NOBBS EAST SAHARA, LLC, a Delaware limited
liability company, BSMFT WASATCH, LLC, a Utah limited
liability company and LM WASATCH, LLC, a Utah limited
liability company

By:    SCY Equities, LLC, a California limited liability
company, the Owner Representative

By:   _____
Name:  Burton Young
Title:  Manager

Date: April 24, 2015

**TENANT**:

NAARTJE CUSTOM KIDS, INC., a Delaware corporation

By:   _____
Name:  _____
Title:  _____

Date: April ____, 2015

# **EXHIBIT B**

LICENSE AGREEMENT

This License Agreement ("**Agreement**") is made and entered into as of April 24, 2015 by and between SVN NOBBS EAST SAHARA, LLC, a Delaware limited liability company, LM WASATCH, LLC, a Utah limited liability company and BSFMT WASATCH, LLC, a Utah limited liability company, as tenants-in-common ("**Wasatch**" or "**Licensor**"), and NAARTJIE CUSTOM KIDS, INC., a Delaware corporation ("**Naartjie**" or "**Licensee**").

**W I T N E S S E T H :**

A.       Reference is made to that certain building (the "**Building**") known as Building D, 3676 W. California Avenue,  Salt Lake City, Utah 84104.   Wasatch is the owner of the Building.

B.       Naartjie is the tenant under that certain Lease dated April 14, 2011, as amended ("**Lease**"). Pursuant to the Lease, Tenant has leased certain space in the Building currently containing approximately 28,000 rentable square feet known as Suite 100 ("**Premises**").  A portion of the Premises consists of two (2) office spaces, a cubicle area and server room and contains approximately 953 rentable square feet, as more particularly described in Exhibit "A" attached hereto ("**License Area**").

C.       Naartjie filed a voluntary petition commencing a case under Title 11 of the United States Code ("**Bankruptcy Code**") in the United States Bankruptcy Court, District of Utah ("**Court**") on September 12, 2014 as Case No. 14-29666 ("**Case**").

D.       The Lease will be rejected and terminated by Naartjie effective as of the date the Court enters an Order approving Naartjie's entry into both the Lease Rejection Agreement and this Agreement.  The parties desire to enter into this Agreement for the purpose of granting to Naartjie a license to continue to enter into, use and occupy the License Area as more particularly set forth herein below.

NOW, THEREFORE, for and in consideration of the premises contained herein, and other good and valuable consideration paid by the parties, the receipt and sufficiency of which are hereby acknowledged, Wasatch and Naartjie as follows:

1.       **Recitals and Definitions**.  All capitalized terms not otherwise defined in this Agreement shall have the meanings set forth in the Lease.   The parties acknowledge that the Recitals set forth above are true and correct and are incorporated into this Agreement in their entirety by reference.

2.       **License – License Area.**   Wasatch hereby grants to Naartjie a license to enter into, use and occupy the License Area, which consists of a portion of the Premises consisting of an existing computer server room (the "**Server Room**") and certain office area for up to four (4) employees (the "**Office Area**"), as further shown on Exhibit "A", for server room and office purposes, including the right to store personal property therein. Naartjie shall not use or permit the License Area to be used for any purposes prohibited by applicable law. Naartjie shall not commit, suffer or permit any nuisance, waste or damage to the License Area, Premises or the Building. Naartjie shall keep the License Area in neat and orderly condition at all times.

3.       **Term.**  The term of the License for the Office Area ("**Office License Term**") shall commence on the date of Lease rejection and termination and end on **June 1, 2015**, or on **June 30, 2015** if Tenant notifies Landlord of Tenant's need to extend prior to **June 1, 2015** ("**Office License Expiration Date**").   The term of the License for the Server Room ("**Server License Term**" and together with the Office License Term, the "**License Term**") shall commence on the date of Lease rejection and termination and end on August 31, 2015 ("**Server License Expiration Date**").

4.       **Rent and Utilites**.  No rent shall be due for the License Term.  Naartjie is liable to pay for all telephone and cable charges used in the License Area during the License Term.

1

5.  **As-Is Condition**.  Naartjie shall accept the License Area in its as-is, where-is condition, without representation or warranty, subject to all applicable laws and regulations.

6.  **Assignment or Sublease**.  Naartjie shall not, without Wasatch's prior written consent, further assign, transfer or encumber the License or all or any portion of License Area.

7.  **Termination**.  Immediately upon expiration or termination of Naartjie's rights to the Office Area and the Server Room respectively, Naartjie shall completely vacate and surrender the Office Area and the Server Room respectively to Wasatch in the condition in which it was delivered to Naartjie, ordinary wear and tear excepted, broom clean and empty of all personal property and other items placed therein by, through or on behalf of Naartjie.

8.  **Indemnity**.  Naartjie will indemnify, defend and hold Wasatch, its officers, directors, employees, agents, property managers and representatives (each, a "**Wasatch Party**"), harmless for, from and against any claims, costs, suits, liabilities, expenses, losses and actions, including reasonable attorneys' fees (collectively, "**Losses**") arising out of (a) any injury to person or damage to property on or about the License Area, Premises, Building caused by Naartjie or its employees, agents or contractors, (b) Naartjie's use or occupancy of the License Area;  or (c) any breach of this Agreement by Naartjie.  Except to the extent arising from the willful misconduct or gross negligence (also known as wanton and willful negligence) of Wasatch or its employees or agents, Naartjie agrees that Wasatch is not liable for any death or injury to persons, theft or damage to any items or property in the License Area or Building, it being understood that Naartjie is using the License Area at its own risk.

9.  **Insurance**.  Naartjie shall at its expense maintain  insurance coverage insuring against claims, demands or actions for personal injuries or death resulting from the use or occupancy of the License Area by Naartjie, its employees or agents, with limits of not less than One Million Dollars ($1,000,000) any one occurrence, in an aggregate amount of Two Million Dollars ($2,000,000), and for damage to property in an amount of not less than One Million  Dollars ($1,000,000).  Naartjie shall provide a certificate of insurance naming Wasatch as an additional insured.

10.  **Notices**.  All notices or other communications required or permitted hereunder shall be in writing, and shall be either (a) personally delivered, (b) sent by overnight mail (FedEx, DHL, or other reputable overnight carrier service), (c) sent by certified mail, postage prepaid, return receipt requested, or (d) sent by fax during normal business hours (between 9:00 AM to 5:00 PM PST time), with hard copy confirmation mailed; and shall be deemed received upon the earlier of (i) if personally delivered, the date of delivery to the address of the person to receive such notice, (ii) if sent by overnight delivery, upon receipt or refusal to accept delivery, (iii) if mailed, upon receipt or refusal to accept delivery, or (iv) if given by fax, when sent with confirmation of receipt.  The addresses of the parties are as follows:

Wasatch:  18881 Von Karman, Suite 800, Irvine, CA 92612. Fax No: 949-250-4015.

Naartjie:   Suite D-100, 3676 W. California Avenue,  Salt Lake City, Utah 84104.  Fax No. _____.

11.  **Miscellaneous**.   This Agreement shall be governed by the laws of the State of Utah, without regard to conflicts of laws principles.  This Agreement constitutes the entire agreement between the parties as the subject matter hereof, and supersedes any prior agreements, negotiations and communications, oral or written.  This Agreement may only be amended in writing signed by all parties hereto.   This Agreement may be executed in counterparts, each of which shall be an original document, and all of which together shall constitute a single instrument.  This Agreement shall be binding on and shall inure to the benefit of the parties, their successors and assigns.  In the event that any term, provision, sentence or other portion of this Agreement shall become or is held by any arbitrator or court of competent jurisdiction to be illegal, null or void, or against public policy, for any reason, then the remaining portions of this Agreement shall not be affected thereby and shall remain in force and effect to the full extent permissible by law.  A party shall be in default under this Agreement if it fails cure any default applicable to it hereunder within three (3) days of receipt of written notice from a non-defaulting party.  In the event of any breach by a party of this Agreement, the non-breaching party shall have all rights and remedies

available at law or in equity, including specific performance.  In the event any legal action is required to enforce this Agreement, the prevailing party in such action shall be entitled to an award of its reasonable legal fees and costs.

IN WITNESS WHEREOF, the parties hereto have executed this Amendment as of the day and year first above written.

**LICENSOR:**

SVN NOBBS EAST SAHARA, LLC, a Delaware limited liability company, BSMFT WASATCH, LLC, a Utah limited liability company and LM WASATCH, LLC, a Utah limited liability company

By:     SCY Equities, LLC, a California limited liability company, the Owner Representative

      By: _____
      Name:  Burton Young
      Title:  Manager

Date: April _____, 2015


**LICENSEE:**

NAARTJIE CUSTOM KIDS, INC., a Delaware corporation

By: _____
Print Name: _JEFF NERLAND_____
Title: _CRO_____

Date:  April _24_, 2015

IN WITNESS WHEREOF, the parties hereto have executed this Amendment as of the day and year first above written.

**LICENSOR:**

SVN NOBBS EAST SAHARA, LLC, a Delaware limited liability company, BSMFT WASATCH, LLC, a Utah limited liability company and LM WASATCH, LLC, a Utah limited liability company

By:    SCY Equities, LLC, a California limited liability company, the Owner Representative

By:    *Burton Young*
Name: Burton Young
Title: Manager

Date: April 24, 2015


**LICENSEE:**

NAARTJIE CUSTOM KIDS, INC., a Delaware corporation

By: _____
Print Name: _____
Title: _____

Date: April _____, 2015

EXHIBIT "A"

LICENSE AREA



# **EXHIBIT C**

LICENSE AGREEMENT

This License Agreement ("**Agreement**") is made and entered into as of April 24, 2015 by and between NAARTJIE CUSTOM KIDS, INC., a Delaware corporation ("**Naartjie**" or "**Licensor**"), and ADVANCED COMFORT TECHNOLOGIES, INC., a Utah corporation ("**Advanced Comfort**" or "**Licensee**").

## W I T N E S S E T H:

A.      Reference is made to that certain building (the "**Building**") known as Building D, 3676 W. California Avenue,  Salt Lake City, Utah 84104.

B.      Naartjie is the tenant under that certain Lease dated April 14, 2011, as amended ("**Lease**"). Pursuant to the Lease, Tenant has leased certain space in the Building currently containing approximately 28,000 rentable square feet known as Suite 100 ("**Premises**").   A portion of the Premises consists of office space and warehouse space and contains approximately 20,542 rentable square feet, as more particularly described in Exhibit "A" attached hereto ("**License Area**").

C.      Naartjie filed a voluntary petition commencing a case under Title 11 of the United States Code ("**Bankruptcy Code**") in the United States Bankruptcy Court, District of Utah ("**Court**") on September 12, 2014 as Case No. 14-29666 ("**Case**").

D.      The parties desire to enter into this Agreement for the purpose of granting to Advanced Comfort a license to enter into, use and occupy the License Area as more particularly set forth herein below.

NOW, THEREFORE, for and in consideration of the premises contained herein, and other good and valuable consideration paid by the parties, the receipt and sufficiency of which are hereby acknowledged, Naartjie and Advanced Comfort agree as follows:

1.      **Recitals and Definitions**.  All capitalized terms not otherwise defined in this Agreement shall have the meanings set forth in the Lease.   The parties acknowledge that the Recitals set forth above are true and correct and are incorporated into this Agreement in their entirety by reference.

2.      **License – License Area.**   Naartjie hereby grants to Advanced Comfort a license to enter into, use and occupy the License Area for office and warehouse purposes, including the right to make alterations and improvements to the License Area and to store personal property therein.  Advanced Comfort shall not use or permit the License Area to be used for any purposes prohibited by applicable law. Advanced Comfort shall not commit, suffer or permit any nuisance, waste or damage to the License Area, Premises or the Building. Advanced Comfort shall keep the License Area in neat and orderly condition at all times.  Naartjie will continue to use the Office Area and Server Room as shown on Exhibit "A".  Naartjie shall remove all personal property from the Premises (other than property in the Office Area and Server Room) on or before April 27, 2015.

3.      **Term.**  The term of the License for the License Area ("**License Term**") shall commence on April 3, 2015 and end on the date that the Court enters a final Order either approving or denying the Debtor's entry into this Agreement ("**License Expiration Date**").

4.      **Court Approval**.  Naartjie shall immediately file a motion with the Court to seek approval of the Debtor's entry into this Agreement, the Lease Rejection agreement, and the Naartjie License agreement.  To the extent that the Court denies the motion seeking approval of the Debtor's entry into those agreements, this Agreement, the Lease Rejection agreement, and the Naartjie License agreement, shall be null and void and of no further force and effect.

5.      **Rent and Utilites**.  No rent shall be due for the License Term.   Advanced Comfort is liable to pay for all utilities (power, water, gas) used in the Premises during the License Term (other than any cable charges which Naartjie has contracted for in the Premises, which shall remain the liability of Naartjie).

5.      **As-Is Condition**.   Advanced Comfort shall accept the License Area in its as-is, where-is condition, without representation or warranty, subject to all applicable laws and regulations.

6.      **Assignment or Sublease**.   Advanced Comfort shall not, without Naartjie's prior written consent, further assign, transfer or encumber the License or all or any portion of License Area.

7.      **Termination**.   Upon expiration or termination of Advanced Comfort's rights to the License Area, Advanced Comfort shall completely vacate and surrender the License Area to Naartjie in the condition in which it was delivered to Advanced Comfort, ordinary wear and tear excepted, broom clean and empty of all personal property and other items placed therein by, through or on behalf of Advanced Comfort.

8.      **Indemnity**.   Advanced Comfort will indemnify, defend and hold Naartjie,  its officers, directors, employees, agents, property managers and representatives (each, a "Naartjie Party"), harmless for, from and against any claims, costs, suits, liabilities, expenses, losses and actions, including reasonable attorneys' fees (collectively, "Losses") arising out of (a) any injury to person or damage to property on or about the License Area, Premises, Building caused by Advanced Comfort or its employees, agents or contractors, (b) Advanced Comfort's use or occupancy of the License Area;  or (c) any breach of this Agreement by Advanced Comfort.  Except to the extent arising from the willful misconduct or gross negligence (also known as wanton and willful negligence) of Naartjie or its employees or agents, Advanced Comfort agrees that Naartjie is not liable for any death or injury to persons, theft or damage to any items or property in the License Area or Building, it being understood that Advanced Comfort is using the License Area at its own risk.

9**.      Insurance**.    Advanced Comfort shall at its expense maintain  insurance coverage insuring against claims, demands or actions for personal injuries or death resulting from the use or occupancy of the License Area by Advanced Comfort, its employees or agents, with limits of not less than One Million Dollars ($1,000,000) any one occurrence, in an aggregate amount of Two Million Dollars ($2,000,000), and for damage to property in an amount of not less than One Million  Dollars ($1,000,000).   Advanced Comfort shall provide a certificate of insurance naming Naartjie as an additional insured.

10.      **Notices**.   All notices or other communications required or permitted hereunder shall be in writing, and shall be either (a) personally delivered, (b) sent by overnight mail (FedEx, DHL, or other reputable overnight carrier service), (c) sent by certified mail, postage prepaid, return receipt requested, or (d) sent by fax during normal business hours (between 9:00 AM to 5:00 PM PST time), with hard copy confirmation mailed; and shall be deemed received upon the earlier of (i) if personally delivered, the date of delivery to the address of the person to receive such notice, (ii) if sent by overnight delivery, upon receipt or refusal to accept delivery, (iii) if mailed, upon receipt or refusal to accept delivery, or (iv) if given by fax, when sent with confirmation of receipt.  The addresses of the parties are as follows:

Naartjie:   Suite D-100, 3676 W. California Avenue,   Salt Lake City, Utah 84104.  Fax No: _____.

Advanced Comfort:  Suite D-100, 3676 W. California Avenue,  Salt Lake City, Utah 84104.  Fax No. _____.

11.      **Miscellaneous**.    This Agreement shall be governed by the laws of the State of Utah, without regard to conflicts of laws principles.  This Agreement constitutes the entire agreement between the parties as the subject matter hereof, and supersedes any prior agreements, negotiations and communications, oral or written.  This Agreement may only be amended in writing signed by all parties hereto.   This Agreement may be executed in counterparts, each of which shall be an original document, and all of which together shall constitute a single instrument.  This Agreement shall be binding on and shall inure to the benefit of the parties, their successors and assigns.  In the event that any term, provision, sentence or other portion of this Agreement shall become or is held by any arbitrator or court of competent jurisdiction to be illegal, null or void, or against public policy, for any reason, then the remaining portions of this Agreement shall not be affected thereby and shall remain in force and effect to the full extent permissible by law.  A party shall be in default under this Agreement if it fails cure any default applicable to it hereunder within three (3) days of receipt of written notice from a non-defaulting party.  In

the event of any breach by a party of this Agreement, the non-breaching party shall have all rights and remedies available at law or in equity, including specific performance.  In the event any legal action is required to enforce this Agreement, the prevailing party in such action shall be entitled to an award of its reasonable legal fees and costs.

IN WITNESS WHEREOF, the parties hereto have executed this Amendment as of the day and year first above written.

**LICENSOR:**

NAARTJIE CUSTOM KIDS, INC., a Delaware corporation

By: _____
Name: _Jeff Nerland_
Title: _CRO_

Date: April _24_, 2015

**LICENSEE:**

ADVANCED COMFORT TECHNOLOGIES, INC., a Utah corporation

By: _____
Print Name: _____
Title: _____

Date: April _____, 2015

IN WITNESS WHEREOF, the parties hereto have executed this Amendment as of the day and year first above written.

**LICENSOR**:

NAARTJIE CUSTOM KIDS, INC., a Delaware corporation

By: _____
Name: _____
Title: _____

Date: April _____, 2015

**LICENSEE**:

ADVANCED COMFORT TECHNOLOGIES, INC., a Utah corporation

By: _____
Print Name: _____Colin House_____
Title: _____CEO_____

Date: April 24, 2015

EXHIBIT "A"

LICENSE AREA

