Michael R. Johnson, Esq. (A7070)
David H. Leigh, Esq. (A9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  dleigh@rqn.com

Jeffrey N. Pomerantz (CA Bar No. 143717)
Bradford J. Sandler (DE Bar No. 4142)
Teddy M. Kapur (CA Bar No. 242486)
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd. 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email:  jpomerantz@pszjlaw.com
        bsandler@pszjlaw.com
        tkapur@pszjlaw.com

*Attorneys for the Official Committee of
Unsecured Creditors of Naartjie Custom Kids, Inc.*

Annette W. Jarvis (A1649)
Peggy Hunt (A6060)
Michael F. Thomson (A9707)
Jeffrey M. Armington (A14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone:  (801) 933-7360
Facsimile:  (801) 933-7373
Email:  jarvis.annette@dorsey.com
Email:  hunt.peggy@dorsey.com
Email:  thomson.michael@dorsey.com
Email:  armington.jeff@dorsey.com

*Attorneys for Debtor Naartjie Custom
Kids, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>NAARTJIE CUSTOM KIDS, INC.,<br><br><br>                                  Debtor. | **Bankruptcy Case No 14-29666**<br>Chapter 11<br><br>Chief Judge William T. Thurman<br><br>[Filed Electronically] |

**JOINT MOTION OF THE DEBTOR AND OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, PURSUANT TO 11 U.S.C. §§ 105(a), 305(a) AND 349 AND FED. R.
BANKR. P. 1017(a), FOR THE ENTRY OF AN ORDER (A) DISMISSING THE
DEBTOR'S CHAPTER 11 CASE AND (B) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "Debtor") and the

Official Committee of Unsecured Creditors (the "Committee"), by and through their undersigned

counsel, submit this motion (the "Motion"), for entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Dismissal Order"), pursuant to sections 105(a), 305(a) and

349 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1017(a) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) dismissing the Debtor's

chapter 11 case (the "Chapter 11 Case") and (b) granting related relief.  In support of the Motion,

the Debtor and Committee respectfully state as follows:

## PRELIMINARY STATEMENT

1.      The Chapter 11 Case is at a crossroads.  The Debtor, the Committee,

Target Ease International ("Target Ease") and the Secured Noteholders (defined below and

together with the Debtor, the Committee, and Target Ease, the "Settlement Parties") have

discussed the most efficient way to conclude the Chapter 11 Case, minimize administrative fees,

and ensure that the remaining funds are distributed expeditiously and efficiently to creditors.

After carefully considering all alternatives, the Settlement Parties have decided that a dismissal is

the most effective vehicle to achieve these goals.  Confirmation of a plan will require additional

time and will be more expensive — notably incurring increased administrative expenses —

without any concomitant advantage as compared to a dismissal.  Conversion of the Chapter 11

Case to chapter 7 will merely add another layer of administrative expenses and is unnecessary.

Other than a few remaining tasks and the disbursement of funds to creditors there is little to be

done in the Chapter 11 Case.  Potential avoidance actions have been analyzed, and as part of the

Multi-Party Settlement described below, the Settlement Parties agreed that no avoidance actions would be pursued, except to the extent of any avoidance actions against Salus Capital Partners or Victory Park Management LLC or its affiliates.  Similarly, the Debtor has been working on the claims reconciliation process, and aside from a few omnibus objections, the Debtor expects that only a handful of individual claim objections will be necessary in light of the differences between the filed and scheduled claims in comparison to the expected distribution to creditors. Accordingly, a structured dismissal is authorized by the Bankruptcy Code, supported by precedent, and makes the most practical sense given the circumstances of the Chapter 11 Case.

2.      Since the beginning of the Chapter 11 Case, the Debtor and the Committee have focused on selling the Debtor's three primary assets — the clothing and apparel located in the Debtor's 55 stores in the United States, the Debtor's interests in its wholly owned South African subsidiary, ZA One Proprietary Limited ("ZA One"), and the Debtor's intellectual property — in an effort to maximize the value of the Debtor's estate for creditor constituencies.

3.      The Debtor is pleased to report that it has substantially completed these sale efforts.  The Debtor held a Court-approved auction to sell the inventory in its stores in the United States and entered into an agency agreement (the "Agency Agreement") with the professional liquidation firm, Great American, LLC ("Great American"), which generated enough money to pay off the Debtor's senior secured lender, Salus Capital Partners, and provided a surplus that will inure to the benefit of the Debtor's other creditor constituents.  By December 31, 2014, Great American liquidated the inventory in the Debtor's stores in the United

States, and the Debtor and Great American have now completed their reconciliation of the

amounts owed under the Agency Agreement.

4.     The Debtor also has substantially completed the sale of its interests in ZA

One and the Debtor's intellectual property assets to Truworths Limited ("Truworths").  These

sales closed in mid-April 2015.  $2,575,000 of the consideration received from this sale has been

or will be delivered to the Debtor by the end of May, and the remaining $125,000 will remain in

escrow in South Africa pending post-closing tasks related to the wind up and deregistration of

ZA One.

5.     On March 10, 2015, the Court entered an *Order Granting Joint Motion of*

*the Debtor and Official Committee of Unsecured Creditors, Pursuant to Federal Rules of*

*Bankruptcy Procedure 9019, for the Entry of an Order Approving a Settlement with Target Ease*

*International, Mid-America Overseas, Inc. and Secured Noteholders* [Docket No. 424] (the

"Settlement Order"), which approved the Debtor's entry into a settlement with each of its major

creditor constituents on the economic division of the Debtor's assets that paved the way for a

consensual resolution of the Chapter 11 Case.

## JURISDICTION

6.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.     The statutory predicates for the relief sought herein are sections 105(a),

305(a) and 349 of the Bankruptcy Code and Bankruptcy Rule 1017(a).

# BACKGROUND

### A.      General Background

8.      On September 12, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

9.      On September 22, 2014, the United States Trustee appointed the Committee to represent the interests of all unsecured creditors in this case pursuant to section 1102 of the Bankruptcy Code.  The members of the Committee are: (i) Simon Property Group, Inc.; (ii) Target Ease International; (iii) Soxnet, Inc.; (iv) GGP Limited Partnership; (v) Inetz; and (vi) The Macerich Company.

### B.      Sale Efforts

10.      On September 22, 2014, the Debtor filed its *Motion for Orders (I)(A) Authorizing Entry Into Agency Agreement, (B) Authorizing Bid Protections, (C) Authorizing Bidding Procedures and Auction and (D) Scheduling Sale Hearing and Approving Notice Thereof, (II) Authorizing (A) Sale of Assets and (B) Store Closing Sales and (III) Granting Related Relief* [Docket No. 70] (the "GOB Sale Motion").  On October 3, 2014, the Court granted the GOB Sale Motion [Docket No. 132], and Great American liquidated the inventory in the Debtor's retail stores by the end of last year.

11.      On November 21, 2014, the Debtor filed *Debtor's Motion for Order (a) Authorizing Debtor to Exercise its Shareholder Rights in ZA One to Accomplish the Sale of ZA One's Assets, (b) Authorizing Sale of Debtor's Assets and Intellectual Property to Truworths Limited Pursuant to 11 U.S.C. § 363(b) and (f), Subject to Higher and Better Offers to be*

*Solicited at Public Auction, and (c) Granting Related Relief* [Docket No. 265] (the "ZA One and
IP Sale Motion").  On November 25, 2014, the Court granted the ZA One and IP Sale Motion
and approved the sale of the Debtor's interests in ZA One and its intellectual property assets to
Truworths [Docket No. 290].  These sales closed in mid-April 2015.  It is expected that by the
end of May, $2,575,000 of the consideration will have been delivered to the Debtor, and
$125,000 will remain in escrow pending post-closing tasks related to the wind up and
deregistration of ZA One.

12.    On February 23, 2015, the Debtor filed *Debtor's Motion to Sell Property
out of the Ordinary Course of Business, Free and Clear of Interests and Subject to Higher and
Better Offers (I.T. Equipment and Furniture)* [Docket No. 408] (the "I.T. and Furniture Sale
Motion").

13.    On April 3, 2015, the Court granted the sale of the I.T. equipment to Tams
Electronic Recycling [Docket No. 462], and on April 28, 2015, the Court granted the sale of the
Debtor's furniture to Advanced Comfort Technologies, Inc.  [Docket No. 498]  Both sales have
been consummated.

## C.    The Settlement Order

14.    The Settlement Order approved an agreement among the primary
stakeholders in the Chapter 11 Case regarding how the net proceeds of the Debtor's estate should
be distributed (the "Multi-Party Settlement").  The parties (each a "Settlement Party" and
collectively, the "Settlement Parties") to the agreement were the Debtor, the Committee, Target
Ease International ("Target Ease"), Mid-America, Overseas, Inc. ("MAO"), and the "Secured

Noteholders" (collectively comprised of Nogales Investors Fund II, L.P., Zions SBIC, L.L.C.,

Bishop Special Asset Management, LLC, The B. Attitudes Foundation and The Brent L Bishop

Trust under agreement dated February 8, 1995).

      15.    The Term Sheet attached as Exhibit A to the Settlement Order (the

"Settlement Term Sheet") memorialized the following principal terms:

- Payment of Administrative Claims.  All allowed administrative claims against the estate will be satisfied in full, provided, however, that professional fees shall be capped by (i) amounts which were escrowed for payment of professional fees as of December 13, 2014, and (ii) the additional amounts set forth in the Settlement Budget attached to the Settlement Term Sheet.  Notwithstanding the foregoing, there is a mechanism to increase the amount of the Settlement Budget pursuant to either consent of Target Ease and the Secured Noteholders or based upon additional proceeds which may come into the estate.

- Payment of Priority Claims.  Unless otherwise agreed to by the Parties, the estate will pay allowed Priority Claims, not to exceed $382,000, which Priority Claims will be paid in full from cash on hand.

- Payment of MAO Claim. MAO will receive payment of $140,000 in full satisfaction of all of its claims against the estate.

- Creditor Distributions.  Proceeds remaining after payment of administrative claims and priority claims described above will be distributed as follows: (a) 45% to Secured Noteholders; (b) 30.5% to Target Ease; and (c) 24.5% to holders of general unsecured claims (which shall not include any claims of Target Ease).

- Avoidance Actions.  The Debtor and the Committee have investigated potential avoidance actions that have been disclosed on the Debtor's Schedules and have determined that none identified on the Schedules are worth pursuing (other than potential avoidance claims against Target Ease which are being settled and resolved pursuant to the Term Sheet).  Accordingly, no avoidance actions will be pursued, except to the extent of any avoidance actions against Salus Capital Partners or Victory Park Management LLC or its affiliates.

- Release and Exculpation.  The Settlement Structure will include customary release and exculpation provisions.

16.     As a result of the Multi-Party Settlement and the sale efforts, the Debtor

and Committee expect that there will be between $350,000 and $650,000 to distribute to general

unsecured creditors.  Accordingly, the Settlement Parties believe that the costs of drafting a

chapter 11 plan and disclosure statement and confirming a chapter 11 plan, or converting the

Chapter 11 Case to chapter 7 (which would likely cause the estate to incur additional

administrative expenses of approximately $300,000), would significantly deplete returns to

creditors given the limited pool of funds available.

**D.     Bar Dates**

17.     On September 19, 2014, the Court entered its *Notice of Chapter 11*

*Bankruptcy Case, Meeting of Creditors, & Deadlines* (the "Bar Date Notice") [Docket No. 68].

Pursuant to the Bar Date Notice, the Court set January 14, 2015 as the deadline for any person or

entity, other than governmental units, holding a claim or interest against the Debtor that arose or

was deemed to have arisen prior to the Petition Date to file proof of such claim or interest.  In

addition, the Court established March 11, 2015 as the deadline for governmental entities to file

proofs of claim.

18.     On March 26, 2015, the Court entered its *Order Granting Debtor's*

*Motion for Entry of an Order Establishing Administrative Claims Bar Date* [Docket No. 448]

(the "Administrative Claims Bar Date Order").  The Administrative Claims Bar Date Order

established April 20, 2015 as the deadline for parties, other than retained professionals, to file

motions seeking payment of administrative expenses.  Only one motion to allow an

administrative expense claim was filed in response to the Administrative Claims Bar Date Order.

That claimant had previously filed an administrative expense claim and only sought $200 more in its newly filed application for administrative expenses. *See* Docket No. 483. Many other administrative claims were asserted through proofs of claim, however, and any objections to such claims are expected to be handled through an omnibus objection and/or settlement negotiations.

19.    Based upon its claim reconciliation efforts and the claims that have been filed as of the date of this Motion, the Debtor expects that in addition to a few omnibus objections, only a handful of individual claim objections will be required to be filed in light of the differences between the filed and scheduled claims in comparison to the expected distribution to creditors.

## RELIEF REQUESTED

20.    By this Motion, the Debtor and the Committee request entry of an order approving the dismissal of the Chapter 11 Case, pursuant to section 305(a) of the Bankruptcy Code, upon the certification[1] of counsel (the "Certification") that (a) the Debtor has completed its claims reconciliation process, (b) the Debtor has completed the sale of its interests in ZA One and the Debtor's intellectual property to Truworths, and all of the proceeds of the sales due to the Debtor have been transferred to the Debtor's estate, (c) the Debtor has complied with all of the terms and conditions of the Settlement Term Sheet and the Settlement Order, (d) the Debtor has given at least 14 days' notice to all parties listed on the creditor matrix in the Chapter 11 Case of its estimated distribution of funds pursuant to the Settlement Term Sheet, and that objections to

---

[1] The form of Certification is attached hereto as Exhibit B.

the estimated distribution of funds, if any, have been withdrawn, waived, settled or overruled, (e)

all U.S. Trustee fees attributable to the Debtor have been paid in full, and (f) the Court has

entered orders with respect to final fee applications.  The Certification also will attach a

summary of estimated distributions to creditors.

21.     In addition, the Debtor and the Committee request entry of order granting

the Parties customary releases and exculpations provided for in the Settlement Order, as well as

the related relief requested herein.

22.     The Debtor and the Committee have conferred with Target Ease and the

Secured Noteholders about the relief requested herein, and both parties support the Motion.

### BASIS FOR RELIEF

23.     Cause exists to dismiss the Chapter 11 Cases pursuant to section 305(a) of

the Bankruptcy Code, which provides that:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or
> may suspend all proceedings in a case under this title, at any time if—
>
> (1) the interests of creditors and the debtor would be better served by such
> dismissal or suspension;

11 U.S.C. § 305(a).

24.     Dismissal pursuant to section 305(a) is appropriate where the court finds

that both creditors and the debtor would be better served by dismissal.  *See In re AMC Investors,*

*LLC*, 406 B.R. 478, 487-88 (Bankr. D. Del. 2009).  Dismissal under this provision is determined

on a case-by-case basis and rests in the sound discretion of the bankruptcy court.  *See In re Sky*

*Group Intern, Inc.*, 108 B.R. 86, 91 (Bankr. W.D. Pa. 1989).  Many factors are considered when

determining the best interests of creditors and the debtor, including (i) the economy and efficiency of administration, (ii) whether federal proceedings are necessary to reach a just and equitable solution, (iii) whether there is an alternative means of achieving an equitable distribution of assets and (iv) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case. *See AMC Investors*, 406 B.R. at 488.

25.     As described above, cause exists for dismissal.  The Debtor has sold substantially all of its assets and the remaining funds can most efficiently be distributed through a dismissal as opposed to a plan, which would only serve to substantially increase the administrative expenses and threaten and delay recoveries to creditors.  With few remaining assets to administer, conversion to chapter 7 would impose additional administrative costs with no corresponding benefit to the Debtor's creditors.

26.     Notwithstanding section 349 of the Bankruptcy Code, the Debtor and the Committee request that all prior orders of this Court entered in the Chapter 11 Case shall remain in full force and effect and shall survive the dismissal of the Chapter 11 Case.  Such relief has been granted under similar circumstances as set forth in paragraph 27.

27.     Bankruptcy courts around the country have granted requests for dismissals in cases with facts similar to the Chapter 11 Case.  *See e.g.*, *In re Dawahare's of Lexington, LLC*, Case No. 08-51381 (JMS) (Bankr. E.D. Ky. Dec. 30, 2008) [Docket No. 316]; *In re Easy Life Furniture Inc.*, Case No. 14-12713 (CB) (Bankr. C.D. Cal Mar. 23, 2015) [Docket No. 347]; *In re Buffet Partners, L.P. et al.*, Case No. 14-30699 (HH) (Bankr. N.D. Tex. July 24, 2014)

[Docket No. 486]; *In re Coach Am Group Holdings Corp.*, Case No. 12-10010 (KG) (Bankr. D.

Del. May 31, 2013) [Docket No. 1568]; *In re Gas City, Ltd., et al.*, Case No. 10-47879 (ERW)

(Bankr. N.D. Ill. Apr. 26, 2012) [Docket No. 1307].

28.    Finally, the Settlement Term Sheet and the Settlement Order provided that

the exit strategy in the Chapter 11 Case would include customary release and exculpation

provisions.  Accordingly, the Debtor and the Committee request approval of the following

releases and exculpations in the Dismissal Order:

- Other than as provided for in the Settlement Order, the Debtor, the Committee, Target Ease International, Mid-America, Overseas, Inc., and the Secured Noteholders, and their employees, agents, and owners, each hereby waive, withdraw, release, remise, forgive, acquit, settle, compromise and forever discharge any and all claims, demands, debts, liabilities, contracts, obligations, accounts, torts, causes of action, or claims for relief of whatever kind or nature that they may have against the other and its employees, agents, and owners, based on any grounds (including, but not limited to tort and breach of contract), whether known or unknown, suspected or unsuspected, or liquidated or unliquidated (the "Release"), provided however, that the Release granted by the Committee is solely with respect to claims that the Committee has in its representative capacity for the Debtor's estate and not with respect to claims held by individual members of the Committee.  Furthermore, the Settlement Parties expressly waive any and all rights and benefits they may have under the provisions of Section 1542 of the California Civil Code and under any similar provision of statutory or non-statutory law of California or any other jurisdiction.  Section 1542 of the California Civil Code provides as follows:  A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

- The Debtor, the Committee, the members of the Committee (solely in their capacities as such) and their staff, shareholders, legal representatives, attorneys, accountants, financial advisors, administrators, partners, guarantors, investors, trustees, parents, successors, assigns, managers, affiliates, employees, members, contractors, consultants, agents, officers and directors (collectively, the "Case Participants"), shall neither have nor incur any liability to any person or Party for any act taken or omitted to be taken on and after the Petition Date in connection with or directly or indirectly related to the Debtor, the Chapter 11 Case, any assets, and any appeals of judgments or orders of the Bankruptcy Court during the Chapter 11 Case, except only for actions

or omissions to act to the extent determined by a Final Order of the Bankruptcy Court
to be due to such Case Participant's own respective fraud, gross negligence or willful
misconduct.  Nothing herein shall be construed as a release of or waiver of any claim
that arose or is deemed to have arisen prior to the Petition Date against the Debtor by
any party.

29.     The inclusion of these provisions was a key component of the Multi-Party

Settlement.  These provisions have been approved by Target Ease and the Secured Noteholders,

and the Debtor and the Committee submit that these are standard release and exculpation

provisions.  The first provision is a customary mutual release solely among the Settlement

Parties that was provided in consideration for the concessions memorialized in the Multi-Party

Settlement.  The second provision is a standard exculpatory release that is limited to estate

fiduciaries with respect to postpetition conduct related to the Chapter 11 Case, and no releases

are provided for fraud, gross negligence or willful misconduct.  The exculpatory release is

"sufficiently narrow to be unexceptionable."  *In re Oneida Ltd.*, 351 B.R. 79, 94 n.22 (Bankr.

S.D.N.Y. 2006); *see In re Enron Corp.*, 326 B.R. 497, 504 (S.D.N.Y. 2005); *In re Recticel N.*

*Am.*, Inc., 2010 Bankr. LEXIS 5825 (Bankr. E.D. Mich. Apr. 9, 2010).  Both of these provisions

follow the Court's Settlement Order, which approved the inclusion of customary release and

exculpation provisions in the structured dismissal or plan of liquidation.  The Multi-Party

Settlement was approved without any objection having been filed to these provisions by any

party in the Chapter 11 Case.

30.     Moreover, these types of releases have been granted by bankruptcy courts

in the U.S. Court of Appeals for the Sixth Circuit in circumstances similar to this Chapter 11

Case.  For instance, in the chapter 11 bankruptcy case of Dawahare's of Lexington, LLC, the

debtor, creditors' committee and lender reached a global settlement that facilitated the dismissal

of the case.  The order of dismissal affirmed the mutual release among the settling parties and

authorized an exclulpatory release for the benefit of the debtor, the creditors' committee and

their professionals.  *See In re Dawahare's of Lexington, LLC*, Case No. 08-51381 (JMS) (Bankr.

E.D. Ky. Dec. 30, 2008) [Docket No. 316].

## CONCLUSION

WHEREFORE, the Debtor and the Committee respectfully request entry of an

order, substantially in the form attached hereto, granting the relief requested herein and such

other and further relief as this Court deems just and proper.

DATED this 8th day of May, 2015.

**DORSEY & WHITNEY LLP**

/s/ *Jeffrey M. Armington*
Annette W. Jarvis
Peggy Hunt
Michael F. Thomson
Jeffrey M. Armington
*Counsel for the Debtor Naartjie Custom Kids,
Inc.*

**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd. 13th Floor
Los Angeles, CA 90067

--and--

**RAY QUINNEY & NEBEKER P.C.**

/s/ *Michael R. Johnson*
Michael R. Johnson
David H. Leigh
*Counsel for the Official Committee of
Unsecured Creditors*

# EXHIBIT A

**(Proposed Order)**

DOCS_LA:288583.1 59681/002

Michael R. Johnson, Esq. (A7070)
David H. Leigh, Esq. (A9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  dleigh@rqn.com

Jeffrey N. Pomerantz (CA Bar No. 143717)
Bradford J. Sandler (DE Bar No. 4142)
Teddy M. Kapur (CA Bar No. 242486)
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd. 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email:  jpomerantz@pszjlaw.com
        bsandler@pszjlaw.com
        tkapur@pszjlaw.com

*Attorneys for the Official Committee of
Unsecured Creditors of Naartjie Custom Kids, Inc.*

Annette W. Jarvis (A1649)
Peggy Hunt (A6060)
Michael F. Thomson (A9707)
Jeffrey M. Armington (A14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone:  (801) 933-7360
Facsimile:  (801) 933-7373
Email:  jarvis.annette@dorsey.com
Email:  hunt.peggy@dorsey.com
Email:  thomson.michael@dorsey.com
Email:  armington.jeff@dorsey.com

*Attorneys for Debtor Naartjie Custom
Kids, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>NAARTJIE CUSTOM KIDS, INC.,<br><br><br>Debtor. | **Bankruptcy Case No 14-29666**<br>Chapter 11<br><br>Chief Judge William T. Thurman<br><br>[Filed Electronically] |

**ORDER GRANTING JOINT MOTION OF THE DEBTOR AND OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO 11 U.S.C. §§ 105(a),
305(a) AND 349 AND FED. R. BANKR. P. 1017(a), FOR THE ENTRY OF AN ORDER
(A) DISMISSING THE DEBTOR'S CHAPTER 11 CASE AND
(B) GRANTING RELATED RELIEF**

Upon consideration of the *Joint Motion of the Debtor and Official Committee of Unsecured Creditors, Pursuant to 11 U.S.C. §§ 105(a), 305(a) and 349 and Fed. R. Bankr. P. 1017(a), For the Entry of An Order (a) Dismissing the Debtor's Chapter 11 Case and (b) Granting Related Relief* (the "Motion")[1], filed by Naartjie Custom Kids, Inc., the debtor-in-possession (the "Debtor") in the above-entitled case and the Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 Case seeking entry of an order, pursuant to sections 105(a), 305(a), and 349 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), dismissing the Debtor's Chapter 11 Case and granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having considered the Motion, and the arguments of counsel made, and the evidence adduced, at the hearing on the Motion; and it appearing that the legal and factual bases set forth in the Motion constitute just cause for the relief granted herein; and it appearing that the relief requested by the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby,

### ORDERED, ADJUDGED AND DECREED that:

1.      The Motion is GRANTED as set forth herein.

---

[1] Capitalized terms not defined herein shall have the meanings used in the Motion.

2.      All objections to the Motion or the relief requested therein that have not

been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled

on the merits and denied with prejudice.

3.      The Chapter 11 Case shall be dismissed upon a Certification that (a) the

Debtor has completed its claims reconciliation process, (b) the Debtor has completed the sale of

its interests in ZA One and the Debtor's intellectual property to Truworths, and all of the

proceeds of the sales due to the Debtor  have been transferred to the Debtor's estate, (c) the

Debtor has complied with all of the terms and conditions of the Settlement Term Sheet and the

Settlement Order, (d) the Debtor has given at least 14 days' notice to all parties listed on the

creditor matrix in the Chapter 11 Case of its estimated distribution of funds pursuant to the

Settlement Term Sheet, and that objections to the estimated distribution of funds, if any, have

been withdrawn, waived, settled or overruled, (e) all U.S. Trustee fees attributable to the Debtor

have been paid in full, and (f) the Court has entered orders with respect to final fee applications.

4.      The Certification shall attach a summary of estimated distributions to

creditors.

5.      Notwithstanding section 349 of the Bankruptcy Code, all prior Orders of

this Court entered in the Chapter 11 Case, and all terms of this Order including the releases and

exculpation clauses in Paragraphs 6 and 7 herein, shall remain in full force and effect and shall

survive the dismissal of the Chapter 11 Case.

6.      Other than as provided for in the Settlement Order, the Debtor, the

Committee, Target Ease International, Mid-America, Overseas, Inc., and the Secured

Noteholders, and their employees, agents, and owners (collectively, the "Settlement Parties"),

each hereby waive, withdraw, release, remise, forgive, acquit, settle, compromise and forever

discharge any and all claims, demands, debts, liabilities, contracts, obligations, accounts, torts,

causes of action, or claims for relief of whatever kind or nature that they may have against the

other and its employees, agents, and owners, based on any grounds (including, but not limited to

tort and breach of contract), whether known or unknown, suspected or unsuspected, or liquidated

or unliquidated (the "Release"), provided however, that the Release granted by the Committee is

solely with respect to claims that the Committee has in its representative capacity for the

Debtor's estate and not with respect to claims held by individual members of the Committee.

Furthermore, the Settlement Parties expressly waive any and all rights and benefits they may

have under the provisions of Section 1542 of the California Civil Code and under any similar

provision of statutory or non-statutory law of California or any other jurisdiction.  Section 1542

of the California Civil Code provides as follows:  A GENERAL RELEASE DOES NOT

EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO

EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH

IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER

SETTLEMENT WITH THE DEBTOR.

       7.     The Debtor, the Committee, the members of the Committee (solely in their

capacities as such) and their staff, shareholders, legal representatives, attorneys, accountants,

financial advisors, administrators, partners, guarantors, investors, trustees, parents, successors,

assigns, managers, affiliates, employees, members, contractors, consultants, agents, officers and

directors (collectively, the "Case Participants"), shall neither have nor incur any liability to any person or Party for any act taken or omitted to be taken on and after the Petition Date in connection with or directly or indirectly related to the Debtor, the Chapter 11 Case, any assets, and any appeals of judgments or orders of the Bankruptcy Court during the Chapter 11 Case, except only for actions or omissions to act to the extent determined by a Final Order of the Bankruptcy Court to be due to such Case Participant's own respective fraud, gross negligence or willful misconduct.  Nothing herein shall be construed as a release of or waiver of any claim that arose or is deemed to have arisen prior to the Petition Date against the Debtor by any party.

8.     Notwithstanding anything contained in their respective organizational documents to the contrary, the Debtor is authorized, but not directed, to take such actions and expend such funds as may be necessary or appropriate to wind up and/or dissolve as corporate entities under applicable state law, after performance of the terms contained in the Settlement Term Sheet, without the approval of, or any further action by, a board of directors, shareholders or any other party.  The authorized representative of the Debtor, either Glenn Wood or Jeff Nerland, is hereby authorized to file, as and when such representative determines to do so, with any necessary state entities, a copy of this Order and such other documents as may be necessary to effect such winding up or dissolution.

9.     Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of the Order shall be immediately effective and enforceable upon its entry, and the Debtor and the Committee shall be, and hereby are, authorized to make distributions pursuant to

the terms contained in the Settlement Term Sheet and take such other actions as are necessary and appropriate to effectuate the terms of this Order.

10.     Notwithstanding the entry of any order dismissing the Chapter 11 Case of the Debtor, the Court shall retain jurisdiction to review and approve the fees and expenses of the Debtor's and the Committee's professionals.

11.     The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the interpretation or implementation of this Order and any other order of the Court entered in the Chapter 11 Case.

**-----------------------END OF ORDER----------------------**

# **EXHIBIT B**

## **(Proposed Certification)**

Michael R. Johnson, Esq. (A7070)
David H. Leigh, Esq. (A9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  dleigh@rqn.com

Jeffrey N. Pomerantz (CA Bar No. 143717)
Bradford J. Sandler (DE Bar No. 4142)
Teddy M. Kapur (CA Bar No. 242486)
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd. 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760
Email:  jpomerantz@pszjlaw.com
        bsandler@pszjlaw.com
        tkapur@pszjlaw.com

*Attorneys for the Official Committee of
Unsecured Creditors of Naartjie Custom Kids, Inc.*

Annette W. Jarvis (A1649)
Peggy Hunt (A6060)
Michael F. Thomson (A9707)
Jeffrey M. Armington (A14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone:  (801) 933-7360
Facsimile:  (801) 933-7373
Email:  jarvis.annette@dorsey.com
Email:  hunt.peggy@dorsey.com
Email:  thomson.michael@dorsey.com
Email:  armington.jeff@dorsey.com

*Attorneys for Debtor Naartjie Custom
Kids, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>NAARTJIE CUSTOM KIDS, INC.,<br><br><br>Debtor. | **Bankruptcy Case No 14-29666**<br>Chapter 11<br><br>Chief Judge William T. Thurman<br><br>[Filed Electronically] |

**CERTIFICATION OF COUNSEL AND REQUEST FOR
ENTRY OF AN ORDER DISMISSING CHAPTER 11 CASE**

Pursuant to the *Order Granting Joint Motion of the Debtor and Official Committee of Unsecured Creditors, Pursuant to 11 U.S.C. §§ 105(a), 305(a) and 349 and Fed. R. Bankr. P. 1017(a), For the Entry of An Order (a) Dismissing the Debtor's Chapter 11 Case and (b) Granting Related* Relief, entered on _____, 2015 [Docket No. ___] (the "Approval Order"), the undersigned counsel for the above-captioned debtor and debtor in possession (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee") hereby certify as follows:

1.     The Approval Order, among other things, authorizes the dismissal of the Debtor's Chapter 11 Case[1] upon certification that (a) the Debtor has completed its claims reconciliation process, (b) the Debtor has completed the sale of its interests in ZA One and the Debtor's intellectual property to Truworths, and all of the proceeds of the sale have been transferred to the Debtor's estate, (c) the Debtor has complied with all of the terms and conditions of the Settlement Term Sheet and the Settlement Order, (d) the Debtor has given at least 14 days' notice to all parties listed on the creditor matrix in the Chapter 11 Case of its estimated distribution of funds to creditors pursuant to the Settlement Term Sheet, and objections to the estimated distribution of funds, if any, have been withdrawn, waived, settled or overruled, (e) all U.S. Trustee fees attributable to the Debtor have been paid in full, and (f) the Court has entered orders with respect to final fee applications.

---

[1] Capitalized terms not defined herein shall have the meanings used in the *Joint Motion of the Debtor and Official Committee of Unsecured Creditors, Pursuant to 11 U.S.C. §§ 105(a), 305(a) and 349 and Fed. R. Bankr. P. 1017(a), For the Entry of An Order (a) Dismissing the Debtor's Chapter 11 Case and (b) Granting Related Relief*.

2.      The Debtor and Committee certify that (a) the Debtor has confirmed that the claims reconciliation process is complete, (b) the Debtor has completed the sale of its interests in ZA One and the Debtor's intellectual property to Truworths, and all of the proceeds of the sales due to the Debtor have been transferred to the Debtor's estate, (c) the Debtor has confirmed that it has complied with all of the terms and conditions of the Settlement Term Sheet and the Settlement Order, (d) the Debtor has given at least 14 days' notice to all parties listed on the creditor matrix in the Chapter 11 Case of its estimated distribution of funds to creditors pursuant to the Settlement Term Sheet, and objections to the estimated distribution of funds, if any, have been withdrawn, waived, settled or overruled, (e) to the best of the Debtor's and the Committee's knowledge, all U.S. Trustee fees attributable to the Debtor have been paid in full, and (f) the Court has entered orders with respect to final fee applications.

3.      The Approval Order also called for the Certification to include a summary of estimated distributions to creditors.  Attached hereto as <u>Exhibit 1</u> is a summary of estimated distributions to creditors that was served on all parties listed on the creditor matrix in the Chapter 11 Case.

4.      Accordingly, pursuant to the terms of the Approval Order, it is respectfully requested that the Court enter the Order dismissing the Chapter 11 Case at its earliest convenience.

DATED this ___ day of _____.          **DORSEY & WHITNEY LLP**

_____
Annette W. Jarvis
Peggy Hunt
Michael F. Thomson
Jeffrey M. Armington

*Counsel for the Debtor Naartjie Custom Kids,
Inc.*


**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd. 13th Floor
Los Angeles, CA 90067

--and--

**RAY QUINNEY & NEBEKER P.C.**


_____
Michael R. Johnson
David H. Leigh
*Counsel for the Official Committee of
Unsecured Creditors*