**This order is SIGNED.**





**Dated: July 17, 2015**

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

*eeo*

*Prepared and submitted by:*
Michael R. Johnson, Esq. (A7070)
David H. Leigh, Esq. (A9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543

Jeffrey N. Pomerantz (CA Bar No. 143717)
Bradford J. Sandler (DE Bar No. 4142)
Teddy M. Kapur (CA Bar No. 242486)
**PACHULSKI STANG ZIEHL & JONES LLP**
10100 Santa Monica Blvd. 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

*Attorneys for the Committee*

Annette W. Jarvis (A1649)
Peggy Hunt (A6060)
Michael F. Thomson (A9707)
Jeffrey M. Armington (A14050)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone:  (801) 933-7360
Facsimile:  (801) 933-7373

*Attorneys for Debtor*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>NAARTJIE CUSTOM KIDS, INC.,<br><br><br>Debtor. | **Bankruptcy Case No 14-29666**<br>Chapter 11<br><br>Chief Judge William T. Thurman<br><br>[Filed Electronically] |

**ORDER GRANTING JOINT MOTION OF THE DEBTOR AND OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO 11 U.S.C. §§ 105(a),
305(a) AND 349 AND FED. R. BANKR. P. 1017(a), FOR THE ENTRY OF AN ORDER
(A) DISMISSING THE DEBTOR'S CHAPTER 11 CASE AND
(B) GRANTING RELATED RELIEF**

Upon consideration of the *Joint Motion of the Debtor and Official Committee of Unsecured Creditors, Pursuant to 11 U.S.C. §§ 105(a), 305(a) and 349 and Fed. R. Bankr. P. 1017(a), For the Entry of An Order (a) Dismissing the Debtor's Chapter 11 Case and (b) Granting Related Relief* (the "Motion")[1], filed by Naartjie Custom Kids, Inc., the debtor-in-possession (the "Debtor") in the above-entitled case and the Official Committee of Unsecured Creditors (the "Committee") appointed in the Chapter 11 Case seeking entry of an order, pursuant to sections 105(a), 305(a), and 349 of title 11 of the United States Code (the "Bankruptcy Code") and rule 1017(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), dismissing the Debtor's Chapter 11 Case and granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having considered the Motion, and the arguments of counsel made, and the evidence adduced, at the hearing on the Motion; and it appearing that the legal and factual bases set forth in the Motion constitute just cause for the relief granted herein; and it appearing that the relief requested by the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and based on the findings of fact and conclusions of law set forth in the Court's *Memorandum Decision* [Docket No. 563]; and good and sufficient cause appearing therefor, it is hereby,

## ORDERED, ADJUDGED AND DECREED that:

1.      The Motion is GRANTED as set forth herein.

---

[1] Capitalized terms not defined herein shall have the meanings used in the Motion.

2.      All objections to the Motion or the relief requested therein that have not

been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled

on the merits and denied with prejudice.

3.      The Chapter 11 Case shall be dismissed upon a Certification that (a) the

Debtor has completed its claims reconciliation process, (b) the Debtor has completed the sale of

its interests in ZA One and the Debtor's intellectual property to Truworths, and all of the

proceeds of the sales due to the Debtor  have been transferred to the Debtor's estate, (c) the

Debtor has complied with all of the terms and conditions of the Settlement Term Sheet and the

Settlement Order, (d) the Debtor has given at least 14 days' notice to all parties listed on the

creditor matrix in the Chapter 11 Case of its estimated distribution of funds pursuant to the

Settlement Term Sheet, and that objections to the estimated distribution of funds, if any, have

been withdrawn, waived, settled or overruled, (e) all U.S. Trustee fees attributable to the Debtor

have been paid in full, and (f) the Court has entered orders with respect to final fee applications.

4.      The Certification shall attach a summary of estimated distributions to

creditors.

5.      Notwithstanding section 349 of the Bankruptcy Code, all prior Orders of

this Court entered in the Chapter 11 Case, and all terms of this Order including the releases and

exculpation clauses in Paragraphs 6 and 7 herein, shall remain in full force and effect and shall

survive the dismissal of the Chapter 11 Case.

6.      For the avoidance of doubt, proof of claim number 211 in the amount of

$116,838.59 filed by U.S. Customs and Border Protection ("U.S. Customs Claim") shall be

deemed an allowed Priority Claim and such allowed Priority Claim shall be paid in full pursuant

to the "Creditor Distributions" section of the Settlement Term Sheet.  The Settlement Term

Sheet's reference to payment of allowed Priority Claims in an amount "not to exceed $382,000"

shall not prevent the Debtor from paying the U.S. Customs Claim in full.

7.     Other than as provided for in the Settlement Order, the Debtor, the

Committee, Target Ease International, Mid-America, Overseas, Inc., and the Secured

Noteholders, and their employees, agents, and owners (collectively, the "Settlement Parties"),

each hereby waive, withdraw, release, remise, forgive, acquit, settle, compromise and forever

discharge any and all claims, demands, debts, liabilities, contracts, obligations, accounts, torts,

causes of action, or claims for relief of whatever kind or nature that they may have against the

other and its employees, agents, and owners, based on any grounds (including, but not limited to

tort and breach of contract), whether known or unknown, suspected or unsuspected, or liquidated

or unliquidated (the "Release"), provided however, that the Release granted by the Committee is

solely with respect to claims that the Committee has in its representative capacity for the

Debtor's estate and not with respect to claims held by individual members of the Committee.

Furthermore, the Settlement Parties expressly waive any and all rights and benefits they may

have under the provisions of Section 1542 of the California Civil Code and under any similar

provision of statutory or non-statutory law of California or any other jurisdiction.  Section 1542

of the California Civil Code provides as follows:  A GENERAL RELEASE DOES NOT

EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO

EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH

IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER

SETTLEMENT WITH THE DEBTOR.

       8.     The Debtor, the Committee, the members of the Committee (solely in their

capacities as such) and their staff, shareholders, legal representatives, attorneys, accountants,

financial advisors, administrators, partners, guarantors, investors, trustees, parents, successors,

assigns, managers, affiliates, employees, members, contractors, consultants, agents, officers and

directors (collectively, the "Case Participants"), shall neither have nor incur any liability to any

person or Party for any act taken or omitted to be taken on and after the Petition Date in

connection with or directly or indirectly related to the Debtor, the Chapter 11 Case, any assets,

and any appeals of judgments or orders of the Bankruptcy Court during the Chapter 11 Case,

except only for actions or omissions to act to the extent determined by a Final Order of the

Bankruptcy Court to be due to such Case Participant's own respective fraud, gross negligence or

willful misconduct.  Nothing herein shall be construed as a release of or waiver of any claim that

arose or is deemed to have arisen prior to the Petition Date against the Debtor by any party.

       9.     Notwithstanding anything contained in their respective organizational

documents to the contrary, the Debtor is authorized, but not directed, to take such actions and

expend such funds as may be necessary or appropriate to wind up and/or dissolve as corporate

entities under applicable state law, after performance of the terms contained in the Settlement

Term Sheet, without the approval of, or any further action by, a board of directors, shareholders

or any other party.  The authorized representative of the Debtor, either Glenn Wood or Jeff

Nerland, is hereby authorized to file, as and when such representative determines to do so, with

any necessary state entities, a copy of this Order and such other documents as may be necessary to effect such winding up or dissolution.

10.     Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of the Order shall be immediately effective and enforceable upon its entry, and the Debtor and the Committee shall be, and hereby are, authorized to make distributions pursuant to the terms contained in the Settlement Term Sheet and take such other actions as are necessary and appropriate to effectuate the terms of this Order.

11.     Notwithstanding the entry of any order dismissing the Chapter 11 Case of the Debtor, the Court shall retain jurisdiction to review and approve the fees and expenses of the Debtor's and the Committee's professionals.

12.     The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the interpretation or implementation of this Order and any other order of the Court entered in the Chapter 11 Case.

-----------------------END OF ORDER-----------------------

**DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing Order shall be served to the parties in the manner designated below:

**By Electronic Service**:  I certify that the parties of record in this case, as identified below, are registered CM/ECF users in this bankruptcy case.

- Jeffrey M Armington    armington.jeff@dorsey.com, long.candy@dorsey.com;ventrello.ashley@dorsey.com
- Darwin H. Bingham    dbingham@scalleyreading.net, cat@scalleyreading.net
- Dustin P. Branch    dustin.branch@kattenlaw.com, donna.carolo@kattenlaw.com;lora.anderson@kattenlaw.com
- Mona Lyman Burton    mburton@hollandhart.com, ckelly@hollandhart.com;intaketeam@hollandhart.com;slclitdocket@hollandhart.com
- Kenneth L. Cannon    kcannon@djplaw.com, khughes@djplaw.com
- Andrew S. Conway    Aconway@taubman.com
- Joseph M.R. Covey    calendar@parrbrown.com
- Tim Dance    tdance@swlaw.com, docket_slc@swlaw.com;snielsen@swlaw.com
- Bonnie Glantz Fatell    fatell@blankrome.com
- J. Gregory Hardman    ghardman@snowjensen.com
- Tyler M. Hawkins    hawkinst@ballardspahr.com, saltlakedocketclerk@ballardspahr.com;lawsont@ballardspahr.com
- Annette W. Jarvis    jarvis.annette@dorsey.com, smith.ron@dorsey.com;slc.lit@dorsey.com;lalor.carol@dorsey.com;posada.monica@dorsey.com
- Michael R. Johnson    mjohnson@rqn.com, docket@rqn.com
- Teddy M. Kapur    tkapur@pszjlaw.com
- Peter J. Kuhn tr    Peter.J.Kuhn@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Bria E LaSalle Mertens    blmertens@stoel.com, docketclerk@stoel.com
- Frank A. Merola    fmerola@stroock.com, cgabriel@stroock.com;morozco@stroock.com;mmagzamen@stroock.com;ssiegel@stroock.com;dmohamed@stroock.com
- John T. Morgan tr    john.t.morgan@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- David L. Pollack    pollack@ballardspahr.com
- Jeffrey N. Pomerantz    jpomerantz@pszjlaw.com
- Robert S. Prince    rprince@kmclaw.com, squilter@kmclaw.com
- Brian M. Rothschild    brothschild@parsonsbehle.com, ecf@parsonsbehle.com
- Bradford J. Sandler    bsandler@pszjlaw.com
- Engels Tejeda    ejtejeda@hollandhart.com, tjones@hollandhart.com,slclitdocket@hollandhart.com,intaketeam@hollandhart.com
- Michael F. Thomson    thomson.michael@dorsey.com, montoya.michelle@dorsey.com;ventrello.ashley@dorsey.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

- Gale K. x6Francis    txbk13@utah.gov

**By U.S. Mail** – In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice:

Thomas W. Daniels
1265 Scottsville Road
Rochester, NY 14624

Tara L. Grundemeier
4828 Loop Central Dr., Suite 600
Houston, TX 77081

Hogan Lovells
22 Fredman Drive
PO Box 78333
DX 7 Sandton Square
Sandton , Johannesburg,

James A. McGuire
13517 South Bridle Gate Lane
Draper, UT 84020

Tammy Jones (pro se) Oklahoma County Treasurer
320 Robert S. Kerr, Room 307
Oklahoma City, OK 73102

Ronald M. Tucker
225 West Washington Street
Indianapolis, IN 46204

Jeffery C. Wisler
Connolly Gallagher LLP
1000 West Street, Suite 1400
Wilmington, DE 19081

Jeffrey M. Wolf
Greenberg Traurig
One International Place
Boston, MA 02111

*/s/ Jeffrey M. Armington*